Letecia Stauch
_____
Name

815 SE Rice Rd (TCF)
_____

Topeka, KS 66607
_____
Address

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Letecia Stauch, Plantiff
*(Full Name)*

V.

Kansas Dept. of, Defendant (s)
Corrections - Secretary Jeff
Zmuda, et. al

CASE NO. 24-3027-JWL
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

### A. JURISDICTION

1) Letecia Stauch , is a citizen of Kansas
   *(Plaintiff)*                              *(State)*

who presently resides at Topeka Correctional 815 SE Rice Rd
                          *(Mailing address or place*

Topeka, Kansas                             .
*of confinement.)*

2) Defendant Kansas Dept. of Corrections
             *(Name of first defendant)*
             Secretary-Jeff ZMUDA

Topeka, Kansas , and is employed as
*(City, State)*

(State receiving the TCC) At the time the
*(Position and title, if any)*

claim(s) alleged in this complaint arose, was this defendant acting under the color of state

law? Yes ☑ No ☐ . If your answer is "Yes", briefly explain:

Rights have been violated by a state or
local official and includes those working for
the state in the prison system.

1

XE-2 8/82          CIVIL RIGHTS COMPLAINT §1983

3) Defendant __Darcie Holthaus__ is a citizen of
_(Name of second defendant)_

__Topeka, Kansas__ , and is employed as
_(City, state)_

__Secretary of Corrections - Designee__ At the time the
_(Position and title, if any)_   and Interstate Corrections Compact Coordinator

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law? Yes ☑ No ☐ . If your answer is "Yes", briefly explain:

Works for the prison system or some other
part of state or city government

(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to

assert jurisdiction under different or additional statutes, you may list them below.)

- In addition to those listed above, jurisdiction is under
KSA 76-3001 76-3002, and 76-3003 of the Interstate Compact.
- 28 CFR Part 15

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

Comes now, Letecia Stauch, the petitioner, pro se and
respectfully represents that she is unlawfully deprived of her
Liberties at Topeka Correctional Facility in Kansas. Plantiff
is housed at TCF on an interstate corrections compact between
the state of Kansas and the state of Colorado pursuant
to K.S.A 76-3002, Art. 1 and Art. 4 in which Kansas Correction
Department is an agent in the Interstate Corrections
Compact and is violating the plantiff's civil rights
and illegally detaining her in the state of Kansas. 2

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been

   violated and that the following facts form the basis for my allegations: (If necessary you

   may attach up to two additional pages (8h" x 11") to explain any allegation or to list

   additional supporting facts.)

A) (1) Count I: First Amendment - Right to Access the Courts and First Amendment Free Speech right to talk to a lawyer. Also 1st Amend. free exercise to include 14th and Suspect Classification for

(2) Supporting Facts: (Include all facts you consider important, including names of *free exercise*

persons involved, places and dates. Describe exactly how each defendant is involved.

State the facts clearly in your own words without citing legal authority or argument.):

Denying access to the Colorado Courts, Criminal appeals, inadequate law library blocking habeas corpus, interfering with a legal claim, denying access to Kansas Courts, and interfering with legal documents.

B) (1) Count II: 8th - Amendment - Right to be free from Cruel and Unusual Punishment

(2) Supporting Facts: Sexual Harassment and abuse from Defendant #5, deliberate indifference from Prison Officials, and prison policy for PREA. Knowing the risk of being around Institutional violent offenders, housing me with the individual who took the life of a family member and physical injury by staff w/o proper Medical care. (See Attachments)

XE-2 8/82

C) (1) Count III: Right to Due Process of Law under the 14th and 5th Amendment

(2) Supporting Facts: ICE blocked access to electronic grievances in progress, the right to be free from discrimination "Suspect Class", and failure to follow equal protection and similarly situated. Suspect class - female     (see attachments)

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?

Yes ☐  No ☑ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.) Never filed lawsuit against

a) Parties to previous lawsuit: a prison or in the

Plaintiffs: _____ State of Kansas

Defendants: _____

b) Name of court and docket number _____

_____

c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

_____

d) Issues raised _____

_____

e) Approximate date of filing lawsuit _____

f) Approximate date of disposition _____

1) I have previously sought informal or formal relief from the appropriate administrative

officials regarding the acts complained of in Part C Yes ☑ No ☐. If your answer is

"Yes", briefly describe how relief was sought and the results. If you answer is "No",

briefly explain why administrative relief was not sought.

I have exhausted all remedies through KDOC grievance process and have mailed Colorado DOC several times. I also filed a habeas Corpus in a Kansas District Court saying I am illegally detained in Kansas due to Civil Rights violations.

2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

Injunctive relief- To revoke the Interstate Corrections Compact to prevent violations in the future. Compensatory Damages- for Sexual abuse, physical damage to hand, filing fees, mental deterioation, and continued pain and Suffering. (Attachment)

_____        _____
Signature of Attorney (if any)                              Signature of Plaintiff

_____

_____

_____
(Attorney's full address and telephone number)

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983

Attachment 1

Color of State Law additional Defendants
Individuals are state or local officials
which includes those working for the state
in the prison system or those contracted

3) Warden Dona Hook - Previously Major
Hook - Head of Security during inmates
arrival in August 2023 - Jan. 2024. Promoted
to Warden in Feb. 2024 at Topeka Correctional
815 SE Rice Rd. Topeka, Kansas 66607
4) Valone Watts - PREA Coordinator and
Compliance Manager
5) Officer Dietrick - CO at Topeka Correctional
6) Dalton Hartpence - Administration at
Topeka Correctional Facility

Defendants 4-6 have the same address:
815 SE Rice Rd. Topeka Kansas 66607
and are acting under color of state law.

7) Colorado Department of Corrections —
John/Jane Doe Secretary of Corrections
1200 Academy Park Loop, Colorado
Springs, CO 80910

8) Michelle Calvin - Health Services
Administrator  815 SE Rice Rd, Topeka KS
9) Holly Chavez — Facility Service Administrator (FSA)
SAME Address as #3

Attachment 2

Continued Relief...

Punitive damages - due to wreckless or
callous indifference to my rights

Damages Under the PLRA - physical abuse,
sexual abuse, and mental and emotional
injury

Additional Defendants Continued...

#9) Holly Chavez - Facility Service Administrator
    for TCF 815 SE Rice Rd, Topeka
    Kansas 66607. Often referred to
    as FSA.
- Involved in violation of all civil
  rights/liberties included in this document
  and will be referenced to often
* Information to add to Defendant #7
#7 - I am under jurisdiction of Colorado
and my Interstate Compact Coordinator
for Colorado has been sent all documents
including grievance #'s and per the ICC
the Colorado Dept. of Corrections Secretary
can get access and updates at any time
from Kansas. I copied the Secretary in the mail.

Attachment 3
Page 1

Defendant #1 - Jeff Zmuda
- Acted with deliberate indifference, knows that a
serious risk exist, and displayed repeated examples
of negligent acts (patterns) and is the Secretary
of Corrections responsible for all inmates in Kansas
responsible for daily operations and welfare of all.
Defendant #2 - Darcie Holthaus
- has violated all rights mentioned in claim
because she is the Interstate Corrections Compact
Coordinator and responsible for relaying information,
concerns, and updates to the State of Colorado
Defendant #3 - Dona Hook
- has violated all rights and is the Warden of
Topeka Correctional Facility for Women in Kansas
- In addition, she was the Major prior to this
and was responsible for security in which she was
negligent and acted with deliberate indifference
and ignored prison policy and similarly situated
Defendant #4 - Valorie Watts
- violated prison policy and due process by
failing to make sure PREA Standards are
met and victims are free from continued
Sexual abuse failure to place me on least
restrictive housing (per prison policy) and
leaving me in a situation that is "atypical"
and in a hardship in relation to ordinary
prison life.

Attachment 3
Page 2

Defendant 5 - Officer Dietrick
Sexual assault and violates standards
of decency and violates the Eighth Amed.
Defendant 6 - Dalton Hartpence
Treated me with deliberate indifference
- Knowing of a Obvious risk and continuing
to house me with institutional violent offenders
even against prison policy and classification
- ignoring state statues and imposing
Conditions posing substantial risk and ignoring
the Least Restrictive environment under Policy
IMPP 10-103D rising to the level of Cruel and
Unusual - Failure to have me similarily situated
Defendant 7 - John Doe
- Secretary of Corrections for Colorado
Department of Corrections is responsible
for ensuring that inmates are held under
humane conditions and that their civil
liberties are not violated if they would
of been afforded in the sending state. He
is deliberately indifferent to these violations
as I have sent multiple letters to include
certified (signed receipt) and the Habeas
Corpus for illegal detention.
Defendant 8 - Michelle Calvin
- deliberate indifference of medical care
- violation of PREA Policy for reporting

# Right To Access the Court

Prison officials have prevented my fundamental right to access the courts by denying access to the Courts in Colorado for criminal appeals, denying the right to get reasonable access to law books, inadequate law computers missing relevant state and federal statues, Shepard Citations are often unavailable (although they are on the Computer, the Computer often shuts down or times out when using), lack of access to information on Habeas Corpus, and law library times that force you to chose between using limited out-of-cell time for exercise and yard time or for access to the law library (could also fall under an 8th Amendment violation of Cruel and Unusual punishment as well). The facility does not maintain Library facilities at each housing location and restricts residents from these locations to attend the library in other locations. These are not comparable to those of a public or educational library. This factor contributes to reasons behind being denied the right to access the courts. I originally explained the issue to the law librarian in order to start the grievance process through KDOC policy. I escalated the issue through several individuals to include the Unit Team (defendant 6 - Dalton Hartpence is the Supervisor of the Unit Team Manager), the Facility Service Administrator, Warden

Hook (Defendant #3) Secretary of Corrections (Defendant #1), and copied/Mailed a copy to Defendant #7 Colorado's Secretary of Corrections. I explained that the lack of resources deprived me of a specific opportunity to defend myself and advance a viable legal claim in a criminal appeal, a post conviction matter an an action involving civil rights. In fact, my information would be dismissed due to the technical requirements and the statue of limitations for filing and responding due to the inadequacies and cause me substantial harm and permanent injury. I referenced the state statues for time limits and I attached a letter about a current legal matter that was dismissed due to the right to access the courts. Prison policy for electronic communication - tablet assigns an electronic number and individuals respond electronically. Note: I have requested copies of all electronic forms and have been given permission to get them for exhibts under the prison policy. However, they have never been delivered. This is a culture at TCF to keep individuals from progressing in a legal action against the facility. It's also part of the campaign of harassment enforced by officials

for planning to file a U.S.C 1983 (several
electronic emails suggesting this when trying
to collect data) and for filing a Habeas in
the local district court. Next, the right to
access the courts continued with filing a
Habeas Corpus in Shawnee County District Court.
The facility said that there is a mandatory
e-file for documents; therefore, these items are
sent through the law librarian. On multiple
visits to the library, I attempted to e-file these
documents for illegal detention in the State of Kansas
under K.S.A 60-1501 for violating the Interstate
Corrections Compact statutes under K.S.A. 76-3001,
K.S.A 76-3002 and K.S.A. 76-3003. I was informed
that the e-file system has yet to deliver the
items to the Court. This is continued interference
of advancing a legal claim. I then mailed in
the documents in Jan. 2024 and had a friend
call to see if they were delivered. They were
not at the time of this document. I have had
issues with Defendant #6 Dalton Hartpence
taking my mail and not delivering it in the
presence of a SSGT. I emailed the facility at
#408024811 so that the FSA and Warden could
look into this for illegally taking mail; however,
they ignored Hartpences actions. To clarify these
were legal documents and mail sent to Defendant

#2 Darcie Holthaus and to Colorado Dept. of Corrections. These are additional electronic form numbers to show the denial of court access #40613101 #41361030 # 41357644 #405397891. I could write these out verbatim But, TCF suspended my electronic form nines and grievances including those that were active not only blocking my access to revisit them but violating due process (which will be addressed later in this document) preventing me from advancing those that were at a Step 3 (Warden) to Step 4 (Secretary of Corrections - 2 muda). I was eventually told by the Unit Team, the FSA (Facility Administrator), and Interstate Corrections Coordinator (Defendant #2) that they did not have to provide this in the Library. I was sent a paper about legal assistance from an outside agency. I replied that I was Pro-Se and that the outside agency did not provide resources for civil rights claims, do not help out-of-state residents, and was not authorized to give information or practice law outside of Kansas. I once again reminded them that I was on an Interstate Corrections Compact (out of state). I escalated #405397891 and others to the warden (#3) who did not respond in time frame and mailed to #2 + #1. This is one of those "suspended access" grievances.

Finally, the facility has constantly denied access to an attorney through our telephone system since Aug. 2024. I began asking about adding an attorney through the Unit Team to include Mr. Miller (Counselor) UTM (Hull-Vena) and through Defendant 3 (who was the Major at the time), and Defendant #9 (FSA). I did not receive the paper form 9's back from these officials. This is when I started documenting and sending through electronically since the paper request were never returned. I noticed that there was not any numbers or a way of tracking on the paper form 9's to staff. This is how they can refuse to respond and are not held liable for it. Instead there is a slip that tears off of the forms but no way to verify that it acually came from that specific one; therefore, I waited for responses to no avail. I followed policy of KDOC/TCF for adding an attorney by including a letter from the attorney asking to be added. I was denied for several months. I sent the UTM a message #405025361 about the denial and following policy and then again on #402520321. I then messaged the FSA defendant 9) #40956901. I escalated the issue to the warden (about attorney number) and this is an open grievance that they blocked me from proceeding forward with because

it was electronic. I then sent a request to step 4 Defendant #1 on Feb. 1st about not having attorney added. However, I did not have the grievance number for this because I do not have access to the ones in progress electronically. It was sent back by def #1

## 8th Amendment

Topeka Correctional Facility shows deliberate indifference to an excessive risk of serious harm when they were aware and had actual knowledge. This includes defendant #1, #2, #3, #4, #8, and #9. I was sexually harassed by officer Dietrick (Defendant #5) in Aug. 2023 in which the officer watched me change clothing and participated in Voyeurism a violation of 44-15-204. The facility has a policy in place through EAI to investigate. They did not investigate or talk to me in August 2023. Due to the negligence of TCF, the issue escalated and I was sexually assaulted by Officer Dietrick in the Shower in October 2023. I sent emergency grievances under 44-15-106 #'s 381794331, #35838 0041, and #358 227 081 in October of 2023. The facility refused to open the grievances. After complaining and asking to speak to mental health for approx 3 months, Defendant #9 responded that

no one was available to open and respond to emergency grievances #408024811. The abuse continued and prison officials were negligent and deliberate because they knew about the continued sexual abuse that occurs at Topeka Correctional from staff. I was told that there were not cameras in the shower in pod 4 but the facility is aware that Defendant #5 entered into the shower area as part of their policy for showering in pod 4. However, he did not have the right to re-enter or "hang-out" in the area. The sexual abuse that occured and the handling afterwards is a violation of IMPP 10-103D and is cruel and unusual punishment. Plantiff is not trying to bring a lawsuit for a violation of PREA, but to use PREA and PREA violations by Defendant #1, #3, #4, #5 and #9 to support an Eighth Amendment failure to protect claim and for not taking reasonable steps to protect by not following KDOC, The Federal PREA, and to show deliberate indifference as inmate is incercerated under conditions posing a substantial risk of serious harm. These prison officials are deliberately indifferent to my safety and they have knowledge that I faced substantial risk of harm and disregared that risk by failing to take reasonable measures to abate it and ignoring the emergency



grievances for months. I was forced to stay around my abuser (#5) who continued to harass me or my job. I continued to report the issues and the retaliation to Defendant # 4 Valorie Watts who is the Compliance Manager and Defendant # 3 and 9. They ignored the retaliation and emails #403803901 #403810041, #403811751, #403842681 and #404586571. I reported these to Holly Chavez (#9) because there is not an appeal (grieve) tab for Valorie Watts. The Facility Continued to cover-up the abuse and retaliation through non-responses and saying the system had an error yet again. Then Dalton Hatpence (#6) forced Linda Hall-Veria to take my job from me for reporting the PREA. The group (Unit Team) developed a Campaign of Harassment for doing something I had a Constitutional right to do: be free from Cruel and Unusual punishment and sexual abuse. This was/is an atypical situation in relation to the ordinary incidents of Prison life.

   Next, I sustained an injury (non-accident but motivated by evil intent) at the hands of staff and the Facility/ Prison officials #3 #8, #9 were deliberate in covering up that a staff member did it. On November 6th, 2023 a staff member (unknown name as I was new to the facility and was not looking to see what various officers were in the pod) was angry that doors were opened in pod 1B and began yelling and slamming doors. I was leaving out for aerobics and my hand

(9)

was hanging out the door as I was leaving. The staff member told me that I should not have the door open and slammed it on my right ring finger. I told the officer on shift but there was never a report written by staff even when an incident happened and a medical emergency was declared. Defendant #8 and #9 then hid the injury blaming it on me. However, I have permanent nerve damage in my right hand as a result. I have lost feeling in my hand, have continued sharp pains and on and off swelling. I went to several sick calls throughout November including x-rays and a metal splint placed on it. The bone healed but the nerve damage could last 2 years or more according to the Centurion doctor on 2/12/2024. The facility failed to follow its own policy for reporting an incident, then covered it up and was indifferent to my health and safety. I grieved the incident # 405492871 and spoke with Holly Chavez several times even escalating the issue to Donna Hook. Instead of addressing and correcting the situation, Dona Hook became Warden (promotion from Major) and ignored the abuse from staff. I appealed it to Zmuda(#1) and the facility suspended the electronic trail of communication to avoid the issue and to prevent me from emailing and responding with current, open form nines and grievances (Due process).

Next, Prison officials (#1, #2, #3, #6) are to provide reasonable safety and must refrain from subjecting them to unnecessary violence and these officials have actual knowledge of the risk of being around institutional violent offenders. Individuals are purposefully avoiding knowledge and it amounts to deliberate indifference. The situation is atypical because no prison to which I might be transferred for non-disciplinary reasons are more restrictive. In fact, the courts have responded with "if the prison was a country club like atmosphere in which prisoners enjoyed a great deal of time out of their cells would work as a typical and significant deprivation of liberty." TCF is a country club at JCH and Central Compound which I am qualified for based on KDOC Classification policy as I am not a disciplinary issue. My sending state of Colorado was the same way as I enjoyed the same freedoms. The above prison officials house me in a typical situations and I have significant hardships in relations to ordinary prison life. Not only is it Cruel and unusual but also an equal protection claim. I met with Dalton Hartpence in October of 2023 and explained that I was not similarly situated and discriminated against because others in the same situation were treated differently and that I was not an institutional violent offenders. I produced a comparison chart with other inmates and sent it to Dalton Hartpence and the Warden. They responded with "This is not



© HALLMARK LICENSING, LLC
HALLMARK MARKETING COMPANY, LLC
KANSAS CITY, MO 64141
MADE IN U.S.A.

Hallmark Cares
Visit Hallmark.com/ourplanet

THIS CARD IS MADE WITH PAPER FROM
WELL-MANAGED FORESTS.

Hallmark.com

U.S.A. 2.99



Taylor (Beautiful)

I miss you! I have to admit I'm writing you this with tears in my eyes. I'm so sad. there's never a time that there is something more than your phone call. I'm Never too busy for you Ever! If I ever miss it, its because I just missed it. So always call back when you can.

I'm getting a **new** phone it's coming in the **mail**, so I'll have to take it into to get everything transferred soon, So if you call at that time, that's what's going on I'm just getting an upgrade.

I knew something was wrong. Try to keep your head up, you're very loved and cared for. I'm doing what I can to help. I will do anything for you.

Happy Valentines Day!

## ...to YOU!

♥

you're so amazing, and the most Beautiful person I know. I hope you'll be able to get a hold of me Very Soon! Sorry So messy.

# SCOUTING MEAT STICKS FUNDRAISER

**Each Stick Net Weight 1 oz.**
**Hot Cajun Style – "New Orleans-Inspired"**
**Mango Habanero – "Sweet & Spicy (Seasonal – May Substitute)"**
**Old #9 – "Grilled Steak in Bourbon Peppercorn Sauce"**
**Sweet Annie Brown – "Honey and Brown Sugar"**
**Sweet Fire – "Sweet Annie Brown with a touch of Crushed Red Pepper"**



**$1.50 Each**
**BUNDLE OF ALL 5 FLAVORS - $7**
**ORDER TOTAL LIMIT $36**
**SALE FROM 2/19/24 TO 2/26/24**
**DELIVERY – WEEK ON 3/17**

| | | | | |
|---|---|---|---|---|
| 1 Stick - $1.50 | 7 Sticks - $10.50 | 13 Sticks - $19.50 | 19 Sticks $29.50 | 1 Bundle - $7 |
| 2 Sticks - $3 | 8 Sticks - $12 | 14 Sticks - $21 | 20 Sticks - $31.50 | 2 Bundles - $14 |
| 3 Sticks - $4.50 | 9 Sticks - $13.50 | 15 Sticks - $23.50 | 21 Sticks - $33 | 3 Bundles - $21 |
| 4 Sticks - $6 | 10 Sticks - $15 | 16 Sticks $25 | 22 Sticks - $34.50 | 4 Bundles - $28 |
| 5 Sticks - $7.50 | 11 Sticks - $16.50 | 17 Sticks - $26.50 | 23 Sticks - $36 | 5 Bundles - $36 |
| 6 Sticks - $9 | 12 Sticks - $18 | 18 Sticks - $28 | | |

_____Hot Cajun Style $_____

_____Mango Habanero $_____

_____Old #9 $_____

___2___Sweet Annie Brown $_____

_____Sweet Fire $_____

**Total # Sticks _____**

**Total # Bundles _____**          **Total Order Amount $_____**

**Name/Signature: _____ ID #:_____ Dorm:_____**

**Staff Verification: _____**

# ALL PROCEEDS HELP TO SUPPORT BOY SCOUTS!