#14015   Carbon Copy   Appendix 2

# APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: Letecia Stauch   Facility: TCF

Inmate Number: 129417   Grievance Serial No.: 40537891

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:   Kansas Department of Corrections   Date Mailed: 2/5/2024
714 SW Jackson
Suite 300
Topeka, KS 66603

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.)

Denial of Access to The Courts
#40951690  #40549289  #40950561 plus paper Chavez response

Signature of Inmate

### DECISION BY SECRETARY OF CORRECTIONS (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____   Date Sent to Inmate: _____

Finding of Fact:

Conclusions Made:

Action Taken:

Signature of Secretary of Corrections

**For D.O.C. Staff Use Only**

Type of Response (Item 6b: Code   01, 02, 08 or 09) _____

DC 090, Effective May 1, 1988

Mailed 2/5/24


**Kansas**
Department of Corrections

# INTERNAL MANAGEMENT POLICY & PROCEDURE

Applicability: ☐ Adult Operation Only   ☐ JUVENILE Operations Only   [X] DEPARTMENT-WIDE

---

**IMPP #: 10-103D**                                                                 **PAGE #: 1 of 12**

**PROGRAMS AND SERVICES:** Coordinated Response to Sexual Abuse and Harassment

**Original Date Issued:** 04-01-14    **Replaces IMPP Issued:** 12-20-16    **CURRENT EFFECTIVE DATE:** 10-16-19

**Approved By:** _____, Secretary          **Next Scheduled Review:** October 2020

---

APPENdix NO. 🔲
16 PAGES

## POLICY

It is the policy of the Kansas Department of Corrections to provide a safe and secure environment for all offenders. Offenders have the right to be free from all sexual abuse and sexual harassment and the KDOC has a "zero-tolerance" for such actions. (28 C.F.R. §§ 115.11 and 115.311) Each facility must implement a Coordinated Response that includes prevention, detection, response, and prosecution/discipline of assailants. This policy targets sexual abuse and sexual harassment of offenders whether by staff or by other offenders.

## DEFINITIONS

**Bisexual:** A person who experiences physical, romantic, and/or emotional attraction to both males and females.

**Contractors:** Non-department staff member who work within a department facility in a permanent role (i.e. contracted medical and behavioral health, substance abuse, companies contracted to provide testing, etc.).

→ **Coordinated Response:** The department's planned response to allegations of offender sexual abuse and harassment to ensure the appropriate actions of first responders, medical, behavioral health, investigators and administrators.

**Exigent Circumstances:** Any set of temporary or unforeseen circumstances that require immediate action in order to combat a threat to the security or institutional order of a facility.

**Facility PREA Compliance Manager (PCM):** A person designated by the warden or superintendent, at each facility, as having overall responsibility for ensuring that all elements of the Coordinated Response to Sexual Abuse and Harassment are met in a coordinated fashion.

**First Responder:** The first person arriving at the scene of an incident or the first-person having contact with the victim.

**Gay:** A male who experiences physical, romantic, and/or emotional attraction to other males.

**Gender Non-Conforming:** A person whose appearance or manner does not conform to traditional gender expectations.

RECEIVED
Office of the FSA

**Intersex:** A medical diagnosis for a person whose sexual or reproductive anatomy or chromosomal pattern does not seem to fit typical definitions of male or female.

**KDOC PREA Coordinator:** A KDOC employee appointed by the Secretary of Corrections to develop, implement, and oversee Departmental efforts statewide to comply with the national PREA standards.

→ **Least Restrictive Housing:** Housing that afford victims of offender sexual abuse the most access to programming and privileges while ensuring the safety of the victim and the security of the facility.

**Lesbian:** A female who experiences physical, romantic, and/or emotional attraction to other females.

1/16

<u>Limited English Proficiency</u>: Any individual who is unable to communicate, read or speak effectively in English because their primary language is not English, and they have not developed fluency in the English language.

<u>Offender</u>: Any person, adult, juvenile, or youthful offender placed in the custody of the Department of Corrections.

<u>PREA</u>: Prison Rape Elimination Act of 2003, codified at 42 U.S.C. 15601, *et seq.*, an act signed into Federal law with the goal of preventing, detecting, and responding to sexual abuse and sexual harassment occurring in prisons, jails, police lockups and community confinement facilities.

<u>PREA-Related</u>: Relating to a report of investigation of sexual abuse or sexual harassment of an offender.

<u>Retaliation</u>: Adverse action taken based upon a person's reporting and/or participating in an inquiry, investigation or proceedings involving charges of offender sexual abuse, discrimination, or harassment. This action is applicable to both staff members and offenders.

<u>SAFE</u>: Acronym for Sexual Assault Forensic Examination, which is conducted by a specifically trained health professional who ensures victims of sexual assault are provided with competent, compassionate, and prompt care, while providing the most advanced technology associated with DNA and other sexual assault forensic evidence collection and preservation.

<u>SANE</u>: Acronym for Sexual Assault Nurse Examiner; a specifically trained nurse who ensures victims of sexual assault are provide with competent, compassionate and prompt care, while providing the most advanced technology associated DNA and other sexual assault forensic evidence collection and preservation.

<u>Sexual Abuse of an Offender by Another Offender</u>: Any of the following acts, if the victim does not consent, is coerced into such act by overt or implied threats of violence, or is unable to consent or refuse:
- (1) Contact between the penis and the vulva or the penis and the anus, including penetration, however slight;
- (2) Contact between the mouth and the penis, vulva, or anus;
- (3) Penetration of the anal or genital opening of another person, however slight, by a hand, finger, object, or other instrument; and
- (4) Any other intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or the buttocks of another person, excluding contact incidental to a physical altercation.

<u>Sexual Abuse of an Offender by a Staff Member</u>: Any of the following acts, with or without consent of the offender, that are reported annually to the Bureau of Justice Statistics for the Survey of Sexual Victimization Violence:
- (1) Contact between the penis and the vulva or the penis and the anus, including penetration, however slight;
- (2) Contact between the mouth and the penis, vulva, or anus;
- (3) Contact between the mouth and any body part where the staff member, contractor, or volunteer has the intent to abuse, arouse, or gratify sexual desire;
- (4) Penetration of the anal or genital opening, however slight, by a hand, finger, object, or other instrument, that is unrelated to official duties or where the staff member, contractor, or volunteer has the intent to abuse, arouse, or gratify sexual desire;
- (5) Any other intentional contact, either directly or through the clothing, of or with the genitalia, anus, groin, breast, inner thigh, or the buttocks, that is unrelated to official duties or where the staff member, contractor or volunteer has the intent to abuse, arouse or gratify sexual desire;
- (6) Any attempt, threat, or request by a staff member, contractor, or volunteer to engage in the activities described in paragraphs (1)-(5) of this section;
- (7) Any display by a staff member, contractor, or volunteer of his or her uncovered genitalia, buttocks, or breast in the presence of an offender or detainee, and
- (8) Voyeurism by a staff member, contractor, or volunteer.

RECEIVED
Office of the FSA

<u>Sexual Harassment</u>: (1) Repeated and unwelcome sexual advances, requests for sexual favors, or verbal comments, gestures, or actions of a derogatory or offensive sexual nature by one offender directed toward another; (2) repeated verbal comments or gestures of a sexual nature to an offender by a staff member including demeaning references to gender, sexually suggestive or derogatory comments about body or clothing, or obscene language or gestures and (3) is reported annually to the Bureau of Justice Statistics for the Survey of Sexual Violence.

2

Staff Member (Staff): When used within the context of this policy, staff refers to all employees, contract personnel and volunteers.

Transgender: A person whose gender identity (i.e., internal sense of feeling male or female) is different from the person's assigned sex at birth.

Voyeurism by a Staff Member: An invasion of privacy of an offender by staff for reasons unrelated to official duties, such as peering at an offender who is using a toilet in his or her cell to perform bodily functions; requiring an offender to expose his or her buttocks, genitals, or breasts; or taking images of all or part of an offender's naked body or of an offender performing bodily functions.

Youthful Offender: Any person under the age of 18 who is under adult court supervision and incarcerated or detained in a prison or jail.

**PROCEDURES**

I.  **Prevention**

    A.  The KDOC must designate a KDOC PREA Coordinator to oversee agency efforts to comply with PREA standards and each warden/superintendent must assign one (1) KODC employee as the facility PREA Compliance Manager (PCM) with overall responsibility for coordinating all elements of the Coordinated Response (see Attachment A). (28 C.F.R. §§ 115.11 and 115.311) An alternate PCM must also be designated.

        1.  The department does not detain offenders solely for civil immigration purposes.

    B.  All staff and offenders must be responsible for being alert to signs of potential situations in which sexual abuse or harassment might occur. (28 C.F.R. §§ 115.11 and 115.311)

        1.  All department staff members, contractors, or volunteers must not engage in abuse or sexual harassment of an offender which includes sexual contact with or without the offender's consent.

        2.  The department has a zero-tolerance for all forms of offender sexual abuse, harassment, and retaliation.

    C.  Staff must be aware of offenders' state of undress. The presence of staff of the opposite gender must be announced prior to entering a housing unit and the announcement is documented in the chronological log by the person making the announcement. (28 C.F.R. §§ 115.15 and 115.315)

        1.  In addition, the presence of staff of the opposite gender must also announce their presence before entering restroom/shower areas that are not part of a housing unit (i.e., education, work areas, recreation areas) where an offender might be undressed.

            a.  An offender must be able to shower and perform bodily functions without non-medical staff of the opposite gender viewing them, except in exigent circumstances or when such viewing is incidental to routine security checks.

        2.  If circumstances arise to where a cross-gender announcement could compromise the safety, security, and good order of the facility, then the staff may declare the circumstances to be exigent and enter without an announcement to the restroom/shower area. All exigent circumstances must be documented by the shift supervisor and the PREA Compliance Manager must be notified.

    D.  Each facility must develop General Orders to reflect the policy and practice of having intermediate level or higher-level supervisors conduct and document unannounced rounds to identify and deter staff sexual abuse and sexual harassment. (28 C.F.R. §§ 115.13 and 115.313)

        1.  Each facility must ensure that rounds occur periodically in all areas of the facility.

3

2. Staff must be prohibited from alerting other staff members that these supervisory rounds are occurring unless such announcement is related to the legitimate operational functions of the facility.

3. The rounds are documented as "unannounced rounds" and readily accessible during audits as outlined in the facilities' General Orders.

E. Youthful offenders are housed at the Kansas Juvenile Correctional Complex, unless an exception is approved by the Deputy Secretary of Facilities Management and the reasons for the exception are well documented. Youthful offenders are transferred to RDU on their 18th birthday or as soon thereafter as possible considering operational schedules of each facility and the KDOC transportation hub.

1. While housed at any adult KDOC facility, youthful offenders must have sight and sound separation from other adult offenders or have direct staff supervision.

## II. Staff PREA Training

A. All newly hired staff must receive the KDOC staff booklet "PREA, What Staff Need to Know". All staff must review this policy and receive training on the following:

1. How to fulfill their responsibilities under sexual abuse and sexual harassment prevention, detection, reporting, and response policies and procedures;

2. Offenders' right to be free from sexual abuse and sexual harassment;

3. The right of offenders and staff to be free from retaliation for reporting sexual abuse and sexual harassment;

4. The dynamics of sexual abuse and sexual harassment in confinement;

5. The common reactions of sexual abuse and sexual harassment victims;

6. How to detect and respond to signs of threatened and actual sexual abuse;

7. How to avoid inappropriate relationships with offenders;

8. How to communicate effectively and professionally with offenders, including lesbian, gay, bisexual, transgender, intersex, or gender nonconforming offenders; and

9. How to comply with relevant laws related to mandatory reporting of sexual abuse to outside authorities.

B. Such training must be tailored to the gender of the offenders at the facility. Staff must receive additional training if they are reassigned from a facility that houses only male offenders to a facility that houses only female offenders, or vice versa. The same applies for staff that are reassigned from an adult to a juvenile facility or vice versa.

C. Sexual abuse and harassment intervention must be a part of Orientation/Basic Training. Mandatory training must be provided annually. Training must include a review of this policy and staff responsibilities to prevent and report sexual assaults, and other relevant PREA-related material. (28 C.F.R. §§ 115.31, 115.331, 115.32, and 115.332)

D. The facility must document, through staff signature or electronic verification that they understand the training they have received.

E. Volunteer and Contractor Training

1. Each facility must ensure that all volunteers and contractors who have contact with offenders have been trained on their responsibilities under the sexual abuse and sexual

4

harassment prevention, detection, and response policies and procedures. The level and type of training provided to volunteers and contractors must be based on the services they provide and the level of contact they have with offenders, but all volunteers and contractors who have contact with offenders must be notified of the agency's zero-tolerance policy regarding sexual abuse and sexual harassment and informed how to report such incidents.

    2. Each facility must maintain documentation confirming that volunteers and contractors understand the training they have received.

F. Specialized training must be provided to:

    1. Classification staff, counselors, and others responsible for housing, bed, work, education, and program assignments pertaining to the function and purpose of the screening for victimization and abusiveness.

    2. Special Agents and must include the following:

        a. Training in conducting such investigations in confinement settings.

        b. Techniques for interviewing sexual abuse victims, proper use of *Miranda* and *Garrity* warnings, sexual abuse evidence collection in confinement settings, and the criteria and evidence required to substantiate a case for administrative action or prosecution referral.

        c. The facilities must maintain documentation that investigators have completed the required specialized training in conducting sexual abuse investigations.

        d. Any State entity or Department of Justice component that investigates sexual abuse in confinement settings must provide such training to its agents and investigators who conduct such investigations.

    → 3. Medical and behavioral health staff and must include the following:

        a. How to detect and assess for signs of sexual abuse and sexual harassment and preserve physical evidence of sexual abuse.

        b. How to respond effectively and professionally to victims of sexual abuse and sexual harassment.

        c. How and to whom to report allegations or suspicions of sexual abuse and sexual harassment.

        d. The facilities must maintain documentation that medical and behavioral health practitioners have received the training.

        → e. Medical and behavioral health care practitioners must also receive the training mandated for staff members under 28 C.F.R. §§ 115.31, 115.331, 115.32, or 115.332, depending upon the practitioner's status at the agency.

III. **Offender Education (28 C.F.R. §§ 115.33 and 115.333)**    Office of the FSA

    A. Information about department/facility policy and procedure regarding sexual abuse/harassment must be included in each facility's orientation program and must be provided in a manner that is clearly understood by the offender.

    B. During the intake process, offenders must receive information explaining the agency's zero-tolerance policy regarding sexual abuse and sexual harassment and how to report incidents or suspicions of sexual abuse or sexual harassment.

    C.    Within 30 days of intake, the facility must provide comprehensive education to offenders either in person or through video regarding their rights to be free from sexual abuse and sexual harassment and to be free from retaliation for reporting such incidents, and regarding agency policies and procedures for responding to such incidents.

    D.    Offenders must receive education upon transfer to a different facility to the extent that the policies and procedures of the offender's new facility differ from those of the previous facility.

    E.    The facility must provide offender education in formats accessible to all offenders, including those who are limited English proficient, deaf, visually impaired, or otherwise disabled, as well as to offenders who have limited reading skills.

    F.    The Offender PREA Orientation attendance must be documented and acknowledgement of receipt must be signed.

        1.    **ADULT:** The signed receipt must be imaged in the offender's electronic record.

        2.    **JUVENILE:** The acknowledgment form must be signed and kept in the offender's master file.

    G.    In addition to providing such education, the facility must ensure that key information is continuously and readily available or visible to offenders through posters, handbooks, or other written formats.

## IV.    Reporting of Sexual Abuse

    A.    **ALL:** Staff must immediately report any knowledge, suspicion, or information regarding an incident of sexual abuse or harassment, whether it is in regard to an offender or another staff member. Staff may report to their supervisor, Appointing Authority, or EAI. (28 C.F.R. §§ 115.61 and 115.361)

        1.    Failure to report is a violation of policy and may result in administrative or disciplinary sanctions.

        2.    Apart from reporting to designated supervisors, staff must not reveal any information related to sexual abuse reports to anyone other than to the extent necessary to make treatment, investigation, and other security and management decisions.

    B.    **JUVENILE:** Any staff who witnesses, suspects, or receives a report that an offender is a victim of sexual abuse/harassment must immediately make a report to Kansas Protection Report Center at 1-800-922-5330.

    C.    There are multiple methods for an offender to report allegations of sexual abuse or harassment. Such allegations may be reported verbally to any staff member or in writing using a Form-9 or Offender Request to Staff, along with the following confidential methods:

        1.    An offender is encouraged to report allegations of offender sexual abuse or sexual harassment.

            a.    **ADULT:** Offenders can report by dialing #50 on any offender phone free of charge.

                (1)    Calls may be placed anonymously, or the caller may provide identifying information at the caller's discretion.

                (2)    The KDOC Sexual Assault Helpline must be publicized in all KDOC adult facilities through posters, General Orders, notices, etc.

                (3)    Offender phones must have helpline instructions posted in a conspicuous location on or near the phones.

            b.    **JUVENILE:** Offenders can report confidentiality through the Kansas Protection Report Center at 1-800-922-5330.

RECEIVED
JUN 09 2022
Office of the FSA

    (1) This toll-free number must be publicized in the KDOC juvenile facility in a conspicuous location on or near the phones.

 2. **ADULT:** Staff, offender family members or others may report incidents or suspected incidents of sexual abuse by calling 785-296-0200. Allegations of sexual abuse or harassment reported through the third-party reporting line must be confidential and may remain anonymous at the request of the reporting party. These calls must be forwarded to the facility EAI Supervising Agent by the Director of Enforcement, Apprehensions, and Investigations.

  **JUVENILE:** Staff, family members and others may report incidents or suspected incidents of sexual abuse by calling the toll-free Kansas Protection Report Center at 1-800-922-5330.

D. Retaliation against offenders or staff who report sexual abuse or sexual harassment or who cooperate with investigations must be strictly prohibited. (28 C.F.R. §§ 115.11 and 115.311)

 1. All staff must report any allegations of retaliation to EAI or the facility PREA Compliance Manager either verbally or in writing. Offenders are encouraged to <u>report retaliation as well.</u>

 2. Each facility must employ multiple protection measures, such as housing changes or transfers for victims or abusers, removal of alleged staff or offender abusers from contact with victims, and emotional support services for offenders or staff who fear retaliation for reporting sexual abuse or sexual harassment or for cooperating with investigations.

 3. For at least 90 days following a report of sexual abuse, each facility must monitor the conduct and treatment of offenders or staff who reported the sexual abuse and of offenders who were reported to have suffered sexual abuse to see if there are changes that may suggest possible retaliation by offenders or staff, and must act promptly to remedy any such retaliation.

  a. Items to monitor include any offenders' disciplinary reports, housing, or program changes, or negative performance reviews or reassignments of staff. This must also include periodic status checks, for offenders.

  b. Monitoring must continue beyond 90 days if the initial monitoring indicates a continuing need. The facility must designate who is charged with this monitoring.

 4. If any other individual who cooperates with an investigation expresses a fear of retaliation, the facility must take appropriate measures to protect that individual against retaliation.

 5. The obligation to monitor must terminate only if the allegation is determined to be unfounded.

## V. Response to Sexual Abuse

A. Each facility must utilize the Coordinated Response (Attachment A) as a written facility plan to coordinate actions taken in response to an incident of sexual abuse and sexual harassment.

 1. The response must ensure that victims receive immediate protection and immediate and on-going medical and behavioral health care and support services as well as ensure that investigators are allowed to obtain useable evidence. Office of the FSA

 2. Any offender who alleges that he or she has been the victim of sexual abuse must be offered immediate protection from the assailant.

 3. KDOC staff must not make judgments or assumptions about the credibility of a victim, suspect, or witness of sexual abuse.

7

B.  Upon being notified of an allegation of sexual abuse, at a minimum, the victim(s) and perpetrator(s) must be separated, the PCM, EAI, and the Duty Officer and/or warden/ superintendent must be notified, and the Coordinated Response (see Attachment A) must be initiated.

   1.  **JUVENILE:** The reporting staff member or designee must ensure, as appropriate that a Critical Incident and Kansas Protection Report Center hotline report is completed in accordance with Section IV.B.

C.  The PREA Checklist located in the PREA tab of the Application Portal be completed for each report, which ordinarily must be initiated by the Shift Supervisor. For administrative reports, or reports otherwise not reported through the Shift Supervisor, the PREA Checklist must be completed by the PCM.

✱ D.  When a report is received that an offender has been the victim of sexual abuse or harassment while incarcerated at another facility or under the supervision of another office:

   1.  As soon as possible, but no later than 72 hours of receiving the report, the head of the office/facility that has received the allegation must notify the head of the office/facility where the alleged abuse occurred.

   ✱ 2.  The head of the office/facility receiving the notification must ensure the allegation is investigated pursuant to this policy. (28 C.F.R. §§ 115.63 and 115.363)

      a.  No offender who alleges sexual abuse must be required to submit to a polygraph examination or other truth-telling device as a condition for proceeding with the investigation of such an allegation.

   3.  All incidents of offender sexual abuse or sexual harassment must be investigated, disciplined and referred for prosecution when warranted.

      a.  In keeping with the Department's zero-tolerance policy, perpetrators of sexual abuse must be disciplined and/or referred for prosecution.

      b.  The presumptive disciplinary sanction for staff who have engaged in sexual abuse of an offender is termination. (28 C.F.R. §§ 115.76 and 115.376)

      c.  All terminations for violations of agency sexual abuse or sexual harassment policies, or resignations by staff, contractors, or volunteers, who would have been terminated if not for their resignation, must be reported to relevant licensing bodies, as applicable.

   4.  All instances where sexual abuse is not unfounded (whether substantiated or unsubstantiated) through an appropriate investigation, must be reviewed by a Sexual Abuse Incident Review Team pursuant to IMPP 12-118D. (28 C.F.R. §§ 115.86 and 115.386)

E.  Reporting to Offenders

   1.  Following an investigation of sexual abuse, EAI, or designated facility staff must inform the offender of the disposition of the investigation (substantiated, unsubstantiated, or un-founded).

   2.  Following the report of staff sexual abuse of an offender, the facility must inform the offender (unless it is determined to be unfounded) when:

      a.  The staff member is no longer posted in the offender's living unit;

      b.  The staff member is no longer employed at the facility;

      c.  The agency learns that the staff member has been indicted on a charge related to sexual abuse within the facility; or

RECEIVED
JUN 09 2022
Office of the FSA

8

        d.      The agency learns that the staff member has been convicted on a charge related to sexual abuse within the facility.

    3.    Following the report of offender sexual abuse of another offender, the facility must inform the offender when:

        a.      The alleged abuser is indicted on a charge related to sexual abuse within the facility;

        b.      The alleged abuser is convicted on a charge related to sexual abuse within the facility.

    4.    At the conclusion of the investigation, these status updates must be completed by the special agent and formalized on the Notification of Investigation Status form (IMPP 22-103, Attachment H).

    5.    The facility no longer has this obligation to report once the offender is released from the agency's custody.

    6.    The KDOC and/or its facilities must make an effort to establish Memorandums of Understanding with local rape crisis/victim advocate centers in an effort to coordinate forensic medical exams, victim advocacy services, etc.

F.    Offender Sexual Activity

    1.    Upon receiving a report or observing sexual activity between offenders, staff must intervene and immediately notify the Shift Supervisor.

    2.    If after hours, the Shift Supervisor must report the incident to the PCM and EAI. PREA protocol, pursuant to this policy, must be initiated.

    3.    **ADULT:** If the investigation determines sexual activity was consensual between the offenders, appropriate disciplinary action must be taken.

G.    Medical and Behavioral Health Care

    1.    Medical and behavioral health practitioners are required to report sexual abuse and must inform offenders of their duty to report at the instigation of services.

    2.    Access to medical and behavioral health care must be provided immediately, upon report or discovery, to victims of sexual abuse.

    3.    When medically and procedurally appropriate, victims and perpetrators of sexual abuse are to be offered an off-site forensic medical exam performed by a certified Sexual Assault Nurse Examiner (SANE), at no cost to the offender.

    4.    Medical and behavioral health care staff must contribute to a coordinated response to all allegations of sexual abuse by relaying, to the PCM and/or security/administrative staff, information pertinent to the well-being of the offender(s) or for investigative purposes.



    5.    Victims of sexual abuse while incarcerated must be offered:

        a.      Emergency contraception and pregnancy tests (when vaginal penetration has occurred) when deemed medically necessary, for female offenders.

        b.      Prophylaxis for sexually transmitted infections.

    6.    If the screening for victimization and abusiveness indicates that an offender has experienced prior sexual victimization or has previously perpetrated sexual abuse, whether in a facility or in the community, the facility must offer the offender follow-up with a medical or behavioral health practitioner within 14 days of the screening. (28 C.F.R. §§ 115.81 and

9



115.381) The offender must sign a receipt indicating that he/she is refusing or accepting follow-up services with a medical or behavioral health practitioner.

1. **ADULT:** The signed receipt must be imaged in the offender's electronic record.

2. **JUVENILE:** The acknowledgment form must be signed and kept in the offender's master file.

7. The facility must attempt to conduct a behavioral health evaluation of all known offender-on-offender abusers within 60 days of discovery of such abuse history.

8. **ADULT:** Informed consent must be obtained from offenders before reporting information about prior sexual victimization that did not occur in a facility setting.

H. Victim Services

1. Victims of sexual abuse must be provided the brochure on community sexual assault programs, which is available through health services staff, unit counselors, and the PCM.

2. Each facility must attempt to provide victims of sexual abuse victim advocacy services from a local rape crisis center. If this is not possible, efforts must be made to provide victim advocacy services through a community-based organization or by a qualified staff member. The facility must document its efforts in doing so. (28 C.F.R. §§ 115.21 and 115.321)

   a. If the community provider is not available, contact is to be made with one of the qualified staff trained in providing emotional support to offender victims of sexual abuse.



3. Each facility must attempt to provide a victim advocate to support the victim through the forensic medical exam and investigatory processes. (28 C.F.R. §§ 115.53 and 115.353)

I. Data and Documentation

1. The EAI unit at each facility must be responsible for entering every PREA-related investigation into the EAI Case Log and to follow investigative procedures outlined in the EAI Investigations Protocol Manual.

2. Case information must be updated in the EAI Case Log in as prompt a manner as possible, keeping in mind that verbal notifications must be made on a case-by-case basis using the agent's professional judgment, but certainly when it appears that a substantiated disposition is likely.

3. The KDOC PREA Coordinator must, on an annual basis, review and analyze the aggregated data to assess for compliance with the national PREA standards and to improve the effectiveness of the sexual abuse prevention and intervention program.

   a. For every allegation of sexual abuse or sexual harassment, all documents and items to demonstrate a complete and proper Coordinated Response must be located entirely in the electronic EAI Case log. The agent must upload documents and case information. Documents and processes gathered or facilitated by the PCM, must be forwarded electronically to EAI for inclusion in the electronic case file. Documentation includes, but is not be limited to:

      (1) Investigative Summary and Report.

      (2) Interviews, audio recordings, video recordings, photographs, list of evidence, and all other documents and items respective to the case.

      (3) PREA Checklist.

    (4)  S.A.I.R., if appropriate.

→ ※ (5)  Documentation from Medical/Behavioral Health, investigators, SAFE/ SANE (if applicable).

  ※ (6)  Documentation of least restrictive housing. If the victim was involuntarily isolated, must ensure completion and retention of requirements set forth in IMPP 20-104. (28 C.F.R. §§ 115.68 and 115.368).

  ※ (7)  Documentation of monitoring retaliation.

**VI.** **General Orders**

  A. Each facility must establish General Orders to identify the following:

→ ※ 1. Procedures to keep separate offenders that are at high risk for being sexually victimized from offenders who are at high risk of potentially being sexually abusive. These procedures must also specify how to address not only housing, but also bed, work, education, and program assignments. This must also ensure offender safety prior to intra-facility transfers.

    2. The designated PCM and alternate PCM.

    3. Specific procedures for offering immediate protection to any offender who alleges that he/she has been sexually abused.

    4. Response procedures, both during and after normal business hours.

    5. Designation of a specific staff person(s) to be responsible for offender education regarding sexual abuse, harassment, and monitoring of retaliation.

    6. Identification of possible alternatives to restrictive housing for offenders who report sexual abuse, and when involuntary restrictive housing of alleged sexual abuse victims is employed, must comply with the requirements set forth in IMPP 20-104. (28 C.F.R. §§ 115.68 and 115.368)

  B. The Healthcare Contractor must establish statewide and site-specific healthcare policies and procedures that comply with PREA, ACA, and NCCHC guidelines for procedures in the event of a report of sexual abuse.

**NOTE:** The policy and procedures set forth herein are intended to establish directives and guidelines for staff and offenders and those entities that are contractually bound to adhere to them. They are not intended to establish State created liberty interests for employees or offenders, or an independent duty owed by the Department of Corrections to employees, offenders, or third parties. Similarly, those references to the standards of various accrediting entities as may be contained within this document are included solely to manifest the commonality of purpose and direction as shared by the content of the document and the content of the referenced standards. Any such references within this document neither imply accredited status by a Departmental facility or organizational unit, nor indicate compliance with the standards so cited. The policy and procedures contained within this document are intended to be compliant with all applicable statutes and/or regulatory requirements of the Federal Government and the state of Kansas. This policy and procedure are not intended to establish or create new constitutional rights or to enlarge or expand upon existing constitutional rights or duties.

**REPORTS**

None.

RECEIVED

JUN 09 2022

Office of the FSA

11