Letecia Stauch
_____
Name

815 SE Rice Road (TCF)
_____

Topeka, Kansas
_____
Address

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Letecia Stauch , Plaintiff
*(Full Name)*

v.

Zmuda , Defendant (s)
Et al

CASE NO. 5:24-CV-03027-JWL
*(To be supplied by the Clerk)*

Amended
CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

---

### A. JURISDICTION

1) Letecia Stauch , is a citizen of Kansas
   *(Plaintiff)*                              *(State)*

   who presently resides at 815 SE Rice Rd Topeka KS
                                          *(Mailing address or place*
   66607 (Topeka Correctional Facility).
   *of confinement.)*

2) Defendant Jeff Zmuda                      is a citizen of
            *(Name of first defendant)*

   Topeka Kansas                        , and is employed as
   *(City, State)*

   Kansas DOC Secretary of Corrections . At the time the
   *(Position and title, if any)*

   claim(s) alleged in this complaint arose, was this defendant acting under the color of state

   law? Yes [✓] No [ ] . If your answer is "Yes", briefly explain:

   Rights have been violated by a state or local official
   and includes those working for the state in the Prison System.

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983

1

3) Defendant **Darcie Holthaus** is a citizen of
*(Name of second defendant)*

**Topeka, Kansas**, and is employed as
*(City, state)*

**Office of Sec. of Corrections & Interstate Corrections** At the time the
*(Position and title, if any)* **Compact**

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law? Yes ☑ / No ☐ . If your answer is "Yes", briefly explain:

**Works for the prison system or some other part**

**of the state or city government**

(Use the back of this page to furnish the above information for additional defendants.) ✓

**see Back page**

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to

assert jurisdiction under different or additional statutes, you may list them below.)

**42. U.S.C 1983    28 USC 1343(3)**

_____

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

**Comes Now, Leteeia Stauch, the petitioner, pro se and**
**respectfully represents that she is unlawfully deprived**
**of her liberties at Topeka Correctional Facility in**
**Kansas. Plantiff is housed at TCF on an interstate**
**corrections compact (ICC) between the state of**
**Kansas and the state of Colorado pursuant to**
**K.S.A. 76,3002 Art.1 and Art 4 in which Kansas DOC is**
**an agent in the ICC and is violating the Plantiff's Civil rights.**

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983

Color of State LAw - Additional Defendants

Note: Individuals are State or local officials which includes those working for the state in the prison system or those Contracted. Address is the same for #3 - #6

Defendant #3 - Dona Hook - Previously Mayor/Head of Security during inmates arrival in Aug. 2023 then promoted to Warden of Topeka Correctional Facility

Defendant #4 - Valorie Watts - PREA Coordinator and Compliance Manager

Defendant #5 - Officer Dietrick - CO at Topeka Correctional

Defendant #6 - Dalton Hartpence - Unit Team and Administration at TCF

Address: 815 SE Rice Rd Topeka, KS 66607 [Topeka Correctional] Defendants #3 - #6

Defendant #7 - Larry Turner - CDOC Designee and The Interstate Corrections Office

Address: 1200 Academy Park Loop, Colorado Springs CO 80910

Note: Followed Rule 20 - Any question of law is common to all Def. + arising out of same transaction

Defendant #8 - Centurion Medical - TCF Medical Provider

Defendant #9 - Holly Chavez - FSA (Facility Service Administrator)

Defendant #10 - Ms. Van Dyke (1st SSGT) - Acting as disciplinary Administrator

Address: 815 SE Rice Rd Topeka, KS 66607 (Defendants #8 - #10)

## C.  CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: Right to Access the Courts, right to access an attorney, and Interfering with legal Mail

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

Aug. 2023- Current

I was denied access to an attorney on my appeals. I requested phone access through the facility's policy and was denied adding my attorney by Def. Holly Chavez and I appealed the denial to Warden Hook who still denied adding my attorney. As a result,

B) (1) Count II: Cruel and Unusual Punishment and deliberate indifference to my health and safety - Various areas listed

(2) Supporting Facts: At Topeka Correctional Facility, I am exposed to toxins, sewage leaks (from lack of plumbing) and disposing of waste that causes the waste to return to our cells including other inmates

XE-2 8/82                  CIVIL RIGHTS COMPLAINT §1983

C) (1) Count III: Free Exercise (1st) and Equal
Protection of Religion (14th)

D) (Count IV) Retaliation and Due Process for filing USC 1983

(2) Supporting Facts: I included Count III and
Count IV supporting Facts on attached Sheets

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts

involved in this action or otherwise relating to the conditions of your imprisonment?

Yes ☑ No ☐ . If your answer if "Yes", describe each lawsuit. (If there is more than

one lawsuit, describe the additional lawsuits on another piece of paper, using the same

outline.)  - Never filed against a Prison or in the State of
  - Filed against County Jail in CO.    Kansas

    a) Parties to previous lawsuit:

        Plaintiffs: Shaieh V.

        Defendants: El Paso County Jail

    b) Name of court and docket number _____

    c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still

        pending?) pending

    d) Issues raised Free Exercise and Deliberate Indifference
to Medical Care as pre-trial detainee

e) Approximate date of filing lawsuit _2022_

f) Approximate date of disposition _Pending_

1) I have previously sought informal or formal relief from the appropriate administrative

officials regarding the acts complained of in Part C Yes ☑ No ☐ . If your answer is

"Yes", briefly describe how relief was sought and the results. If you answer is "No",

briefly explain why administrative relief was not sought.

_I have exhausted all remedies through KDOC and it's_
_grievance process and have emailed, mailed and sent_
_Certified letters to Colorado Defendants. I also filed a State_
_Habeas (civil) for illegal detention in Kansas for Statue violations._

2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

_Injunctive relief - preliminary injunction should be granted_
_to prevent continued violations. Compensatory Damages -_
_for physical damage, sexual abuse, 8th Amendment prison_
_Conditions, filing fees, and continued intentional infliction_
_of harm and retaliation._

_____
Signature of Attorney (if any)

_____
Signature of Plaintiff

_____

_____

_____
(Attorney's full address and telephone number)

XE-2 8/82          CIVIL RIGHTS COMPLAINT §1983

Count 1

## Right to an Attorney - 6th Amendment

I was denied access to an attorney on my direct appeal. I requested phone access and was denied adding my attorney by Defendants (Def.) Holly Chavez. I appealed to the Warden Dona Hook and the Secretary Jeff Zmuda. The denial started in August of 2023 and Continued through the grievances in Dec. 2023. I tried writing my attorney and my mail has been confiscated by Dalton Hartpence even in the presence of a SSGT. Mail Tampering - Sept. 2023 - Present.

## Right to Access the Courts - 1st Amendment

Since defendants listed in above paragraph engaged in tampering with mail and denial of adding an attorney for legal representation, my right to access the Courts was chilled. Due to their actions, I was forced to file a request to represent myself in a Criminal matter involving direct appeal. The lack of access to Colorado State Courts prevents me from attacking sentence. Although I understand that the sending state provides a majority of resources; Defendants Chavez, Hook, Hartpence, and Zmuda have also deprived me of a specific opportunity to defend

②

myself and advance a viable legal
claim by interfering with mail and denial of
attorney. Next, I have an open prison conditions
case in Colorado in which I challenge
various aspects while I was in county jail.
The shortcomings in the Library have hindered
efforts to continue pursing it. The case is
non-frivolous and has been accepted by the
court in 2022. In Dec. 2023 the court tried
to reach me and once again my legal
mail was tampered with. I then received
a letter in Feb. 2024 saying it would be dismissed
because I did not have access and resources
to respond; making it untimely. I also have
sent letters, emails, and certified mail to
Def. Larry Turner and told him I did not have
access to the courts in Colorado for direct
appeal and a prison condition open case. I
explained the lack of resources deprived me of
my personal ability to access. Rather Pro Se or
not on Direct Appeal, I am affected because
I have a right to a pro-se supplemental brief and
due to my direct knowledge, I need access for this
matter. Finally, my open prison conditions case list
me as Pro Se and so does my Judicial Misconduct case



against a judge that presided over my
Criminal trial.

## Summary

<u>Defendants Involved</u>: Chavez, Hook, Zmuda, Hartpence
Larry Turner <u>Violations</u> 1st + 6th Amendment
<u>Injury</u>: Prevents plantiff from attacking criminal
conviction and Prison Conditions Claim and right
to an attorney / mail tampering

## <u>Count II</u> - 8th Amendment

At Topeka Correctional Facility, I am exposed
to toxins, sewage leaks (from lack of plumbing
and disposing of waste) that causes the waste
to return to our cells including other inmates
feces, waste, etc causing me to breathe in these
fumes including gray water. Sewage leaks through
rooms, sinks are inoperable without hot water
for sanitation. There is a hot water side but it
does not work in any of the rooms at ICH and
obvious signs of mold that has lead to medical
issues to include breathing, stomach issues, dizziness,
fever, headaches, and coughing. In addition to these
conditions, I was exposed to contaminated water
on or around Jan. 14, 2024. Prison officials Chavez,
Hook, and Zmuda did not let inmates know

④

Until after 24 plus hours of Knowing that the warning came from the City of Topeka. Due to this issue, the "Pit" Continued to cause backups and toxins overflowed into our rooms at an increasing rate. We did not have Clean water to clean with and were only given two bottles of Water in the morning and two at night. Once the water contamination issue was restored, the issues with toxins and exposure to other feces has Continued. It is estimated that it backs up and overflows in our rooms twice a week. As stated, there is no hot water in our rooms. Getting Cleaning supplies is often an issue because SSGT's on duty consistently yell about getting them and threaten to take them away daily. ICH does not have adequate ventilation which adds to the exposure. As a result of these exposures and Contaminations, I developed breathing issues in Jan. 2024, then developed extreme headaches afterwards, and started feeling dizzy and nausea I already had daily nose bleeds present since Dec. 2023. These issue continued until I developed some sort of virus or infection in my body placing me in and out of medical for approximately

8 times including one time that I was admitted to the Infirmary. I was in bed for 7 days straight, had fevers ranging from 100 to 103, received breathing treatments, a large supply of medication, and several reports from Nursing that my lungs were diminished. The long term effects continue as I am still exposed to mold, to sewage leaks, and lack of sanitation. I still have side effects and they will continue since the issues are never addressed. This is irreperable harm and deliberate indifference to inmate health and safety. Windows leak water and winds are of extreme temps in winter at ICH. Vermin also enters into some windows. Conditions at ICH fall below minimal civilized contemporary standards of decency. Finally food is not prepared under clean conditions and food is generally cold and does not follow nutritional guidelines. The timeline of events in this section of Cruel and Unusual Punishment for prison conditions were present at arrival in Aug. 2023 and are currently still happening.

<u>Defendants Involved</u>: Zmuda, Chavez, Holthaus, Hook, and Larry Turner.

⑥

I began with the Form 9 process to Ms Chavez, then grievance through Warden Hook and appealed it to the Sec. of Corrections Jeff Zmuda. In addition, I wrote Darcie Holthaus and Larry Turner because they are the interstate corrections coordinators letting them know about the hazardous conditions at TCF.

Summary - Exposure to toxic substances, sewer gas, rodent infestation, contaminated water and air, and I had personal injury, permanent injury, and sickness. Defendants listed disregarded the risk, knew that it was cruel and unusual and fail to remedy it or take action (Kansas Defendants). Larry Turner is aware of these deliberate Indifferent conditions and failed to take action removing me from them.

Count II - Continued deliberate indifference (Medical)

I am suffering irreparable harm in the form of continued physical and mental pain and suffering and an increasing risk that my hand will never be restored to it's full usefulness. In addition, this is deliberate indifference by Centurion because it is a policy of the Contractor to provide treatment that is below the basic level of standard of care. My right hand was injured by staff (unknown) and I was told by medical that I could not receive any treatment beyond that



of talking to Dr. ERB in Jan. 2024.
I have potential permanent nerve damage
in my right hand. Centurion is indifferent
because the treatment is inadequate to say
that they cannot provide any treatment to
restore mobility, assist with the permanent nerve
damage and the sharp pains and swelling.
<u>Defendants Involved</u>: Centurion (Medical
Provider) Holly Chavez, Warden Hook, Jeff
Zmuda, and Larry Turner. All defendants
are indifferent because I made each
individual aware of the issue and they
had knowledge of it. As for Centurion, I did
this through Michelle Calvin. As for Larry Turner,
I let him know that I remain in Kansas
with an untreated injury. The other defendants
were made aware through Form 9's and grievances.
<u>Deliberate Indifference – Sexual Assault</u>
I was sexually harassed by officer Dietrick in Aug. 2023.
I reported the incident. Due to TCF ignoring the PREA
and violating policy, I was sexually assaulted by Dietrick
in Oct. 2023 on two separate occasions. On the 1st incident
Dietrick walked by and saw that the shower only had a
trash bag covering it. He grabbed my breast through the
door opening. He then grabbed them a second

(8)

time and began to unlock my door. At this point, I was afraid and terrified of my safety. Thankfully officer Johnson came out of the closet. This situation has caused mental and emotional damage. I reported the incident to EAI. This was sexual assault not just sexual harassment. This was intentional infliction of unwanted pain and suffering from Dietrick. Defendants Involved: Dietrick - The Abuser I also let Chavez, Warden Hook, and Zmuda know through the Emergency grievance process. These individuals failed to act on the abuse and forced me to stay around my abuser. I wrote Larry Turner and sent him a certified letter letting him know the conditions of confinement and the exposure to sexual abuse by staff. In Summary, Sexual Abuse is Cruel and Unusual and defendants were deliberately Indifferent and I suffered substantial harm.

I then faced retaliation for reporting the PREA and Valorie Watts did not stop these actions. I worked as a porter and had my job taken because I did not go to work on the day of the PREA Investigation. I was given a DR for "Failure to go to work." However, I was told not to work because of the investigation.

(9)

But Dalton Hartpence told the Unit Team to give me a write up. This was retaliation for filing the PREA and the retaliation claims against the Unit Team. The DR was dismissed and Not Guilty was entered because I was told to stay in my room instead. This is one of many forms of retaliation from TCF Staff. I will explain additional ones for filing a 1983 in a seperate section. Valorie Watts the PREA Coordinator failed to follow policy or rules and there is clear indication of deliberate intentional indifference (Pierson v. Hartley). Other defendants failed to stop the harassment. Once again I informed Larry Turner of the retaliation.

## Deliberate Indifference - Safety + Similarly Situated

I did not attempt to dictate where to be housed, I did however say that I have a right to be "reasonably safe" and to be Similarly Situated. Defendants Zmuda, Hook, Holthaus, Chavez, Hartpence disregard the excessive risk and substantial risk of serious harm by being housed around institutional violent offenders. Where prison officials place a prisoner in a situation of danger from others who are known to be aggressive and institutionally



violent, violates the Constitution. This is especially true where prison staff have identified aggressive and violent inmates and failed to take adequate measures to protect other inmates who have not shown institutional violence. In addition, I am not similarly situated as I am a class of one being treated differently. This issue has lead to a serious disruption in everyday prison life as symptoms increase disturbing my functioning. This amounts to an atypical situation. I am the only individual who is not a disciplinary issue that cannot participate in any programming, classes, dog program, or anything at all at the Prison (TCF). There are male inmates who have the same charges and non-disciplinary who have access to these programs and housing. There are female inmates in the same comparison group but I am treated differently as a class of one which violates Equal Protection. Defendants Involved Jeff Zmuda, Warden Hook, Hartpence, Holthaus, are aware of this cruel nature and fail to remedy it. Larry Turner is aware and fails to remedy the ICC with Kansas leaving me in a location that violates my Constitutional rights.

⑪

## <u>Count III</u>- Free Exercise(1ˢᵗ)&14ᵗʰ

When I arrived at Topeka Correctional Facility in August 2023, I was told that I could not check Native American and attend church services about God because I had to attend smudging under prison policy IMPP 10-110D. I explained that this was treating someone differently based on their race or culture because many Native Americans believe in God and not smudging as a religion. I was forced to change it at intake or else. I came from CDOC to KDOC as Jewish (Messanic). I was told that I could not attend a church service at TCF and be Jewish because they did not recognize Jewish and that no one at I/J cell house was listed as Jewish. I reached out to Holly Chavez and Darcie Holthaus to explain that my transfer to Kansas was already a result of exercising freedom of speech and religion and to be somewhere that continued with anti-sematic behaviors was unconstitutional. Holly Chavez respond with "Practice in your cell". Darcie responded with "We do not recognize Jewish where you are housed and to take it up with Colorado." I explained that TCF cannot prohibit free exercise without a reason.



I was then brought a change of religion form by the Chaplin who stated Ms. Chavez said I needed to change my religion. I was forced to choose one religion over another by Ms. Chavez. I wrote that I was forced to change religion on the form that they made me sign. I then sent several electronic Form 9's to the Chaplin and Holly Chavez saying this was an against the Establishment Clause of the First Amendment for forcing me to change religion to attend Church and against the Fourteenth Amendment for discriminating and treating me poorly for being the only inmate down as Jewish. Chaplin Waller explained that I was the only individual who was being treated this way and it was because Ms. Chavez, The Warden, and the individuals at headquarters limit free exercise to women; that male inmates can attend as many Church services as they like and with any religion. This added to the equal protection because now being a member of a suspect class who has historically been treated differently—female. Plus the anti-semetic behaviors

(13)

Of not recognizing Jewish as a religion and failing to provide a Kosher at TCF when the IMPP 10-110D says Kosher was the approved diet are all ways of setting back the religion and demonstrates excessive government entanglement with religion by discriminating against Jewish Culture and religion. The reason for these violations are not reasonably related to penological interest. I grieved all these issues through the FSA Chavez, Warden, Darcie Holthaus, and Zmuda. I explained that prisons cannot make prisoners choose between religious practice and adequate Nutrition. I also included the anti-semetic behaviors, forcing me to change religions to attend Church, forcing me to change race from Native American originally or I had to do smudging, and all Free Exercise Claims under the Turner Test and Establishment Clause. Defendants responded with "We are not violating your rights." Each individual agreed with the next in the grievance process.

<u>Defendants Involved</u>: Chavez, Holthaus, Hook, and Zmuda. LArry Turner was also notified of these constitutional violations and reminding

(14)

CDOC and his office that the transfer (to Kansas) was made for exercising 1st Amendment rights knowing that TCF didn't recognize Jewish religion and that my rights were being violated in Kansas Dates: August 2023 - Current

## Count IV: Retaliation for filing claims

Retaliation began for doing something that I had a constitutional right to do under a "protected conduct." These actions began from TCF officials for filing a Habeas Civil Action in local courts in Jan. 2024 and a 1983 Claim in Feb. 2024 as part of my First Amendment rights. These actions are "adverse actions" and would stop an "average person" from continuing with their suit. Finally, there is a casual connection because defendants listed in this Section did what they did because of what I was doing and was directly related to my protected conduct. On Feb. 1st, I received a letter from Dona Hook stating there was a pending investigation about my use of the tablet and the tablet would be revoked until the investigation was completed. Now this was a result of filing grievances and pointing out TCF's lack of responding to Emergency situations, PREA's, abuse, statue violations, etc. in a State Habeas (Civil). Instead of sending these efile



documents to the appropiate address, TCF received a copy to themselves stalling the proceeding on multiple occasions. On Feb. 1st, I was told that the State Habeas was being sent to the Federal District Court instead of the state efile address. This is the same day that I received the tablet suspension letter. After reviewing my tablet, I did not violate any tablet policies. However, I was given a DR that said I entered into contracts and that I fulfilled my end of the obligation when I mailed out gifts from property on Dec. 12th without the facility approval. First, this was inaccurate because the facility has a process in place to mail out items and they approve it and debit the inmates account which I had done according to policy. The write-up was frivolous and an attempt to cover up TCF's lack of grievance process electronically. I had exposed how officials ignore emergency grievances and ignore issues within the facility. As a result, this was a way to keep me from continuing electronically. In fact, the DR that was given did not have a tablet suspension as part of the punishment that is allowed for a Class III. This was retaliation for seeking remedies and for filing about the constitutional violations.

(16)

I wrote Holly Chavez and Dona Hook to let
them know that I had an open emergency
grievance against the hearing officer who had
threatened me in Jan. 2024. The Emergency grievance
had not been addressed and this officer Van Dyke
was holding the hearing which would be unfair and
impartial. Both Defendants allowed the hearing to take
place. The hearing took place on Feb. 26th, 2024.  .
I asked for evidence against me and Van Dyke denied
it. She told me to write a statement. I wrote a statement
that I did not enter into any contracts nor would they
be any evidence that said I entered into a contract.
She continued to refuse due process during the
hearing and was not fair and impartial in the decision
making because I had reported her in Jan. 2024 before
receiving the DR. Van Dyke gave me the most extreme
punishment of 10 days of room restriction for the lowest
DR of a class III. Other individuals with class I and II's
receive less. In fact, most Class III's are turned into
diversions or summary judgments especially for inmates
who do not get into trouble or ever had a DR. I had
never been found guilty of a DR in prison and this was en
extreme measure taken by Van Dyke, Chavez, and Hook
to justify suspending the electronic grievances. As of
3/25/2024, I still am facing extreme punishments for



filing civil actions. I am the only inmate without
a tablet that was not even part of the DR. Although
the tablet is a privledge, this is prison officials way to
keep me from filing electronic forms that have a
tracking number on them because their paper form
9's and grievances does not hold them accountable
due to lack of tracking. I appealed the frivolous
DR hearing and the impartial decision maker in Officer
VanDyke to Ms. Chavez for Donna Hook. I was told
this was not grievable. I also appealed the continued
retaliation for filing a USC 1983 by lengthy room
searches. One happened on the day I officially
filed and it lasted over an hour. Another happened
on 3/22/2024 for 3hrs and ten minutes which included
going through my legal box and reading info. I asked
what was the purpose for reading this information and
was told the officer was looking for a number. Once again
another frivolous scheme by prison officials as nothing
was found in my room. Prior to Jan. 2024 and filing
civil actions I had never been targeted for obsessive
room searches from Aug. 2023 - Jan. 2024. I also had
not received DR's until I mentioned filing a civil
action. This is when I began to get threatened
by staff such as VanDyke, had my job as a porter
taken by Hartpence, and was given a false



DR with the officer who threatened me holding the hearing, refusing to identify any evidence, and who already had the 10 day punishment written down even before the hearing began. The continued tablet restriction which is not part of the Class III punishment given Prevents me from filing electronic grievances (they will ignore paper request), prevents me from receiving facility messages and updates, prevents me from viewing inmate banking and funds that I have, restricts me from religious material, Jewish content and Church, and prevents my access to legal resources and outside assistance that I used the tablet for. Prison Officials Chavez, Hook, and Holthaus are working to prevent or limit my outside resources for help with prison conditions and to punish me excessively for filing civil actions. The punishment is substantial because no other resident in the facility has received this excessive punishment for a prolonged time for a class III. In fact, they have not even received this for a Class I such as assaults, Contraband, drugs, etc. or a Class II disruptives and fighting. Nor have they had an impartial decision maker by someone who threatened them prior as VanDyke did.

<u>Defendants Involved</u>) Chavez, Hook, Hartpence, Holthaus, Zmuda, and VanDyke

<u>Dates</u>: Dec 2023-(threatened civil action) Current