IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LETECIA STAUCH,

    **Plaintiff,**

    v.                                        CASE NO. 24-3027-JWL

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Topeka Correctional Facility in Topeka, Kansas ("TCF"). Plaintiff is a Colorado Department of Corrections' prisoner housed at TCF through the Interstate Corrections Compact. The Court granted Plaintiff leave to proceed in forma pauperis. On April 29, 2024, the Court screened Plaintiff's Amended Complaint and entered a Memorandum and Order (Doc. 13) ("M&O"), dismissing Plaintiff's claims regarding her security classification and housing assignment at TCF, and dismissing her claims against Valerie Watts and Centurion. The Court found that the proper processing of Plaintiff's remaining claims could not be achieved without additional information from appropriate KDOC officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the appropriate KDOC officials to prepare and file a *Martinez* Report regarding the remaining claims.

This matter is before the Court on the Motion for Joinder and Motion for Appointment of Counsel (Doc. 15) filed by Kimberly Younger, Barbara Frantz, Sharon Huddleston, Kora Liles, Michaela Spencer, and Jennifer Lockett. The movants seek to join this case, claiming they have a right to relief jointly arising out of the claims regarding: exposure to contaminated water on

1

January 14, 2024; exposure to mold, toxins and sewage gas without adequate ventilation causing substantial side effects and harm; and health and safety issues in the kitchen which amount to deliberate indifference.  (Doc. 15, at 1.)   The movants also request the appointment of counsel.  *Id*. at 3–4.

The claims that the movants allege they have in common with Plaintiff have not passed screening.  The Court has ordered a *Martinez* Report to assist with screening.  The Court's M&O provides that "[o]nce the report has been received, the Court can properly screen Plaintiff's remaining claims under 28 U.S.C. § 1915A."  (Doc. 13, at 11.)   The M&O further provides that "[n]o motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared."  *Id*. at 12.  Therefore, any request for joinder is premature until the Amended Complaint has been screened following submission of the Report.

Furthermore, courts have found permissive joinder of plaintiffs not feasible in prisoner litigation.  Plaintiffs must comply with Rule 20(a)(1) regarding permissible joinder of plaintiffs. *Etier v. Soptic*, 2022 WL 1202395, at *3 (D. Kan. 2022).   "In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)." *Id.* (citations omitted); *see also Bray v. Oklahoma Cty. Jail Auth.*, 2022 WL 1097094, at *1 (W.D. Okla. 2022) (finding joinder infeasible, noting that the PLRA requires each plaintiff to pay the entire filing fee, one inmate may not legally represent another, and "prison movements and regulations could, at any time, restrict interpersonal communication between the Plaintiffs").

This Court has previously decided that prisoner plaintiffs may not undermine the statutory fee obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee.  *See Holder v. Kansas*,

No. 07-3059-SAC, 2008 WL 199821, at *1 (D. Kan. Jan. 23, 2008) (citing *see e.g.*, *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (each prisoner must proceed in a separate action and be responsible for payment of the full district court filing fee) and *Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191 (W.D. Okl. Feb. 1, 2007) (discussing difficulties if joinder of prisoner plaintiffs permitted)); *see also Davidson v. Thompson*, Case No. 18-3084-SAC, 2019 WL 1317465, at *2 (D. Kan. March 22, 2019) ("This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee.") (citations omitted).

All of the movants, except Sharon Huddleston, have now filed their own separate cases. *See Frantz v. Zmuda*, Case No. 24-3068-JWL; *Younger v. Zmuda*, Case No. 24-3069-JWL; *Liles v. Zmuda*, Case No. 24-3070-JWL; *Spencer v. Zmuda*, Case No. 24-3071-JWL; and *Lockett v. Zmuda*, Case No. 24-3072-JWL.

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion for Joinder and Motion for Appointment of Counsel (Doc. 15) is **denied.**

**IT IS SO ORDERED**.

Dated May 14, 2024, in Kansas City, Kansas.

                                            **S/ John W. Lungstrum**
                                            **JOHN W. LUNGSTRUM**
                                            **UNITED STATES DISTRICT JUDGE**