Exhibit __3__ Timeline pages __4__

[Stauch April 23rd - May 1st - Proof of 8th Amendment Continued Violation and Continued retaliation]   1 of 6

<u>Note:</u> Passover was April 22nd - April 30th

April 23rd, 2024 - Plaintiff met with Mental Health around 8:45 am (Piper Cottingham) and made a religious comment based on my faith an beliefs

April 23rd 2024 - 6 hours later 1st SSGT Jaques forced Plaintiff off the phone and moved Plaintiff to Crisis.
  A) 6 hrs had passed since the religious conversation had passed
  B) There is protocol in place to send a resident to do a mental health assessment by Dr. Nelson. Plaintiff WAS NOT assessed by Dr. Nelson and was placed on crisis for a 1st Amendment right. This was retaliation by the facility for legal actions. Plaintiff was not suicidal nor disruptive (NO DR). Plaintiff was assaulted by 1st SSGT Jaques and then placed in a restraint chair without Dr. Nelson

Exhibit 3

accessing the situation or agreeing to do a placement in the Chair. This is retaliation because 1st SSGT said "his family was the attorney, and to stop filing legal documents."

## This Became Cruel and Unusual

A) Stayed in the restraint chair for 6 hours without food, water or the ability to use the bathroom
B) Prison officials had no "reasonable" justification for the deprivation
C) Facility was then able to pack out all belongings and went through all legal notes against facility. Some notes of relevance are missing
D) From April 23rd - April 25th, Plaintiff was left without clothing, shampoo, soap, bed, other hygiene like toothbrush, toothpaste, etc. Plaintiff was denied the passover meal that Chaplin Waller had approved.
E) Plaintiff missed the entire passover meals and tradition, and was told

Exhibit 3                                3 of 6

to stop all legal action by 1st SSGT Jaques, Captain Roberts and others. Remained in Crisis for my beliefs from April 23rd - May 1st for punishment of exposing religious violations at TCF and for filing a legal action in a Kansas Court.

F) The restraint chair was against policy of 2hrs and TCF policy says the chair is not used for a crisis unless a doctor evaluates the individual for the chair. It was 6 hours and a doctor did not come into the pod to evaluate the situation or access plaintiff.

G) During April 25th - May 1st - Plaintiff was forced to live in a cell that had feces from another resident before. There was blood on the window and floor from another individual. The pit overflowed in the cell several times to include bad odors and sewer gas.

Issues were ignored and officials are deliberate and Indifferent once becoming aware.

Exhibt 3                                4 of 6

<u>Defendants Involved</u> - 1st SSGT Jaques was aware of these issues and relayed the information to Defendant Dona Hook. Plaintiff personally contacted Darcie Holthaus and Plaintiff's family contacted Larry Turner.

#129417

## Form 9 to KDOC    5 of 6

Defendants have took an adverse action against plaintiff that would deter a person of "ordinary firmness" from continuing to engage in that conduct. In addition to the three hour room searches, the defendants continue to deny programs, groups, industry jobs, dog programs, advanced education, and any mental or physical rehabilitation that other similarly situated inmates have. Then on April 23rd, I was put into crisis for my religious beliefs and remained there for filing a habeas and a USC 1983. On this day, I went to a mental health sick call and we had a conversation about religious beliefs (we being Ms. Cottingham and myself) around 8:45 am. At 2:45 pm (6 hrs) I was removed from the phone and told by 1st SSGT that he was using a religious comment that I made to take me up for a crisis evaluation. Six hours had passed and there was no concern from staff. Instead he threw me against a shower wall

6 of 6

and then in a restraint chair because I always grieved him and for seeking legal remedies. He stated, "This is what you get for grieving me and filing 1st Amendment claims." This was done maliciously and as a result of exercising a protected right. To make matters worse defendants left me in crisis as a punishment and a restraint chair for 6 hours against policy amounting to cruel and unusual punishment. I was in crisis from April 23rd - May 1st during the entire passover; again another form of retaliation keeping me from practicing my religious beliefs. Passover was April 22nd - April 30th. I didn't receive any DR's nor was I in any kind of trouble. They waited 6 hrs to come up with a plan to use force and maliciously punish me. 1st SSGT Jaques told me that his family were the attorneys and I needed to stop all legal actions. I <u>never</u> had an initial crisis evaluation and <u>all</u> actions were a result of filing legal remedies.

Exhibit 4
pages ② 1 of 2

Class of One theory

# Similarly Situated Residents

| Resident Names | Summary of Residents |
|---|---|
| 1) Letecia Stauch - treated disparately Note: Not a disciplinary Issue - Constantly retaliated on by TCF | - No programming<br>- Denied rehabilitation, dog program, Most jobs, access to the CO Courts, Outside medical, right to attorney |
| 2) Resident - Hillard<br>- Considered a lifer per KDOC Policy | - works an industry job<br>- access to Kansas Courts for appeals and access to attorney<br>- 1st amendment rights<br>- treated fairly and equally |
| 3) Resident - Kirkpatrick | - no constitutional rights violated<br>- no retaliation<br>- access to Courts and attorney<br>- has 1st Amendment rights<br>- Industry Job |
| 4) Tria Evans<br>- Similar charges<br>- Several DR's<br>- Escaped out of 2 fences<br>- Sentenced (Life) | - Has access to Kansas Court<br>- access to medical (gatekeeper)<br>- Housing → out all day (Incentive Unit) - does not have mail tampered with, no cruel and unusual punishment or retaliation |

# Continued: Similarly Situated    2 of 2

| | |
|---|---|
| 5) Resident- Green<br>- Considered a Lifer per KDOC Policy | - escape History<br>- treated fairly and no violation of Constitutional rights<br>- housed away from predators and 8th Amendment Violations |
| 6) Resident- Miles | - escape History<br>- Program opportunities<br>- no constitutional rights violation<br>- preferential treatment/housing<br>- no retaliation |
| 7) Resident- Allcotti<br>- Considered a lifer per KDOC policy | - no constitutional rights violated<br>- housed away from predators and 8th Amendment Violations<br>- no retaliation |
| 8) Micaela Spencer<br>- Several DR's<br>- Sentence (Lifer)<br>- Restricted area's<br>- Several Lewd acts | - Has access to the courts, Appellate attorney, not retaliated on for exercising 1st Amendment, Housing - out all day, access to programs, rehabilitation, Safe, etc. |

Exhibit 5    Pages ①                              ⑤

## Contamination, Toxins, Sewer gas, etc.

These are beyond discomfort or inconvenience and demonstrate that these conditions of confinement pose an unreasonable risk of serious damage to health and safety.

### I Cell House

Dec. 8th - Sewer gas - Overflow w/ human waste
Dec. 14th - Toxins through vents - No Ventilation
Dec. 23rd - Sewege leaks and gas, NO VENT.
Dec. 24th - High Concentration Sewer gas - Waste
Jan. 14th - Contaminated water and human waste
Jan. 15th - Contaminated water and human waste
Jan. 16th - Contaminated water exposure
March 2nd - Sewege and human waste
March 3rd - Sewese and human waste
March 19th - Toxins unknown - No Ventilation
April 4th - Overflow w/ human waste
April 27th - Water Contamination
May 11th - Sewege and human waste
May 13th - Toxins from showers in 1B - Evacuated for 30 minutes due to fumes and sickness but we were forced to return

Cafeteria - Ongoing water leaks, standing water (constant), visible mold in food preperation and serving areas, and bugs and rodents daily.