IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LETECIA STAUCH,

      **Plaintiff,**

      v.                                      CASE NO. 24-3027-JWL

JEFF ZMUDA, et al.,

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Topeka Correctional Facility in Topeka, Kansas ("TCF"). Plaintiff is a Colorado Department of Corrections' prisoner housed at TCF through the Interstate Corrections Compact. The Court granted Plaintiff leave to proceed in forma pauperis. On April 29, 2024, the Court screened Plaintiff's Amended Complaint and entered a Memorandum and Order (Doc. 13) ("M&O"), dismissing Plaintiff's claims regarding her security classification and housing assignment at TCF, and dismissing her claims against Valerie Watts and Centurion. The Court found that the proper processing of Plaintiff's remaining claims could not be achieved without additional information from appropriate KDOC officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the appropriate KDOC officials to prepare and file a *Martinez* Report regarding the remaining claims.

This matter is before the Court on Plaintiff's Motion to Amend (Doc. 19), seeking to add proof of continued Eighth Amendment violations and continued retaliation by TCF staff. *See* Doc. 19–1. Plaintiff alleges that based upon religious comments she made to mental health providers on April 23, 2024, she was moved to crisis. *Id.* at 1. Plaintiff alleges that she was not

1

assessed by Dr. Nelson despite "protocol in place to send a resident to do a mental health assessment by Dr. Nelson." *Id*.  Plaintiff alleges that she was not disruptive or suicidal, and her placement on crisis was retaliation. *Id*.  Plaintiff alleges that she was assaulted by SSGT Jaques when he placed her in a restraint chair without an assessment by Dr. Nelson. *Id*. at 1–2.  Plaintiff also seeks to add SSGT Jaques as a defendant. (Doc. 19, at 1.)  Plaintiff alleges that she was in the restraint chair for six hours and was on crisis level from April 23 to May 1, 2024. (Doc. 19–1, at 2–3.)  Plaintiff also makes claims regarding her conditions during this timeframe. *Id*. at 1–2.

The Court denies Plaintiff's motion to amend.  Although a plaintiff is entitled to amend a complaint once as a matter of right under Fed. R. Civ. P. 15, Plaintiff has already filed an Amended Complaint (Doc. 12) and is no longer entitled to amend as a matter of right. *See* Fed. R. Civ. P. 15(a)(1) (Amending as a Matter of Course).  Plaintiff's motion does not include a proposed amended complaint.  A proposed amended complaint—which must be on a Court-approved form—must be attached to a motion to amend.  *See* D. Kan. Rule 9.1(a)(3) ("civil rights complaints by prisoners under 42 U.S.C. § 1983 . . . must be on forms approved by the court"); D. Kan. Rule 15.1(a)(2) ("[a] party filing a motion to amend . . . must:  . . . (2) attach the proposed pleading or other document. . .").

Plaintiff's motion sets forth facts surrounding an incident occurring after she filed her Amended Complaint.  If she believes she has a cause of action based on her placement on crisis level and interactions with SSGT Jaques, she should file a complaint after exhausting the facility's administrative grievance procedures regarding the claim.

Plaintiff has also filed two motions for reconsideration (Docs. 18, 25.)  The Court has ordered a *Martinez* Report in this case, which is due by June 28, 2024. *See* Doc. 13.  Plaintiff is

cautioned that the Court's M&O provides that "[n]o motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared." *Id*. at 12.

The Court will address the motions for reconsideration after reviewing the *Martinez* Report. The KDOC should include any response to the motions in the Report. Plaintiff should refrain from filing any further submissions until the Report has been filed and reviewed by the Court.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Amend (Doc. 19) is **denied.** Plaintiff should refrain from filing any further submissions until the *Martinez* Report has been filed and reviewed by the Court.

**IT IS FURTHER ORDERED** that the KDOC should include any response to Plaintiff's motions for reconsideration in the *Martinez* Report.

**IT IS SO ORDERED**.

**Dated June 7, 2024, in Kansas City, Kansas.**

> S/ John W. Lungstrum
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**