### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LETECIA STAUCH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 24-3027-HLT-BGS |
| | ) |
| **JEFF ZMUDA,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### DEFENDANTS' PARTIAL MOTION TO DISMISS,

Defendants Jeff Zmuda, Darcie Holthaus, Dona Hook, Holly Chavez, Dalton Hartpence, and (fnu) Dietrick ("Defendants"), respectfully request, through Assistant Attorney General Matthew L. Shoger, that this Court dismiss the claims against them under Fed. R. Civ. P. 12(b). Defendants attach three new exhibits, outlined in the table below, and state the following in support.

As an initial matter, a partial motion to dismiss, requesting dismissal of some but not all claims in a case, tolls the deadline to file an answer for all claims under Federal Rule of Civil Procedure 12(a)(4)(A). *Phoenix v. Wormuth*, No. 23-5130, 2023 WL 9660884, at *4 (6th Cir. Nov. 13, 2023) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1346 (4th ed. June 2024 Update) (saying this is "the better view—supported by the weight of the limited authority on this point")). Alternatively, if the Court holds that the answer deadline is not tolled, Defendants request an extension of time to file their answer until 14 days after the court's ruling on this motion.

### INDEX OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | Declaration of Darcie Holthaus |

| B | Declaration of Holly Chavez |
| C | Selected court records from related District of Colorado case 1:22-cv-02467 |

## NATURE OF THE CASE

Plaintiff Letecia Stauch, an inmate currently incarcerated at Topeka Correctional Facility (TCF), alleges that since she was transferred to TCF in August 2023 (*see, e.g.,* Doc. 12 at 17) her constitutional rights have been violated in various ways. In Count I, she alleges under the First Amendment that her legal mail has been tampered with by Defendants Chavez, Hook, Zmuda, and Hartpence. (Doc. 12 at 4, 7-9.) In Count II, she alleges under the Eighth Amendment that Defendant Dietrick sexually assaulted her and that Defendants Chavez, Hook, and Zmuda failed to act on the alleged abuse and forced her to stay around her alleged abuser. (Doc. 12 at 4, 13-14.) In Count III, she alleges under the First Amendment that her free-exercise rights were violated by Defendants Chavez, Holthaus, Hook, and Zmuda because no Jewish church services were available, she could not attend church services without switching her religious affiliation to a religious group that held active church services, and she could not receive a kosher diet. (Doc. 12 at 5, 17-20; *see also* Doc. 27 at 30.) Although Stauch made other claims in her Complaint, the Court dismissed Stauch's other claims on screening under the Prison Litigation Reform Act (PLRA). (Doc. 13 at 11; Doc. 29 at 20.)

Stauch filed this lawsuit on February 16, 2024 (Doc. 1), and filed her Amended Complaint ("Complaint") on March 26, 2024 (Doc. 12). A *Martinez* Report was filed on July 12, 2024. (Doc. 24.) The Court finished screening the Complaint under the PLRA on October 31, 2024. (Doc. 29 at 20.) Stauch seeks compensatory damages and injunctive relief. (Doc. 12 at 6.) Defendants now file their Partial Motion to Dismiss.

The Court should dismiss official-capacity claims for monetary damages for lack of subject-matter jurisdiction due to Eleventh-Amendment immunity. The Court should dismiss

individual-capacity claims for injunctive relief as unavailable under § 1983. The Court should dismiss the remaining claims against Defendants under Counts I and III under Rule 12(b) as a matter in abatement for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). Alternatively, Defendants request an evidentiary hearing on the exhaustion issue, or for the Court to convert this motion to a summary-judgment motion and grant the Defendants summary judgment on Counts I and III due to failure to exhaust administrative remedies.

Further in the alternative, the interference-with-mail claim should be dismissed for failure to state a claim because the District of Colorado's orders were mailed to the wrong address. And claims for compensatory damages under Counts I and III should be dismissed due to lack of a physical injury or sexual act with regard to those counts.

If this Motion is fully granted, the only remaining claims would be individual-capacity claims for compensatory damages under Count II and official-capacity claims for injunctive relief under the same count, all against only Defendants Dietrick, Chavez, Hook, and Zmuda.

## ARGUMENTS AND AUTHORITIES

I. **The Eleventh Amendment bars Stauch's § 1983 claims against Defendants in their official capacities for monetary damages.**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims for lack of subject-matter jurisdiction. "Once effectively asserted, Eleventh Amendment immunity constitutes a bar to the exercise of federal subject matter jurisdiction." *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019). "The Eleventh Amendment bars suits in federal court against a nonconsenting state brought by the state's own citizens." *Id.* (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)). State officials such as KDOC employees share the state's immunity from suits against them in their official capacities. *See id.*;

3

*White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996). A narrow exception allows a plaintiff to seek prospective relief against a state official for ongoing violations of federal law. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)). But claims for "retrospective declaratory relief" are barred. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004).

Here, Stauch requests prospective injunctive relief against Defendants (Doc. 12 at 6), and this particular remedy is exempt from Eleventh Amendment immunity. But Stauch also requests monetary damages in the form of compensatory damages (Doc. 12 at 6), which are barred by the Eleventh Amendment as asserted against Defendants in their official capacities. Therefore, Stauch's claims against Defendants in their official capacities for monetary damages should be dismissed for lack of subject-matter jurisdiction due to Eleventh Amendment immunity.

## II. Claims for injunctive relief under § 1983 cannot be brought against a defendant in their individual capacity.

Claims for injunctive relief against government officials, even if phrased as individual-capacity claims, are effectively official-capacity claims because the "plaintiff seeks to change the behavior of the governmental entity." *DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 718 (10th Cir. 1988). Accordingly, under § 1983, which necessarily involves actions under the color of state law, "a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1214 (10th Cir. 2022), *cert. denied*, 143 S. Ct. 1748 (2023).[1] Here, Stauch cannot bring claims under § 1983 for injunctive relief against the Defendants in their individual capacities. Those claims are effectively official-

---

[1] *But see Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997) (in dicta, describing the *Ex Parte Young* exception as applying to "suits seeking declaratory and injunctive relief against state officers in their individual capacities").

4

capacity claims.

### III. As a matter in abatement, Counts I and III should be dismissed because Stauch failed to exhaust her administrative remedies under the PLRA.

#### A. Exhaustion of administrative remedies is a matter in abatement, so factual disputes regarding it can be resolved on a motion to dismiss.

Federal Rule of Civil Procedure 12(d) states: "If, on a motion under *Rule 12(b)(6)* or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" (emphasis added). But a defense of failure to exhaust does not fall under Rule 12(b)(6) because it is not related to the merits of the action. *Bryant v. Rich*, 530 F.3d 1368, 1374-76 & n.12 (11th Cir. 2008) (approvingly cited by *Valenzuela v. Silversmith*, 699 F.3d 1199, 1205 (10th Cir. 2012)); *see also Valenzuela*, 699 F.3d at 1205 (saying failure to exhaust is a "threshold, nonmerits issue"), 1208 ("A dismissal based on lack of exhaustion should ordinarily be without prejudice"); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice'"). "Federal courts . . . traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statute," including

> pretrial motions . . . closely related to the management of the lawsuit [that] might be characterized in general terms as involving matters of judicial administration; the authority to hear these motions lies in the inherent power of a court to regulate actions pending before it. In this category fall motions to stay and motions to dismiss because another action is pending.

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d ed. June 2024 Update). The court in *Bryant* held that exhaustion of administrative remedies under the PLRA is such a matter of judicial administration. *Bryant*, 530 F.3d at 1375 (11th Cir. 2008).

"When the court treats the motion as having been brought under Rule 12(b), then it is subject to the rules and practices applicable to the most analogous Rule 12(b) motion." Wright &

5

Miller § 1360. The *Bryant* case recognized exhaustion as a matter in abatement and compared it to how other matters in abatement are handled under Rule 12(b). *Bryant*, 530 F.3d at 1376. Black's Law Dictionary defines abatement as "[t]he suspension or defeat of a pending action for a reason unrelated to the merits of the claim." Abatement(2), Black's Law Dictionary (12th ed. 2024). So a matter in abatement is a matter that can suspend or defeat an action but is unrelated to the merits of that action. Matters in abatement include not only exhaustion but also jurisdiction, venue, and service of process, and such matters are not traditionally matters for a jury. *Bryant*, 530 F.3d at 1376-77; *see also id.* at 1376-77 ("Requiring jury trials to resolve factual disputes over the preliminary issue of exhaustion would be a novel innovation for a matter in abatement" such as "the PLRA's exhaustion requirement"). Accordingly, the summary judgment standard, which considers whether "a reasonable jury could find in favor of the nonmovant," *see Sinclair Wyo. Refin. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 765 (10th Cir. 2021), does not apply, as no jury should be involved for the exhaustion issue.

> Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.

*Bryant*, 530 F.3d at 1374-75 (emphasis added); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (3d ed. June 2024 Update) (saying "the defenses enumerated in Rule 12(b)(1) through Rule 12(b)(5) and Rule 12(b)(7) generally are not proper subjects for motions for summary judgment" because they "are in the nature of pleas in abatement"). As the Eleventh Circuit explained:

> Because the failure to exhaust is "treated as a matter in abatement and not an adjudication on the merits," the district court may consider facts outside the pleadings "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."

6

*Shivers v. United States*, 1 F.4th 924, 935 (11th Cir. 2021) (quoting *Bryant*, 530 F.3d at 1376).

This does not contradict any holdings from the Tenth Circuit. Because failure to exhaust is an affirmative defense, the burden of asserting failure to exhaust lies with the defendants. *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007). So the Tenth Circuit limited *sua sponte* dismissals based on failure to exhaust to when the failure is evident from the face of the complaint. *Freeman*, 479 F.3d at 1260 (citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)). Three unpublished Tenth Circuit decisions have, in dicta, extended this limitation to motions to dismiss, but all three *affirmed* a dismissal based on failure to exhaust raised in a motion to dismiss. *Cirocco v. McMahon*, 768 F. App'x 854, 855, 858 (10th Cir. 2019) (affirming and remanding for employment-discrimination claims to be dismissed "without prejudice" based on failure to exhaust); *Burnett v. Okla. Dep't of Corr.*, 737 F. App'x 368, 371-73 (10th Cir. 2018); *Russell v. Lincoln*, 267 F. App'x 785, 787 (10th Cir. 2008). The undersigned counsel has diligently searched and has been unable to find any Supreme Court or Tenth Circuit decisions declining to allow evidence regarding exhaustion to be considered on a motion to dismiss. So to treat exhaustion under the PLRA as a matter in abatement would not require ignoring any holdings from the Supreme Court or Tenth Circuit. Alternatively, Defendants make a good faith, "nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" in light of the Eleventh Circuit's sound reasoning. *See* Fed. R. Civ. P. 11(b)(2); *see also Dimanche v. Brown*, 783 F.3d 1204, 1210 (11th Cir. 2015) ("A defense of failure to properly exhaust available administrative remedies under the PLRA should be treated as a matter in abatement.").

### B. Exhaustion of administrative remedies is mandatory under the PLRA.

The PLRA requires an inmate to exhaust all available administrative remedies before bringing a § 1983 claim about prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534

7

U.S. 516, 520 (2002). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). "[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "An inmate properly exhausts a claim by utilizing each step the prison holds out for resolving the claim internally and by abiding 'with an agency's deadlines and other critical procedural rules.'" *Gray v. Sorrels*, 818 F. App'x 787, 789 (10th Cir. 2020) (quoting *Woodford*, 548 U.S. at 90). "In other words, a prisoner must comply with procedural 'rules that are defined not by the PLRA, but by the prison grievance process itself.'" *Williams v. Hill*, 422 F. App'x 682, 684 (10th Cir. 2011) (quoting *Bock*, 549 U.S. at 218).

In a suit governed by the PLRA, failure to exhaust is an affirmative defense, and the defendant has the burden of proof regarding exhaustion of administrative remedies. *Roberts v. Barreras*, 484 F.3d 1236, 1240-41 (10th Cir. 2007). "The issue of Plaintiff's failure to exhaust [her] available administrative remedies before filing [her] lawsuit must be determined before reaching the merits of [her] lawsuit." *See Bateast v. Orunsolu*, No. 22-3093-JWL, 2023 WL 3072669, at *5 (D. Kan. Apr. 25, 2023) (citing *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010)).

The KDOC Grievance Procedure for Inmates is set forth in K.A.R. § 44-15-101 *et seq.*, and applies "to a broad range of matters that directly affect the inmate, including . . . [c]omplaints by inmates regarding policies and conditions within the jurisdiction of the facility or the department of corrections; and . . . actions by employees and inmates, and incidents occurring within the facility." K.A.R. § 44-15-101a(d)(1). Here, this regulation applies to Stauch's § 1983 claim because her Complaint involves the alleged actions of KDOC employees. *See Lindsey v. Cook*, No. 19-3094-HLT, 2021 WL 483855, at *2 (D. Kan. Feb. 4, 2021).

8

An inmate must take four steps to complete the grievance process: (1) attempt an informal resolution with unit team members; (2) submit a grievance to an appropriate unit team member; (3) submit a grievance to the warden; and (4) appeal to the secretary of corrections. *Lindsey*, 2021 WL 483855, at *2; K.A.R. §§ 44-15-101(b), (d), -102(a)-(c). At step two, the inmate must include documentation of the informal-resolution attempt. *See* K.A.R. 44-15-101(b), -102(a)(1). And step two must occur within 15 days of discovery of the issue, not counting weekends or holidays. *See* K.A.R. § 44-15-101b. If the inmate does not receive a response at steps two or three within ten days, the inmate can move to the next step in the process but must do so within three days of that deadline. *Lindsey*, 2021 WL 483855, at *3; K.A.R. § 44-15-102(a)(2), (b), (b)(3)(A)(ii), (G), (c)(1).

### C. Stauch failed to appeal any grievances regarding her current claims to the Secretary of Corrections.

Stauch is currently incarcerated (Doc. 12 at 1-2; *see also* Docket (showing Stauch's address according to the record for purposes of service)), and she brings conditions-of-confinement claims under § 1983, so the PLRA's exhaustion requirement applies. *See* 42 U.S.C. § 1997e(a). KDOC has supplemented its paper grievance system with the option of using an electronic grievance system. (Exhibit A at ¶¶ 4-5; Exhibit B at ¶¶ 4-5.) For general grievances filed in the electronic grievance system, an informal-resolution attempt comes first, then grievances go through four levels, with Level 4 grievances representing an appeal to the Secretary. (*See* Exhibit B at ¶¶ 6-28; *see also* Doc. 24-10 at 12-14; Exhibit B at 10-20.) For emergency grievances filed in the electronic grievance system, grievances go through two levels, with Level 2 emergency grievances representing an appeal to the Secretary. (*See* Exhibit B at ¶¶ 29-30.) Appeals can be made using the paper grievance system even if the grievance started as an electronic grievance. (Exhibit B at ¶¶ 18-22, 24-26, 29-30, pg. 9; *see also* Exhibit A at 60-88

(examples of Stauch appealing electronic grievances via paper).)

In October 2023, Stauch sent an informal letter directly to the Secretary of Corrections to raise various matters of concern. (Exhibit A at ¶¶ 6-9, pgs. 7-21.) The letter attached what appears to be a simulated court filing that included mention of religious issues. (Exhibit A at 11, 16-17.) But this informal letter and its unusual attachment did not follow the formal grievance procedures of KDOC. (*See* Exhibit A at 7.)

In December 2023, the Secretary of Corrections' designee responded to an informal letter that Stauch had sent directly to the Secretary of Corrections, attempting to raise multiple matters of concern, including "a diet based on religious proscriptions." (Exhibit A at ¶¶ 10-11, pgs. 22.) But this informal letter did not follow the formal grievance procedures of KDOC.

In January 2024, Stauch appealed paper grievance number 20240029 to the Secretary of Corrections. (Exhibit A at ¶¶ 12-15, pgs. 23-33.) This grievance complained about the Interstate Corrections Compact, that she was being held in Kansas, and – without any elaboration – that her "civil liberties" were being denied. (Exhibit A at 29.) This grievance does not relate to any of Stauch's current claims. And she failed to attach documentation of her informal-resolution attempt. (Exhibit A at 27-28.)

In February 2024, Stauch filed a combined appeal of grievance and informal request numbers 403626461, 381794331, 358380041, 358227081, 411181831, 407581871, 409500561, and 405397891 to the Secretary of Corrections. (Exhibit A at ¶¶ 16-19, pgs. 34-59.) Because the lower grievance steps had not been completed, the Secretary forwarded the appeal to the TCF warden for the facility's response to each of the related grievances. (Exhibit A at ¶¶ 16-18, pg. 34.) A technical issue with the electronic grievance system at TCF during this timeframe had resulted in a backlog of grievances and appeals that had not been responded to. (Exhibit B at

10

¶¶ 31-36.) Due to Stauch being suspended from electronic access at this time, all further grievance correspondence was done by paper rather than electronically. (*See* Exhibit B at ¶¶ 18-20, pg. 9.)

The warden responded to grievance number 403626461 by paper letter on February 20, 2024. (Exhibit B at ¶¶ 40-41, pgs. 26-29.) The grievance complained about TCF General Order 15-108 and what it says about curfew and access to the day room. (Exhibit B at 26.) It does not relate to any of Stauch's current claims. (However, after receiving a response from the warden, Stauch did re-appeal the grievance to the Secretary. (Exhibit A at ¶¶ 32-35; pgs. 81-88.))

The facility responded to grievance number 381794331 by paper letter on March 8, 2024. (Exhibit A at ¶¶ 28-31, pgs. 74-80.) The grievance complained about sexual harassment. (Exhibit A at pg. 79.) It does not relate to Counts I or III. (However, after receiving a response from the facility, Stauch did re-appeal the grievance to the Secretary. (Exhibit A at ¶¶ 28-31; pgs. 74-80.))

The facility responded to emergency grievance number 358380041 by paper letter on or around February 21, 2024. (Exhibit B at ¶ 39, pgs. 24-25.) The emergency grievance complained of alleged sexual harassment, physical abuse, attempts to kill her, and threats from the Chaplain. (Exhibit B at 24.) This emergency grievance does not relate to Counts I or III. Regardless, after receiving a response from the facility, Stauch did not re-appeal the grievance to the Secretary. (*See* Exhibit A at ¶¶ 36-37.)

The warden responded to emergency grievance number 358227081 by paper letter on March 8, 2024. (Exhibit B at ¶¶ 37-38, pgs. 21-23.) The emergency grievance mentioned preparing to file a suit for "[r]eligious" reasons, including "no Bible." (Exhibit B at pg. 21.) After receiving a response from the warden, Stauch did not re-appeal the grievance to the Secretary. (*See* Exhibit A at ¶¶ 36-37.)

11

Informal request numbers 411181831, 407581871, and 409500561 were not grievances and had been responded to prior to February 2024. (Exhibit B at ¶¶ 44-46, pgs. 33-41.)

Informal request number 405397891 was turned into grievance number 408018511. Chavez responded to that grievance by paper letter on February 20, 2024. (Exhibit B at ¶¶ 27, 42-43, pgs. 30-32.) The grievance complained about law library resources and access. (Exhibit B at pg. 31.) It does not relate to Stauch's current claims. Regardless, after receiving Chavez's response, Stauch did not appeal the grievance to the Secretary. (*See* Exhibit A at ¶¶ 36-37.)

In February 2024, Stauch appealed grievance number 404578081 to the Secretary. (Exhibit A at ¶¶ 20-23, pgs. 60-66.) The grievance complained about PREA-based retaliation by persons other than Defendants. (Exhibit A at 65.) It does not relate to Stauch's current claims.

In February or March 2024, Stauch appealed grievance number 40517231 to the Secretary. (Exhibit A at ¶¶ 24-27, pgs. 67-73.) The grievance complained about alleged violations of PREA procedures by persons other than Defendants. (Exhibit A at 72-73.) It does not relate to Stauch's current claims.

Stauch did not file any other grievance appeals to the Secretary between the time of her being transferred to TCF in August 2023 (Doc. 12 at 17) and her filing the Amended Complaint in March 2024 (Doc. 12). (Exhibit A at ¶¶ 36-37; *see also* Doc. 24-2 at ¶ 8.)

### D. Stauch's grievances and letters do not satisfy the exhaustion requirement under the PLRA for her § 1983 claims.

Stauch never filed a formal grievance related to Counts I or III and appealed it through the proper steps to the highest level. Therefore, Stauch failed to properly exhaust administrative remedies for her claims under Counts I and III, and those claims should be dismissed under Rule 12(b) as a matter in abatement.

E.  **Alternatively, Defendants request an evidentiary hearing on the exhaustion issue.**

In the alternative, if the Court believes an evidentiary hearing is necessary to resolve the exhaustion issue at the dismissal stage, then Defendants request an evidentiary hearing regarding the exhaustion issue prior to any proceedings on the merits of the case, including prior to any answer to the Complaint being required and prior to any discovery on the merits. *See Bryant*, 530 F.3d at 1377 n.16 (citing Fed. R. Civ. P. 43(c)) (discussing such hearings).

F.  **Alternatively, Defendants request that the Court convert this Motion to a motion for summary judgment under Rule 56.**

Further in the alternative, Defendants request that the Court convert this motion to a motion for summary judgment under Rules 12(d) and 56. If the Court so orders, the Court should give the Plaintiff a chance to respond to Defendants' asserted facts in Section III.C of this motion in accordance with the summary judgment standard. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *Jones v. Cannon*, 589 F. App'x 849, 854 & n.5 (10th Cir. 2014).

IV.  **Alternatively, Stauch fails to state a claim for interference with legal mail and for compensatory damages under Counts I and III.**

On a Rule 12(b)(6) motion to dismiss, a complaint must contain enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although courts have traditionally construed *pro se* pleadings in a liberal fashion, this "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

A.  **Stauch fails to state a claim for interference with legal mail because the District of Colorado's orders were mailed to the wrong address.**

Stauch makes vague and conclusory claims that unspecified legal mail was interfered with, but the Court previously found validation of these claims in an order from the U.S. District Court in Colorado. That order seemingly implied that the postal service returned an earlier court

order as undeliverable after an attempted delivery to Stauch's place of incarceration in Kansas (TCF). (Doc. 29 at 6 (quoting *Stauch v. El Paso Cnty.*, No. 1:22-cv-02467, 2024 WL 3722959, at *2 (D. Colo. Aug. 8, 2024)).) But the Court can take judicial notice of other court records from that related case. *Gee v. Pacheco*, 627 F.3d 1178, 1186, 1191 (10th Cir. 2010). And while the District of Colorado had *ordered* its clerk to mail the order in question to Stauch at TCF, the court records show plainly that the clerk failed to do so and *actually mailed the order to the wrong address*. (Exhibit C at 8 (Docs. 61-63). *Compare* Exhibit C at 10-13 *with* Exhibit C at 17 (showing the end of a P.O. box number ending in 5). *See also* Exhibit C at 14-16 (providing TCF's address, not including any numbers that end in 5).) It was not sent to the TCF address until *after* the incorrectly addressed item had been returned as undeliverable. (Exhibit C at 8 (Docs. 61-64).) The docket does not contain any indication that the *correctly* mailed item was ever returned undeliverable. (*See* Exhibit C at 8-9.) Therefore, upon further examination, the District of Colorado case ultimately provides no support for Stauch's conclusory allegations. Because all that remains are vague and conclusory allegations that fail to specify any legal mail items that were interfered with, Count I should be dismissed for failure to state a claim.

**B. Stauch is not entitled to compensatory damages under the PLRA for Counts I or III when she cannot show physical injury or a sexual act.**

Under the Prison Litigation Reform Act (PLRA), Stauch cannot receive damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). Here, Stauch has not alleged a physical injury or the commission of a sexual act under Counts I and III, so she cannot receive damages for mental or emotional injury for those claims. So her claims for compensatory damages (Doc. 12 at 6) under those counts should be dismissed for failure to state a claim. *See Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001).

## CONCLUSION

For these reasons, Defendants request that the Court dismiss the official-capacity claims for monetary damages for lack of subject-matter jurisdiction, the individual-capacity claims for injunctive relief as unavailable under § 1983, and the remaining claims under Counts I and III as a matter in abatement for failure to exhaust administrative remedies. Alternatively, Defendants request an evidentiary hearing on the exhaustion issue, or that the Court convert this motion to a summary-judgment motion and grant the Defendants summary judgment on Counts I and III due to failure to exhaust administrative remedies. Further in the alternative, Defendants request that the Court dismiss for failure to state a claim Stauch's interference-with-mail claim and compensatory-damages claims under Counts I and III.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 28th day of February, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

    Natasha Carter
    Kansas Department of Corrections
    714 SW Jackson, Suite 300
    Topeka, KS 66603
    Natasha.Carter@ks.gov
    *Attorney for Kansas Department of Corrections, Interested Party*

I also certify that a copy of the above will be served on the 3rd day of March, 2025, by means of first-class mail, postage prepaid, addressed to:

    Letecia Stauch #129417
    Topeka Correctional Facility
    815 S.E. Rice Road
    Topeka, Kansas 66607
    *Plaintiff, pro se*

                                                */s/ Matthew L. Shoger*
                                                Matthew L. Shoger
                                                Assistant Attorney General