**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **LETECIA STAUCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 24-3027-HLT-BGS** |
| | ) | |
| **JEFF ZMUDA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DECLARATION OF DARCIE HOLTHAUS

I, Darcie Holthaus, being of lawful age, make the following declaration pursuant to 28 U.S.C. § 1746 relating to the captioned matter based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment.

1. I am currently a Corrections Manager II at the Kansas Department of Corrections (KDOC).

2. I have worked for KDOC for four years.

3. As part of my job duties, I have access to inmate grievance records.

### Electronic Grievance System

4. In addition to the paper grievance system already in place, KDOC has supplemented that system with an electronic grievance system across all KDOC facilities.

5. Inmates can make use of the electronic grievance system to file informal resolution attempts, grievances, and grievance appeals using electronic tablets.

**Informal Grievance Letter dated October 17, 2023**

6.  In October 2023, inmate Letecia Stauch (#129417) sent an informal letter attempting to raise various matters of concern to the Secretary of Corrections.

7.  Exhibit 1 consists of fair and accurate copies of that informal letter and the Secretary of Corrections' designee's response to it.

8.  The first page of Exhibit 1 is the Secretary's designee's response to the informal letter.

9.  Starting with the second page of Exhibit 1, the pages were scanned in as they were received from inmate Stauch and are in the same order as they were received from inmate Stauch.

**Informal Grievance Letter responded to December 2023**

10. In December 2023, the Secretary of Corrections' designee responded to an informal letter from Stauch to the Secretary of Corrections that had attempted to raise multiple matters of concern involving stomach issues, mental health treatment, and diet.

11. Exhibit 2 is a fair and accurate copy of the Secretary of Corrections' designee's response to that informal letter.

**Grievance No. 20240029**

12. In January 2024, Stauch appealed grievance number 20240029 to the Secretary of Corrections.

13. Exhibit 3 consists of fair and accurate copies of that grievance appeal and the Secretary of Corrections' designee's response to it.

14. The first page of Exhibit 3 is the Secretary's designee's response to the grievance appeal.

15. Starting with the second page of Exhibit 3, the pages were scanned in as they were received from inmate Stauch on appeal and are in the same order as they were received from inmate Stauch.

## Combined Grievance Appeal

16. In February 2024, Stauch prematurely appealed all at once grievance (or informal request) numbers 403626461, 381794331, 358380041, 358227081, 411181831, 407581871, 409500561, and 405397891 to the Secretary of Corrections.

17. Exhibit 4 consists of fair and accurate copies of that combined, premature grievance appeal and the Secretary of Corrections' designee's response to it.

18. The first page of Exhibit 4 is the Secretary's designee's response to the complaint letter, indicating that it was being forwarded to the warden at Topeka Correctional Facility (TCF) for the facility's response.

19. Starting with the second page of Exhibit 4, the pages were scanned in as they were received from inmate Stauch and are in the same order as they were received from inmate Stauch.

## Grievance No. 404578081

20. In February 2024, Stauch appealed grievance number 404578081 to the Secretary of Corrections.

21. Exhibit 5 consists of fair and accurate copies of that grievance appeal and the Secretary of Corrections' designee's response to it.

3

22. The first page of Exhibit 5 is the Secretary's designee's response to the grievance appeal.

23. Starting with the second page of Exhibit 5, the pages were scanned in as they were received from inmate Stauch on appeal and are in the same order as they were received from inmate Stauch.

## Grievance No. 40517231

24. In February or March 2024, Stauch appealed grievance number 40517231 to the Secretary of Corrections.

25. Exhibit 6 consists of fair and accurate copies of that grievance appeal and the Secretary of Corrections' designee's response to it.

26. The first page of Exhibit 6 is the Secretary's designee's response to the grievance appeal.

27. Starting with the second page of Exhibit 6, the pages were scanned in as they were received from inmate Stauch on appeal and are in the same order as they were received from inmate Stauch.

## Grievance No. 381794331

28. In February or March 2024, Stauch appealed grievance number 381794331 to the Secretary of Corrections.

29. Exhibit 7 consists of fair and accurate copies of that grievance appeal and the Secretary of Corrections' designee's response to it.

30. The first page of Exhibit 7 is the Secretary's designee's response to the grievance appeal.

31. Starting with the second page of Exhibit 7, the pages were scanned in as they were received from inmate Stauch on appeal and are in the same order as they were received from inmate Stauch.

## Grievance No. 403626461

32. In February or March 2024, Stauch appealed grievance number 403626461 to the Secretary of Corrections.

33. Exhibit 8 consists of fair and accurate copies of that grievance appeal and the Secretary of Corrections' designee's response to it.

34. The first page of Exhibit 8 is the Secretary's designee's response to the grievance appeal.

35. Starting with the second page of Exhibit 8, the pages were scanned in as they were received from inmate Stauch on appeal and are in the same order as they were received from inmate Stauch.

## Other Grievances

36. I searched KDOC's records and did not find any other grievance, personal-injury-claim, or property-loss-claim appeals to the Secretary of Corrections by inmate Stauch from August 2023 to March 2024.

37. This includes re-appeals. To be especially clear, during this timeframe, other than the re-appeal of grievance numbers 381794331 (in Exhibit 7) and 403626461 (in Exhibit 8), Stauch did not re-appeal any of the other grievances (or informal requests)

mentioned in Exhibit 4 (358380041, 358227081, 411181831, 407581871, 409500561, and 405397891) to the Secretary after completing the grievance steps below and receiving a response from the facility.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 28, 2025.

_____

Darcie Holthaus
Corrections Manager II
Kansas Department of Corrections



Exhibit 1

714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Kansas
Department of Corrections

Jeff Zmuda, Secretary                                                    Laura Kelly, Governor

October 31, 2023

TO:    0129417 Stauch, Letecia

       Topeka Correctional Facility

RE:    Informal Grievance Letter

I received your correspondence to the Secretary of Corrections Office seeking resolution of
issues that are not emergencies and are not special kinds of problems.

**KAR 44-15-101 Inmate or parolee grievance procedure; informal resolution; formal levels.**
(b) Before utilizing the grievance procedure, the inmate shall be responsible for attempting to reach an informal resolution of the matter with the personnel
who work with the inmate on a direct or daily basis. An inmate in a facility or parole setting shall contact the unit team members for the attempt at informal
resolution. That attempt shall be documented. The facility's inmate request forms may be used to document this process. If this informal resolution
attempt fails, the grievance system may then be used. If an emergency exists and a resolution could not be obtained by going to the unit team, the inmate
may go directly into the grievance process.

You have shown no evidence that you have attempted to reach an informal resolution of these
matters with the staff you work with on a direct or daily basis using the grievance process.  For
this reason, your correspondence is being returned to you.

A copy of your correspondence will be sent to the Warden of your facility for review.

Sincerely,

Darcie Holthaus CMII
Corrections Manager, Facility Management

cc:    Warden Geither
       w/attachments
Image: SOCRESP
       w/attachments

Civil Rights Violations per 44 US 1983

10/1/2023

CCC Facility Management Area

OCT 3.0 2023

RECEIVED

● To' Secretary of Corrections ①

A) The interstate transfer deprives the Inmate of Liberty interest protected by due process clause of the 14th Amendment. Inmate is illegally restrained of her liberties and this leads to illegal detention.

B) Present Confinement is invalid per both state laws + statues

CO-24-601602        KSA 76-3001
CRS-24-60-1001      KSA 76-3002
CRS 24-601-801      KSA-76-3003
CO-Add Seg. illegal

C) Present Confinement is invalid because it includes 1st Amendment, 6th Amendment, 8th Amendment, and 14th Amendment Violations

D) Purpose of providing adequate quarters, care and an appropiate program of rehabilitation or treatment.

E) Inmate shall be treated in a reasonable and humane matter and shall be cared for and treated equally with such similar Inmates. In addition, administrative seg. is

②

atypical because no prison in the U.S.
to which one might be transferred to for
non-disciplinary reasons is more restrictive

F) Denial of appropriate mental health care
and it rises to the level listed in Article II
in both Colorado & Kansas Statues under the
Interstate Corrections Compact section.

G) The transfer to this state has infringed on
my Constitutional rights and present confinement
is invalid. The receiving state shall not
deprive inmates of any said rights if
inmate would of had those in the sending
state. Those in question are 1st 6th 8th & 14th
amendment and to include administrative seg
is illegal at Colorado DOC.

The false security concerns are a retaliation method
for threatened litigation for Constitutional violations.
The claim is unreasonable and an exaggerated and
not based on a security concern that is genuine. Prisoner
does not have prior records of misconduct and the escape
claims are for personal gain, media, and housing manipulation
from inmates, officers and or the public and have been for 4 years.
They are not valid, CI's are not reliable & claims are not founded.

Leteua Stauch #129417
TCF
815 SE Rice Road
Topeka, KS 66607

KANSAS CITY 640
27 OCT 2023 PM 4 L

FREEDOM
FOREVER/USA

KDOC - Secretary of Corrections
Attn: Mr. Zmuda (legal mail)
or acting secretary
714 SW Jackson St. #300
Topeka, KS 66603

66603-372275

Topeka, KS 66607

KANSAS CITY 640
26 OCT 2023 PM 5 L

FREEDOM
FOREVER/USA

Kansas DOC - Central Office
Attn: IC (Interstate Corrections Compact)
{ and/or TCF Legal Violations }
714 SW Jackson St. Suite 300
Topeka, KS 66603

Legal Mail

66603-372275

RECEIVED

OCT 30 2023

DOC Facility Management Area

Leteaia Stauch
Topeka Correctional

*Five - to show I've exhausted all remedies through grievances +DOC policy - KDOC has no current warden*

# lucie
# 109417

United States District Court
For The District of Kansas

| Leteaia Stauch | Case No: To be determined |
|---|---|
| v. | |
| KDOC, Topeka Correctional, | Civil Rights Complaint |
| Secretary of Corrections, | pursuant to 42 USC 1983 |
| Office of the Warden (NO | Final Attempt at Remedy |
| Current Warden) Hartpence, | |
| Compact Coordinator | |

## A. Jurisdiction

1) Leteaia Stauch, is a citizen of Colorado who presently resides at Topeka Correctional Facility at 815 SE Rice Road, Topeka, KS 66607.

### B. Defendants

2) Kansas Department of Corrections, Topeka Correctional, Office of the Warden, Secretary of Corrections, Compact Coordinator, & D. Hartpence.

Defendants have been given the issues at hand with the interstate compact violations of civil liberties and remedies/relief. This is for documentation purposes for central office to exhaust the final remedy before filing the actual complaint. Copy was made, this was mailed on 10/24/2023. 8 pages.

Kansas DOC                                      10-24-2023

① 

TO: Kansas Department of Corrections,
Secretary of Corrections, Office of
The Warden, Compact Administrator
and TCF

The interstate transfer deprives the
inmate of liberty interest protected
by due process clause of the 14th
Amendment. Inmate is illegally
restrained of her liberties

a) present Confinement is invalid per
CO-24-60-102, CRS 24-60-1001,
CRS-24-601-801, KSA 76-3002,
KSA 76-3001, & KSA 76-3003

b) present Confinement includes 1st Amendment,
6th Amendment, 8th Amendment, and 14th
Amendment violations

c) purpose of providing adequate quarters, care
and an appropriate program of rehabilitation
or treatment

d) inmate shall be treated in a reasonable
and humane matter and shall be cared for
and treated equally with such similar
inmates + add seg is atypical because no prison in
the US to which one might be transferred for

→



non-disciplinary reasons is more restrictive.

e) Denial of mental health care and it rises to the level listed in Article II in both Colorado & Kansas Statues under Interstate Corrections Compact

f) The transfer to this state has infringed on my constitutional rights and present confinement is invalid. The receiving state shall not deprive inmates of any said rights if inmate would of had those in the sending states. Those in question are 1st, 8th + 14th Amendment and to include administrative Segregation is illegal at Colorado DOC.

8th Amendment - Cruel & Unusual    ③

4th Amendment - Liberty Interest

A) The Comparison group shows that add. Seg is atypical if no prison in the US to which I might be transferred for non-disciplinary reasons is more restrictive   aa) NO pod time         ee) No visits or Job

bb) No human contact or Stimuli  ff) No Mental health

cc) No participation in programs  gg) No outside unless

dd) NO church, exercise, gym    In Kennel → PTSD (IHE)

B) Prior to Add Seg - Housing Discrimination Inmate went from being out all day and no behavior issues to locked down 80 percent of the time to include but not limited to with institutional violent offenders, domestic disputes exposure, disruptive behaviors, PREA offenders, and discrimination for being on an Interstate Compact. The court ruled that if the prison were a "country club" where prisoners spent a great deal of time outside their cell then the discrimination would be illegal. TCF & Denver Women's both had those options for those without behavior issues. The points system at KDOC has me at 12 pts and potential 9 pts in Feb. to be in this suggested housing. However, the facility engages in practices to impose punishment for improper purposes. Please see initial page explaining unreasonable and exaggerated claim to include but not limited to the validity of the security issue and the ~~retaliate~~ reliability of the informants. All information was unfounded.

④

anguish on

c) KDOC is placing extreme mental inmate because she does not have adequate mental health services with these discrimatory methods and as a result of prior treatment process at CDOC. To include prior mental health treatment with an Emotional Support Animal. KDOC even blocks a move to an area to allow the inmate to be a part of these comparable services from CDOC.

D) The result of section C induces depression, anxiety, emptiness voices, bad thoughts that were not present cognitive delays, lack of exercise that causes extreme stomach issues (known stomach diagnosis) and no therapy or rehabilitation that was in place at CDOC. Instead regression is present. No thoughts of suicide at this time though.

E) The transfer to this state has infringed on my Constitutional rights and present confinement is invalid. The receiving state should provide adequate quarters, care, and appropriate rehabilitation treatment. The receiving state shall not deprive inmates of any said rights if inmate would of had those in the sending state. Inmate would have these (1st, 8th + 14th) in Colorado and administrative segregation is illegal in CO at CDOC/Denver Women's.

# Religious Violations     (1st Amendment)

A) The facility has a practice in place to force individuals to attend church on the grounds that they practice that religion → The basis for this is there are no alternate means of exercising the right that remains open to prisoners. Available alternates are absent unless inmate changes religion. Ex. Jewish - as there were no services for this + I asked to attend church services (alternate) + was denied.

b) Kosher Diet - Practicing significance for a practicing jew is justified and inmate is entitled to a constitutional protection under US v. Kahane.
- The result should of been a nutritionally sound diet with Kosher requirements
- This would not effect security or discipline

c) Prisoner has burden of proof according to case law such as St. Claire v. Cuyler that security concerns denying services through substantial evidence. Denying this 1st Amendment right is due to an unreasonable and/or exaggerated claim. This mistreatment is not based on a genuine security concern. I do not pose a safety threat, priviledges have not been abused at a prior time, and prisoner does not have prior records of misconduct which reasonably demonstrate a high degree of probability that the individual would misuse the opportunity. In fact, the false security concern is a cover up for

(6)

legal actions from the inmate and a retaliative method TCF is engaging in. In addition, the independent evaluation of CJ's and their reliability include those with a personality disorder and/or delusions diagnosis or other mental health illnesses and a history of attempts at TCF both physical escape or mental escape via suicide. Finally there is no evidence before you about a plan to escape, no prior convictions and no founded information to elude to that. This is a retaliation method for threatened litigation and illegal detention. Offender has prima facie evidence.

(5)

# Comparison Group

1) Charity Blackmon - J Cell House.
2) Michaela Spencer - J Cell House
3) Jennifer Stripe - J Cell House
4) Deborah Green - Compound
5) Dana Flynn - Compound
6) Bobbi Williams - J Cell House
7) Tricia Evans - Was in J Cell House but tried to escape because God told her too (Note individual that is unreliable in EAI + Add. Seg info).
8) Several Lifers - At Compound

Note: I have several more but included a few for this purpose only.

Inmate Does not have disciplinary issues and the escape claims are claims for personal gain, media (HL case), Housing Manipulation (ex Salinas + Stripe) to have their own cells (Evans) and are not founded with any validity. Inmate does not have institutional violence points or escape convictions. I am not a safety concern either as I've been housed with institutional violent offenders at KDOC.

Note: Salinas had former Investigation for Escape
Evans - tried to escape out of 2 gates
Stripe - Met w/Miller on 10/5 + was told she can't move - Housing Manipulation

⑧

Inmate has exhausted all remedies and has set the foundation for a claim in federal court under 42 USC 1983 and a future Habeas Corpus Petition for illegal detainment.

Remedy Requested - Remove the invalid administrative Seg. status and move inmate to the compound to compare to housing inmate would have in home state. This can eliminate the Constitutional violations as there are many services programs, etc. there that will improve all areas physically & mentally. Eliminate the discrimination and false current, past and future unfounded claims. Give inmate her 1st, 8th + 14th Amendment Rights Back.

OR

Revoke the interstate compact agreement and send me back to Colorado to stop depriving me of liberty interest and present confinement violations under CO24-60-1602, CO 60-1001 CRS 24-601-801, KSA-76-3001, KSA 76-3002, and KSA-76-3003, to include those guaranteed under the US Constitution.

Letecia stauch (TCF)
KDOC 129417
815 SE Rice Road
Topeka, KS 66607

KANSAS CITY   640

26 OCT 2023  PM 5  L

FREEDOM
FOREVER/USA

Kansas DOC - Central Office
Attn: IC (Interstate Corrections Compact)
& and/or TCF Legal Violations)
714 SW Jackson St. Suite 300
Topeka, KS 66603

Legal Mail

66603-372275

Leteqa Strauch (TCF)
KDOC 129417 (TCF)
815 SE Rice Road
Topeka, KS 66607

KANSAS CITY   640

26 OCT 2023 PM 5   L



Kansas DOC - Central Office
Attn: IC (Interstate Corrections Compact)
& and/or TCF Legal Violations)

714 SW Jackson St. Suite 300
Topeka, KS 66603

Legal Mail

66603-372275

**Exhibit 2**



714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@doc.ks.gov
doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor

## Unofficial-Grievance Response

**FACILITY:**          Topeka Correctional Facility
**RESIDENT:**          Letecia Stauch #129417
**COMPLAINT TYPE:**    Resident Letter
**DATE:**              12/04/2023

### COMPLAINT:

Multiple concerns involving, stomach issues, mental health treatment and diet.

### FINDINGS OF FACTS BY CLINICAL REVIEWER:

The Kansas Department of Corrections Medical Health Authorities reviewed the correspondence, site response, behavioral health review and EHR. The resident contacted our office through written letter for the above concerns. Per the site response, she has access to behavioral health sick call daily and receives behavioral health special needs monitoring. In terms of a Kosher diet, this is a religious diet, outside the scope of medical or behavioral health.

She is currently being followed by the site medical director for stomach complaints, which have been chronic. She has not been receptive to behavioral health intervention and has not been compliant with psychiatric or medical prescriptions.

Per the chart, she has seen behavioral health every 1 week to 1 month. Initially, 8/21/23, she presented as having difficulty adjusting to a new environment. At the second visit, 9/01/23, she walked out after being informed that the provider for psychiatry would not be present and she would be seeing "BHPU".

She was seen again, 9/25/23, per Telehealth. She reported her depression level at a 5 and her depression at about an 8. She claimed she "never got any time out in the yard" and stated she was always anxious. She reported she had been in a domestic violent relationship and that her cellmate's fight with a girlfriend was stressing her. The plan was to continue to work on coping skills and to access behavioral health as needed, she was to continue special needs visits monthly.

At her last visit with a psych nurse for medication management, 30 days after discontinuing clonidine, she presented as defensive, evasive and mistrustful. Her mood was anxious, angry and irritable. Thought content: preoccupations/ruminations, self-deprecatory. Insight: mostly blames others for problems with difficulty acknowledging presence of psychiatric problems.

Per the site response, Ms. Stauch has rejected or refused behavioral health treatment and interventions offered to her. Her presentation often is not consistent with her reported mood. She continues to have ongoing access to behavioral health and medical care appropriate to her supported symptoms.

### CONCLUSIONS MADE BY CLINICAL REVIEWER:

In reviewing her chart and the site response, I can see no lack of access to MH care. She has not identified as orthodox Jewish, and therefore has no need for a diet based on religious proscriptions.

She needs to continue to work with behavioral health to alleviate her symptoms. She has acknowledged, per the chart, that she knows how to access BH practitioners. I see no description of a seizure disorder in her chart other than being listed in her diagnoses.

### ACTION TAKEN:

No further recommendation at this time.

_Darcie Holthaus_ (signature)

**Darcie Holthaus**
**Secretary of Corrections Designee**

CC:     Warden
        Centurion's Regional Medical Director
        Site H.S.A
        Stauch, Letecia #129417
        File
The original response on appeal and all attached documents were mailed by way of United States Mail on _____.

The information provided in the response above concerning the grievant's medical and/or mental health condition and treatment is confidential and private in nature and is not intended for re-disclosure or sharing with third parties. That statement, however, does not apply to exercise of any other administrative remedies provided by the Kansas Department of Corrections, nor to pursuit of other administrative relief connected with medical and/or mental health condition and treatment, such as, for example, application for disability benefits under state or federal law, or to pursuit of litigation concerning the adequacy or propriety of medical and/or mental health care diagnosis and treatment furnished to the grievant.

Exhibit 3

# Grievance-Response on Appeal

**FACILITY:**         **Topeka Correctional Facility**

**INMATE:**          **0129417 Stauch, Letecia**

**GRIEVANCE NO.:** **20240029**

**DATE:**             **January 26, 2024**

## FINDINGS OF FACT

The response provided to the inmate by staff at the facility is incorporated herein by reference and made part of this response.

On appeal, the inmate offers no evidence or argument that suggests that the response rendered by staff at the facility is wrong.

## CONCLUSIONS MADE

The response rendered to the inmate by staff at the facility is appropriate. All residents are required to go through the process of classification and earning levels. You are not illegally detained; you were found guilty of your charges and sentenced accordingly. If you feel you have an issue for appeal, you need to go through the courts to seek remedy. We house you by compact at the request of the State of Colorado. If you would no longer like to be on compact, that is their decision to make, and you will need to contact them.

## ACTION TAKEN

None further.

_____
**Darcie Holthaus**
**SECRETARY OF CORRECTIONS DESIGNEE**

cc:    Warden Hook
       Grievance File-w/attachments

The original response on appeal and all attached documents were mailed to the inmate by way of United States Mail on _____.

## APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: _Letecia Stouch_    Facility: _TCF_

Inmate Number: _129417_    Grievance Serial No.# _20240029_

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:   Secretary of Corrections    Date Mailed: _1/12/2024_
Landon State Office Building
900 Jackson, 4th Floor
Topeka, Kansas 66612

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.) KSA 76-3003 Says the Secretary of Corrections is directed to carry out the compact

Please See attached Sheet — KSA-3001, 3002, +3003 are Violated under KSA 60-1501 _Attached said_

_Signature of Inmate_

Remedey Request: Revocation of the Interstate Compact to prevent filing a Habeas Corpus for illegal detention

**DECISION BY SECRETARY OF CORRECTIONS** (to be completed and returned within 20 days)
  If applicable – Confidential File No. _____

Date received in Office of Secretary of Corrections: _____

Date of Finale Answer: _____    Date Sent to Inmate: _____

Finding of Fact:

Conclusions Made:                        **RECEIVED**

                                  JAN 25 2024

Action Taken:                        DOC Facility Management Area

                                  _____
                                  Signature Secretary of Corrections

### For D.O.C. Staff Use Only

Type of Response ( Item 6b: Code Ø1, Ø2, Ø8 or Ø9) __ __

DC Ø9 Ø, Effective May 1, 1988

KSA 76-3001 - Interstate Corrections Compact

## Article IV

KSA 76-3002 - All inmates who may be Confined

(e) An institution pursuant to the provisions of the compact Shall be treated reasonable and in a human matter and shall be cared for and treated EQUALLY with such similar inmates of the receiving state.

- inmates may be confined pursuant to the laws of the sending State and not be denied civil liberties under KSA 60-1501

(C) - Inmates confined in an institution pursuant to the terms of this compact shall at all times be subject to the jurisdiction of the sending state

* Please also read Section IV A, B, D, + F

KSA 76-3003 — This Statue States— The Secretary of Corrections is hereby authorized and directed to do all things necessary or incidental to the carrying out of the compact in every particular power. "

Note: I Did go through Unit Team and gave them several copies of Form 9's. The facility does not have numbers in paper Form 9's so I labeled them #1210, 1211, 1212, 1219, 1222, #1226, #1227, #1234 #1232 (paper copies). Here are the electronic numbers + going through UT. #405025361, #405058681, #411898381, #405397891, #407581871, #410935791, #411181831, #408802704, #409500561, #40549287,

(continued electronic ...

These statues 76-3001, 3002, 3003 demonstrate that the
ICC needs revocation under the Kansas Statues/Constitution
and under IMPP 11-104 A-D + 14-105A
    • No longer safe in KDOC
    • The facility has deemed me a security threat

Extra:
The following shows more examples of Civil Liberties Violations

Grievance #'s 38179433), 358380041, 358227081

[These were not opened for months - negligence]
— others are still open past time frame

# 025682 → staff did injury my right ring finger
and are trying to cover it up → Officer should of made report
           [#405492871]

* I was sexually harassed/assaulted by a staff
member and TCF is in violation of 10-103 D.

A) Improper handling of PREA in Aug. 2023
B) Violation of handling PREA + Medical [#404168661]
C) Retaliation for filing PREA [#405058681, 404559411,
  #404556571, #403810041, #403811751, #405391371, → also
  to include several paper form 9's
D) Valone Watts (Prea Coordinator) Failure to perform job
  duties. #403810041, 403811751, 403842081, 404556571
    Continued → Civil Liberties → Under KSA 60-1501

Personal Safety - #411118183 | LAW Library - Civil Liberty denial
                     | Of access to the court in sending
Religion - Violation of        | State
       IMPP 10-119D    | [#405391371]
#405050721   403040961  | Equal Protection - Not similarly
      + several paper Form 9's  | situated

**Topeka Correctional Facility**
**Warden's Response to Offender Grievance**

DATE:       December 15, 2023

TO:         Stauch, Letecia 129417--ICH

RE:         Response to Your Grievance Received: 12/13/23
            Grievance#20240029

<u>Finding of Fact:</u> Your grievance has been received and reviewed. You have stated that the facility is currently in violation of KSA 76-3001, 76-3002 and 76-3003. You also state that in your grievance that your interstate compact case is not a matter of classification but rather a matter of due process.

<u>Conclusions:</u>
The Grievance Coordinator replied that you did not follow the grievance procedure according to KAR 44-15-102 because you did not seek out Informal Resolution with your Unit Team. You claim in your grievance appeal answer that you have saw informal resolution, but you did not attach the evidence letting us know of your attempts or let us know the form9 electronic numbers so there could be verification of such attempts. The grievance procedure requires that you keep your evidence together so it can be reviewed in its entirety.

Interstate compact cases require you to follow the classification requirements of the State of Kansas; Kansas Department of Corrections which means that you cannot grieve your classification placement at the facility. KAR 44-15-101 (a) (d) (2) states, the grievance procedure shall not be used in any way as a substitute for, or as a part of, the inmate disciplinary procedure, <u>the classification decision-making process</u>, or the property loss or personal injury claims procedure, or the procedure for censorship of publications specified in the secretary's internal management policy and procedure.

<u>Action Taken:</u>

No further action is necessary at this time.

*[signature: David McCabe]*

David McCabe
Interim Warden

*[handwritten annotation with arrow:]* This is not a classification issue and it is under equal protection as the statues are being violated. This response is moot — lack of knowledge.

*[handwritten at bottom:]* Grievance # 20240029
# 411898381 (Form 9!)



KANSAS DEPARTMENT OF CORRECTIONS
INTERDEPARTMENTAL MEMORANDUM
*A Safer Kansas Through Effective Correctional Services*

DATE:          November 16, 2023

TO:            Stauch, Letecia 129417

FROM:          Jacob Phelps, Grievance Coordinator

SUBJECT:       Grievance: 24-057 Re: Staff complaint

The grievance was received and reviewed.

**Your grievance is being returned to you for failure to follow the grievance procedure as outlined in KAR 44-15-102.**

**You must first seek out "Informal Resolution" with your Unit Team Manager, UTM. A written form-9 response must be attached to any submitted grievance.**

44-15-102. Procedure
   (a)  Grievance step one: preliminary requirement; informal resolution and problem solving at unit team level.
     (1)  Each inmate shall first seek information, advice, or help on any matter from the inmate's unit team, or from a member of the team. If unable to solve the problem, the unit team shall refer the inmate to the proper office or department.

The grievance procedure requires you to **attach documentation** of attempts at informal resolution prior to filling a formal grievance (i.e. Form -9s, or other correspondence and response from staff member.) There is no documentation from any staff attached to the form, letting us know you have attempted to resolve this issue.

Please work with your Unit Team in an attempt to resolve this issue. If those attempts fail, you may resubmit your grievance with supporting documentation of your attempt at informal resolution.

Jacob Phelps
Grievance Coordinator

> I did attach originally — I gave this to Ms. Butler on

## KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

### INMATE COMPLAINT

Inmate's Name _Letecia Stauch_          Number _129417_

Facility _JCF_          Housing Unit _1B_          Work Detail _____

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMEN-TATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member).

The facility is violation KSA 76-3001, KSA 76-3002 KSA 3003 and to include the 14th amendment Due process. I am being denied civil liberties in Kansas DOC.

Date this report was given to Unit Team for informal resolution (to be completed by inmate). _____

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days.)

Please see attachment.

NOV 1 3 2023
**RECEIVED**

Unit Team Signature          11/16/23 Date

**RECEIVED**
DEC 1 3 2023
WARDEN'S OFFICE

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

___L___ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office within 3 calendar days. Date forwarded to Warden's Office (to be completed by staff). _____

Inmate Signature          Date _12/10/2023_

**WARDEN RESPONSE** (Complete, attach response and return within 10 Working days.)

Date Received _____   Date of Final Answer _____   Date Returned to Inmate _____

_____          _____
Inmate's Signature          Date          Unit Team Signature          Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

### TO BE COMPLETED BY STAFF ONLY

| | | |
|---|---|---|
| Grievance Serial Number | _20240029_ | 24-057 |
| Type of Complaint (Item 4: Code 01-75) | | 54 |
| Cause of Complaint (Item 5: Code 01-30) | | 7 |
| Type of Response (Item 6a: Code 01,02,08 or 09) | | |

*Response to 10/23)*

INMATE REQUEST TO STAFF MEMBER

To: Warden

Date: 11/8/2023

(Name and Title of Officer or Department)

_____
Unit Team, Detail, or Cellhouse Officer's Signature

**To be retained by inmate**

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

Stauch
**Last Name Only**

**KANSAS DEPARTMENT OF CORRECTIONS**

129417
**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: Warden / Unit Team

Date: 11/8/2023

(Name and Title of Officer or Department)

State completely but briefly the problem on which you desire assistance. (Be specific.)

In response to your reply on 10/25/23. First, you made an accusation saying I had made comments to residents. This was unfounded and false. If I made a comment that you molested a child it would be the same... a lie and unfounded + a violation of due process. This facility is in violation of Kasa s (KSA 76-360L + KSA 76-3003 → All inmates confined shall be treated in a reasonable & humane matter & treated equally with such inmates of the receiving state. Also inmate should not be deprived of civil liberties. →

Work Assignment: _____ Living Unit Assignment: _____

Comment: _____ Detail or C.H. Officer: _____

Disposition: _____

To: _____ Date: _____
(Name & Number)

Disposition: You are not illegally detained and this facility is not violating any of your rights.

_____ 11/15/23
Employee's Signature

**To be returned to inmate.**

P-0009

Also per your classification manual an inmate shall not be treated this way if they never had any escape convictions, never had escape plans in their possession, never created a diversion, maps or tools (pg 19), or have never had any evidence to elude to that. The exception to max is against the compact & denies my constitutional rights to due process, to the 14th Amendment and a violation of KSA-76-3001, KSA-76-3002, & KSA-76-3003.

Other inmates compared pts.  8 for severity
                             3 for time to serve
                             1 for age (40)
                             _____
                             12 pts

Inmates in the comparsion chart that you have allowed to be treated differently.

  Charity Blackmon - J   Civil liberties met
  Makayla Spencer - went to J   civil liberties met
  Heather Jones -   Civil liberties met.

[I have a list of 20 more]

The facility is denying my civil liberties and the compact is illegal. I am being illegally detained.

#1235

**INMATE REQUEST TO STAFF MEMBER**

To: _____        Date: _____
    (Name and Title of Officer or Department)

_____              **To be retained by inmate**
    Unit Team, Detail, or Cellhouse Officer's Signature


Response to #1214 new #1231    Library
                                response to Chevez

**INMATE REQUEST TO STAFF MEMBER**

To: _____        Date: 12/18/2023
    (Name and Title of Officer or Department)

_____              **To be retained by inmate**
    Unit Team, Detail, or Cellhouse Officer's Signature


#1230                                         education Program

**INMATE REQUEST TO STAFF MEMBER**

To: Holly Chavez                              Date: 12/18
    (Name and Title of Officer or Department)

_____              **To be retained by inmate**
    Unit Team, Detail, or Cellhouse Officer's Signature

#1123 ⁰                                                     Eeucation Program

INMATE REQUEST TO STAFF MEMBER

To: _Holly Chavez_____          Date: _12/18_____

_(Name and Title of Officer or Department)_

_____

Unit Team, Detail, or Cellhouse Officer's Signature          **To be retained by inmate**

#1235     finger response
to medical

INMATE REQUEST TO STAFF MEMBER

To: _Nadia_____          Date: _12/20_____

_(Name and Title of Officer or Department)_

_____

Unit Team, Detail, or Cellhouse Officer's Signature          **To be retained by inmate**

#1232    14th Amendment  — Holly Chavez

INMATE REQUEST TO STAFF MEMBER

To: _____          Date: _____

_(Name and Title of Officer or Department)_

_____

Unit Team, Detail, or Cellhouse Officer's Signature          **To be retained by inmate**

#1234    Staff finger
response

INMATE REQUEST TO STAFF MEMBER

To: _Holly Chavez_____          Date: _____

_(Name and Title of Officer or Department)_

_____

Unit Team, Detail, or Cellhouse Officer's S-          **To be retained by inmate**

Response from #124              #1221

INMATE REQUEST TO STAFF MEMBER

To: _HM-Vena_____          Date: _12/4/ 2023_____

_(Name and Title of Officer or Department)_

_____

Unit Team, Detail, or Cellhouse Officer's Signature          **To be retained by inmate**

Exhibit 4



714 S.W. Jackson St., Suite 300
Topeka, KS 66603

**Kansas**
Department of Corrections

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor

## MEMORANDUM

DATE:        February 19, 2024

TO:           Warden Hook
                   Topeka Correctional Facility

FROM:      Darcie Holthaus CMII
                   Corrections Manager- Facility Management

SUBJ:       0129417 Stauch, Letecia
                   Attached grievance

We received the attached grievance appeal form from the above noted inmate. We noted that there is no evidence that the inmate has sought assistance from staff at the facility regarding this complaint once she put them in writing. She is currently suspended from electronic grievances, so her written forms need a response from staff and the Warden to be accepted at the Secretary level.

In compliance with K.A.R. 44-15-102 (c) (4), we are forwarding this to you for response to the inmate. On this date, we advised the inmate of our action regarding this complaint. The appeals she sent in reference electronic numbers: 403626461,381794331,358380041,358227081, 411181831, 407581871, 409500561, 405397891

Thank you for your assistance with this matter.

Enclosure-original grievance report form.

Image: SOCRESP
              w/attachments

COPY Made #4000

## APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: Letecia Stauch    Facility: TCF

Inmate Number: 109417    Grievance Serial No.: # 403626461 (electronic)

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:    Kansas Department of Corrections    Date Mailed: 2/5/2024
714 SW Jackson
Suite 300
Topeka, KS 66603

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.) I received remedy granted to grievances # 403626461 for GO-15-108. However, the UTM and Officers said its not a policy. Appealed to Warden and it is well beyond the response time for responding asking how to begin the remedies. This policy is not followed at all. See also electronic # 411124637 and #410786891

Signature of Inmate #410786891

DECISION BY SECRETARY OF CORRECTIONS (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____    Date Sent to Inmate: _____

Finding of Fact:

Conclusions Made:

Action Taken:

_____
Signature of Secretary of Corrections

### For D.O.C. Staff Use Only

Type of Response (Item 6b: Code    01, 02, 08 or 09) _____

DC 090, Effective May 1, 1988



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Institution*

*P.O. Box 1000*
*El Reno, OK 73036*  CSD·MWW

Official Business

OKLAHOMA CITY OK 730

2 FEB 2024 PM

FIRST-CLASS

U.S. OFFICIAL MAIL  PENALTY FOR PRIVATE USE $300

US POSTAGE IMI PITNEY BOWES

ZIP 73036
02 7H
0005951591

$ 000.64⁰

FEB 01 2024

66603-372275



COPY MADE

## APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: _Leteeia Stauch_    Facility: _____

Inmate Number: _12947_    Grievance Serial No.: _SEVERAL EMERGENCY GRIEVANCES_

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:    Kansas Department of Corrections    Date Mailed: _____
714 SW Jackson
Suite 300    _) # 381794331  358380041_
Topeka, KS 66603    _# 358227081 plus attached_

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.)

_Violation of federal Laws_
_28 CFR PART 15 PREA + KDOC's_  _Leteeia_
_PREA Policy + retaliation → 8th Amendment_    Signature of Inmate

---

DECISION BY SECRETARY OF CORRECTIONS (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____    Date Sent to Inmate: _____

Finding of Fact:

                                    RECEIVED

                                    FEB 17 2024

Conclusions Made:
                                    DOC Facility Management Area

Action Taken:

---

                                    Signature of Secretary of Corrections

Type of Response (Item 6b: Code    01, 02, 08 or 09) _____

DC 090, Effective May 1, 1988

2/5/2024

The facility is in violation of IMPP 10-103U and Federal Laws for PREA under 28 CFR. Emergency (electronic) Grievance #'s — 381794331, 358380041, 358227081. The facility refused to open these. After complaining to the UTM and Holly Chavez she responded that no one was available on #408024811. The abuse continued and retaliation increased as Valorie Watts failed to do her job. See #403803901, #403810041, #403811751 #403842081 #404556571. No one wanted to help. Then I wrote Holly Chavez on #410935791 and another excuse was given and told EAI that the grievances were not opened #405391371. Now the facility has blocked me from continuing with these because they are open electronically. Then at Step 3 the Warden refused to help and is past the deadline as well. All of the grievances are outside the deadline per policy. The retaliation has continued from the UTM, Hartpence, TCF, etc. And I am still around my abuser and not in the LRE per KDOC policy 10-103U. I have not been given any help from my abuser and suffer from PTSD and missing medication. [28 CFR 15.76, 115.67 and 115.376] these rise to the level of cruel and unusual to be subjected to sexual abuse and retaliation.

LaTeena Staneh

[signature]

#190120

APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS *#J added as KDOC does not have a tracking policy for these*

Inmate Name: **Letece Starch**     Facility: **TCF**

Inmate Number: **129447**     Grievance Serial No.: **Told this was not Grievable → need to exhaust remedies**

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.) **See all electronic form nines.**

MAIL TO:    Kansas Department of Corrections     Date Mailed: **2/5/2024**
714 SW Jackson          **# 41181837**     **# 40950061**
Suite 300              **# 40758171**
Topeka, KS 66603        **# 41181881**     **#**

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.)

**Similarly Situated under Due Process 14th Atypical Situation**
**- Told Housing is not grievable**     Signature of Inmate **# 41181831**

---

DECISION BY SECRETARY OF CORRECTIONS (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____     Date Sent to Inmate: _____

Finding of Fact:

Conclusions Made:

Action Taken:

Signature of Secretary of Corrections

---

**For D.O.C. Staff Use Only**

Type of Response (Item 6b: Code    01, 02, 08 or 09) _____

DC 090, Effective May 1, 1988

Not similarly Situated and with
Institutional Violent offenders
 # 411181831

- KDOC is aware of the Risk
- KDOC says that this is a
  housing issue and not grievable
  but instead it's Due Process and
  being smartly Situated
- The Situation is Atypical because no
  prison to which I might be transferred
  for non-disciplinary reasons is more
  restrictive.

   - Comparision Chart discriminates
     against Me only.

Electronic
#467581871   # 409500561
# 411181831

I have attached the official Complaint
  under KSA 60-1501 that explain all grievances.

*# THIS COPY MAILED*

## APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: _Leticia Stauch_   Facility: _TCF_

Inmate Number: _129417_   Grievance Serial No.: _405397891_

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:   Kansas Department of Corrections      Date Mailed: _2/5/2024_
714 SW Jackson
Suite 300
Topeka, KS  66603

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.)

_Denial of Access to the Courts_   _Plus paper Chakes response_

_#409516901   #405492871_
_#409560861_

Signature of Inmate

---

**DECISION BY SECRETARY OF CORRECTIONS** (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____      Date Sent to Inmate: _____

Finding of Fact:

Conclusions Made:

Action Taken:

Signature of Secretary of Corrections

---

Type of Response (Item 6b: Code   01, 02, 08 or 09) _____

DC 090, Effective May 1, 1988

_Mailed 2/5/24_

2/5/2024

To whom it May concern,

I am being denied Access to the Courts in Colorado. I started off by telling Ms. Buedig on #405397891 (electronic) and then spoke to Holly Chavez Several times on electronic form 9's. I then emailed the CIT back + said that they do have to provide me access to the courts because it's a 1st Amendment right and not having it <u>causes an injury</u> and <u>prevents</u> <u>me from progressing a legal claim.</u> I then escalated it and the time frame has expired for responding. Then the facility blocked my access to the electronic form 9's that were in <u>progress</u> and the <u>grievances</u> in progress. Here are a few of <u>the grievances</u> And form 9's on the issue.
Grievance → #405397891

#405516901    #404500561    There are more but the facility
#405492871    #407911401    has a culture in place to
                            block inmates from
                            advancing their grievances.
                                              →

I am Pro Se. The delay and denial of access to the Co. Courts is causing a Constitutional injury of timelines for appeals and for filing Civil Rights Violations. The issue is only Kansas Appeals & courts are in the law library. Kansas should not enter into Interstate Corrections Compacts with other states if they are going to deny Access to the Courts.

Form 9
For Cellhouse Transfer
Work Assignment _____
Interview Requests

*Response to Chanez*

*Last Name Only* (handwritten signature)

## KANSAS DEPARTMENT OF CORRECTIONS

Number: 129417

## INMATE REQUEST TO STAFF MEMBER

To: _____  Date: 12/18/2023

(Name and Title of Officer or Department)

State completely but briefly the problem on which you desire assistance. (Be specific.)

Response to #1214 - Case law shows we are to be similar situated, We are not. This is a violation of Federal law of a prison Library. The entire facility is going to Central library to show there is one, when we are not similar situated causing a constitutional Injury. We CANNOT tell someone what we need or want if we do not know. This is a method to cover up the issue of discrimination among some females.

Work Assignment: _____  Living Unit Assignment: Tell KR

Comment: _____  Detail or C.H. Officer: _____

Disposition: _____

To: _____  Date: _____

(Name & Number)

Disposition: *Attached is a resource for legal assistance.*

Employee's Signature

P-0009

#1231

**To be returned to inmate.**

We are required to be able to research ourselves to include reference books and others. The facility does not have a Library at JCH and we are refused attending J.

- J has a Library
- Yellow Tier has a Library
- Central Has a Library

* Discrimination against JCH

INMATE REQUEST TO STAFF MEMBER

To: _____     Date: _____
(Name and Title of Officer or Department)

_____
Unit Team, Detail, or Cellhouse Officer's Signature          **To be retained by inmate**

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

Stauch
**Last Name Only**

**KANSAS DEPARTMENT OF CORRECTIONS**

129417
**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: Secretary of Corrections     Date: 2/5/2024
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

This motion will explain the grievances in
this package in depth. I have attached
appeal numbers (labeled myself since DOC
does not have a tracking system) labeled
~~appeal numbers (labeled myself)~~  # 14000, # 14020,
# 14015, # 14014

Work Assignment: _____     Living Unit Assignment: _____
Comment: _____     Detail or C.H. Officer: _____

Disposition: _____
_____
_____
_____

To: _____     Date: _____
(Name & Number)

Disposition: _____
_____
_____
_____

Employee's Signature          **To be returned to inmate.**
P-0009

Petitioner                    Respondent                    ①
Letecia Stauch               Kansas Department of
815 SE Rice Rd          V.   Corrections — Topeka Correctional
Topeka, Kansas 66607         Facility
Pro se'                                    CASE NO. _____

## In The District Court of Shawnee County,
## [Pursuant to K.S.A. 60-1501]

Comes Now, Letecia Stauch, the petitioner, pro se,
and respectfully represents that she is unlawfully
deprived of her liberties at Topeka Correctional Facility,
in Kansas, and that cause or pretense of her restraint,
to the best of her knowledge and belief in case no. _____

Petitioner is housed at Topeka Correctional Facility on a
Interstate Corrections Compact between the State of Kansas
and the State of Colorado pursuant to K.S.A. 76-3002,
Art. 1 and Art. 4 in which Kasas Department of Corrections
is an agent in the Interstate Corrections Compact. Due to
to nature of an Interstate Corrections Compact, the
petitioner ask the court to seal any required appendix
and supplements. The ICC is suppose to provide security
and due to sensitivity and the level of public interest in
this case; this would benefit both parties.

Further, petitioner states that said imprisonment is
wrong for the following reason(s):
1. Right to Access the Courts.
2. 14th Amendment
3. 8th Amendment
4. KSA 76-3001, KSA 76-3002, KSA 76-3003
5. Prison Policy and Interstate Corrections Compact
6. 1st Amendment
7. 6th Amendment
Note: Numbers included are electronic form 9's and
will be attached as a supplement.

Upon information and belief, I contend that the following pages will identify the violations

Verification

I verify that the above is true and correct to the best of my understanding under the State and Federal laws of perjury with K.S.A 54-105 and 28 USC 1742. This causes the court to take as true the alleged facts above at this stage of proceeding.

Leteera Stauch
Leteera Stauch
Topeka Correctional
Facility

Petitioner has not filed an action in State Court under K.S.A 60-1501 in Kansas or any state. Petitioner contends that she has no administrative remedies open to her at this time. In addition, due to security reasons and the sensitivity and nature of it. The petitioner has been informed that the violations of the Interstate Corrections Compact is no longer grievable and the facility has took extreme measures to prevent this information from reaching the individuals involved in communicating about the compact between states. Wherefore, Petitioner ask that Writ of Habeas Corpus be issued, and that she be discharged from the unlawful portion of her imprisonment. Petitioner request a hearing in the above case.

Respectfully Submitted,

Leteera Stauch
Leteera Stauch

# Right to Access the Courts - 1st Amendment

The facility does not maintain library facilities at each housing location and restricts residents from these locations to attend the library in other locations. These are not comparable to those of a public or educational library as listed under case law. In addition, petitioner is denied the right to access the court. I spoke with the Law Librarian Ms. Boeding about the issue of having access to the Colorado Courts. She responded "I spoke to someone at Central Office and we don't have to give you the statues." I escalated the issue through several individuals explaining that the lack of resources deprived me of a specific opportunity to defend myself and advance a viable legal claim in a criminal appeal, a post conviction matter and an action involving civil rights. In fact, my information would be dismissed due to the technical requirements and the statue of limitations for filing and responding due to the inadequacies and cause me substantial harm and permanent injury. The facility has continued to deny under right to assistance claim and engage in retaliation claims for access to the courts. The following are the prisons policy for electronic communication in which they assign an electronic number and respond electronically. #406131011  #413161030l  #413576441  #405397891 Note: I have requested copies of all electronic forms and have been given permission to get them per the prisons policy. However, they are never delivered.

# Violation of Kansas State Statutes

K.S.A. 76-3001, K.S.A 76-3002, and K.S.A 3003 Petitioner will include how she has a Liberty Interest and is illegally detained in Kansas.

2. Equal Protection under the 14th Amendment when Petitioner has a Liberty Interest, procedural due process and violation of prison policy as a result of the constitutional violations

Prisons cannot treat members of one religion differently when there aren't other compelling reasons outside religion. This is under the first Amendment as well and under the prisons policy under IMPP 10-1100. Topeka Correctional Facility originally told me in August 2023 that I could not check Native American and attend church as they recognized smudging as a religious act instead of attending church services for Native Americans. I explained that this was a culture for some as many Native Americans believe in Christ. Then I was told that Jewish could not attend church either under the Christian faith (Although Messanic Jews believe in Christ) and there was no services for Jews. In addition, they did not provide a Kosher even though IMPP 10-110 attachment A shows the policy for KDOC and Kosher. I was told that the male prisons are aloud to have these rights by Chaplin Waller, but TCF does not allow them. Then I was told in order to attend church, I must change my religion to Protestant. After being forced to change my religion (I have evidence of this on electronic form 9's), the facility refused to allow me to practice Jewish holidays after agreeing to put in the change of religion for church purposes only by Chaplin Waller and Holly Chavez. Retaliation began and anti-semtatic behaviors around the Jewish holiday. Finally my building was denied church services all together when I do not have any disciplinary reports nor am I an institutional violent offender. TCF will respond that we have church services, but

this is not true. The facility is allowing Muslims, Native Americans and Witchcraft to continue at the facility but has discriminated against those who believe in Christ only allowing us to have self-lead Bible study. The issue with this is I would have access to my religion and a religious diet of a Kosher in my sending state and thus a violation of K.S.A. 76-3002, Equal Protection Clause, and exclusion from other Similarly situated as a member of a "suspect class."

8th Amendment

Topeka Correctional Facility shows deliberate indifference to an excessive risk of serious harm when they were aware and had actual knowledge. I was sexually harassed by Officer Dietrick in August 2023. The facility has a policy in place through EAI to investigate. They did not investigate or speak to me in Aug. 2023 the issue escalated and I was sexually assaulted by Officer Dietrick in the shower in October 2023. I sent emergency grievances #381794331 #35838 0041, and #358227051 in October of 2023. The facility refused to open the grievances. After complaining and asking to speak to Mental health for three months; someone responded to a complaint that no one was available to open and respond to Emergency grievances #40802481. The abuse continued and I reported it several times to EAI. However, I was told that it was my word against his and that no cameras were in the shower even though they know he went in the area. This is a violation of TCF's Impp 10-1020 and is cruel and unusual to show deliberate indifference as inmate is incarcerated under conditions posing a substantial risk of serious harm. Prison officials are deliberate indifferent to my safety and they have knowledge that I faced substantial risk

of harm and disregared that risk by failing to take reasonable measures to abate it. After reporting the PREA I was forced to stay around my abuser who continued to harass me on my job. I continued to report the issues to Ms. Valorie Watts, the advocate for TCF and she ignored the retaliation claims #40380390l #40381l041 #40381l75l #40384208l #40455657l I reported this to the FSA Holly Chavez as her responses are not grievable as there is no appeal tab on her electronic form nine's as there is with others; therefore, this is why she ignored them and failed to respond. The retaliation continued in the form of harassment by Dalton Hartpence by forcing Linda Hull-Veria to take my job from me, to refuse to assist me with any housekeeping matters that counselors help others with, and to continue forcing me around my abuser. The two developed a campaign of harassment for doing something that I had a Constitutional right to do which was to be free from sexual abuse as it is cruel and unusual and for grieving the retaliation as it was, is atypical and significant hardship in relation to the ordinary incidents of prison life. The following is the numbers of contact for electronic form nines that I cannot get printed for appendix and supplements to support this. [All #'s listed I requested for evidence to add] Also include Federal 28 C.F.R. Part 115 PREA Standards.

<u>8th Amendment Continued</u>

Prison officials are to provide reasonable safety and must refrain from subjecting them to unnecessary violence and TCF has actual knowledge of the risk of being around institutional violent inmates. TCF is purposefully avoiding knowledge and it amounts to deliberate indifference.

The situation is atypical because no prison to which I might be transferred for non-disciplinary reasons is more restrictive. In fact, the courts have responded with "if the prison was a country club like atmosphere in which prisoners enjoyed a great deal of time out of their cells would work as a typical and significant deprivation of their Liberty." TCF is a country club at JCH and Central Compound which I am qualified for based on KDOC Classification Policy as I do not have disciplinary issues. My sending state of Colorado was the same way as I enjoyed the same freedoms at Denver Women's. However, TCF houses me in atypical situations and I have significant hardships in relations to the ordinary prison life. This is to include but not limited to a substantial burden on religious exercise, mental deterioration, social deterioration and increase in prior mental health issues due to the reoccuring abuse and being around violent situations when I was not subjected to these issues in my sending state nor was/am I an institutional violent offender or have any behavior concerns at Colorado DOC or Kansas DOC. I have composed a comparison chart of individuals with similar charges and those on an interstate compact as well without disciplinary and with disciplinary issues. The findings include evidence and conclude that this treatment is not rationally related to a legitimate government purpose and that the people I wish to compare to are "similarly situated" and there is no difference between the two people but yet I am treated differently. These issues have lead to a serious disruption in everyday prison life as symptoms increase disturbing my functioning. I was receiving intense treatment in my sending state for trauma, PTSD,

⑧

acute and severe depression (with risk of thoughts of suicide - prior in my sending state), OCD, and manic episodes. In addition I was receiving help for immediate psychological trauma. TCF has a practice or culture of abuse and neglect of people in need of mental health at the level of regressing and deterioration. TCF will say that I am able to sign up for mental health sick call; however this is a twenty minute session that does not provide tools or resources because the facility is not equipt to. KDOC was negligent in entering into a Interstate Corrections Compact with Colorado knowingly excusing the Article II of the section on ICC in the Kansas statues about required mental health care when sending state is required to under their own state statue. These statues include Colorado CRS 24-60-1001 and Kasas KSA 76-3001 and Kansas 76-3002.

Next, I sustained an injury at the hands of staff and the facility was deliberate in covering up that a staff member did it. There was never a report of the incident written by staff even when an incident occured forcing the staff member to declare a medical emergency. TCF then hid the injury blaiming it on me. I have permanent damage to my right hand as a result. I have not received medicial care to determine why I lost feeling in one of the fingers and why I still cannot get the swelling to decrease and mobility back even after ten weeks of recovery. The facility failed to follow its on policy for reporting an incident, then covered it up blaiming inmate (there is evidence to prove they did it) and was deliberately indifferent to my health and safety. #40549287।

As a result of contesting the Interstate Corrections Compact and reporting a PREA in August, Topeka

Correctional Facility has denied me any programming, jobs within my experience (when IMPP/prison policy says that it will), and mental health classes. Case Law shows that a penal system cannot be operated in such a manner that it impedes the ability of prisoners to attempt their own rehabilitation or simply to avoid physical, mental, and social deterioration. This rises to the level of cruel and unusual and is an atypical situation as no one on an interstate compact at Topeka Correctional is being treated this way (without a behavior issue) nor is any male inmate at KDOC in the same situation being discriminated on. According to the prison's policy IMPP 10-103D I should be in the least restrictive environment and according to its classification manual I should not be discriminated on for being a female on an interstate corrections compact. Nor should my constitutional rights be violated by TCF when I would be afforded those rights in my sending state. "All inmates who may be confined in an institution pursuant to the provisions of this compact shall be treated in a reasonable and humane manner and shall be cared for and treated equally with such similar inmates of the receiving state as may be confined in the same state." K.S.A. 76-3002 Art. IV.

Prison Policy

Where prison staff and officials fail to follow their own policy or rules and regulations there is a a clear indication of deliberate and intentional indifference. I asked KDOC several times to revoke the ICC under IMPP 14-105A and 11-104 which involves residents on an Interstate Corrections Compact. The idea behind the ICC is the ability to transfer based upon greater potential of achieving success (KDOC Mission and Policy on IC).

I am being detained illegally in the state of
Kansas because my civil liberties are being
violated as mentioned in this document under
KSA 60-1501. KDOC IMPP 11-104 states that the
resident can be removed if the resident can no
longer be housed safely in KDOC if the resident
presence in KDOC presents a threat to the
operation of the facility and other compelling
reasons.
1. No longer safe in Kansas DOC
  A) Due to the civil liberties violations,
     the statue violations and the denial of
     constitutional rights as mentioned
2. Residents presence presents a threat
   to KDOC
  A) The facility has wrongfully placed a
     security threat on me due to the
     high profile case that I am here on.
     During the last 4 years, I have had to
     deal with unfounded reports from inmates
     and media about escape when I do
     not have any charges or any evidence to
     elude to that. There is no conviction no
     disciplinary process or any information that
     would conclude that other than inmates who
     wanted personal gain or housing manipulation

Kansas DOC entered into a contract with Colorado
DOC knowing that this has continued to happen.
In fact KDOC does not have the security
measures via guard shack and security
that CDOC has; therefore, if this was an
issue or of any concern then they should of
never accepted the contract as I cannot

Control obsessed inmates or media. By accepting this contract KDOC was indifferent to the situation and had a plan to violate my Constitutional rights, to retaliate on me, and impede on my civil liberties. I have exhausted all remedies asking for my civil liberties to be restored and for the TCF revocation. The deprivations and abuse has brought emotional physical, and mental injury and there is an evil motive or intent, wreckless indifference to the protected rights. TCF deprives the inmate of minimal civilized measure of life's necessities and places inmate in harm. TCF also has a culpable state of mind.

## Additional 8th Amendment — applies to petitioner and all other inmates at TCF -ICH

1) TCF does not serve food that is nutritious and does not prepare food under clean conditions at ICH Building.

2) Sewage leaks from pipes, sinks are often inoperable, and windows leak water and wind of extreme temps at ICH

3) There is no adequate ventilation in rooms at ICH and obvious signs of mold that causes medical issues to include but not limited to headaches, breathing issues, stomach, dizziness etc. Vermin enters into some windows.

4) Conditions fall below minimal civilized contemporary standard of decency.

5) Clean water is an issue because there isn't a septic system at ICH causing us to breathe the fumes in our rooms leading to medical issues to include but not limited to the following:

Terese Stanek 129417 LB
815 SE Rice Rd (TCF)
Topeka, KS 66607

Kansas DOC
Grievance To Secretary of Corrections
714 SW Jackson
Suite 300
Topeka KS 66603

**NOTICE!** This correspondence was mailed from
an institution operated by the Kansas Department of
Corrections. Its contents are uncensored.

**Exhibit 5**

# Grievance-Response on Appeal

**FACILITY:**          **Topeka Correctional Facility**

**INMATE:**           **0129417 Stauch, Letecia**

**GRIEVANCE NO.:** **(GTL 404578081)**

**DATE:**               **March 8, 2024**

## FINDINGS OF FACT

The response provided to the inmate by staff at the facility is incorporated herein by reference and made part of this response.

On appeal, the inmate offers no evidence or argument that suggests that the response rendered by staff at the facility is wrong.

## CONCLUSIONS MADE

The response rendered to the inmate by staff at the facility is appropriate.

## ACTION TAKEN

None further.


**Darcie Holthaus**
**SECRETARY OF CORRECTIONS DESIGNEE**

cc:     Warden Hook
         Grievance File-w/attachments

The original response on appeal and all attached documents were mailed to the inmate by way of United States Mail on _____.

APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: _Leticia Stauch_     Facility: _TCF_

Inmate Number: _129417_     Grievance Serial No.: _404578081_

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:   Kansas Department of Corrections     Date Mailed: _2/23/2024_
           714 SW Jackson     _2nd Request — KDOC's grievance policy_
           Suite 300     _failed once again (Deadline 1/17/2024)_
           Topeka, KS 66603     _Mailed to KDOC 2/5/24 — Returned_

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.) _KDOC is ignoring the issues with their grievance procedure at TCF. This is the 2nd time that I mailed and appealed to KDOC. The other was returned saying I didn't go through the process when I did. But, yet KDOC will return it even though they (TCF) are past their own deadlines and against KAR 44-15-102 [strikethrough] and 44-15-2a. 2) Deadline 1) Unit team 2) mailed 3) mailed warden    Signature of Inmate 4) FSA work back ← Tactics to stop the grievance process Action: fix the grievance issues and stop the PREA Violations including retaliation_

DECISION BY SECRETARY OF CORRECTIONS (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____     RECEIVED

Date of Final Answer: _____     Date Sent to Inmate: _____     FEB 29 2024

Finding of Fact:     DOC Facility Management Area

Conclusions Made:

Action Taken:

_____
Signature of Secretary of Corrections

For D.O.C. Staff Use Only
Type of Response (Item 6b:  Code    01, 02, 08 or 09) _____

DC 090, Effective May 1, 1988

Facility is in violation of the grievance process — Deadline 1/17/2024

Response: Grievance #12947 404578081

This is another example of a grievance that is past the deadline of 1/17/2024. I reported the retaliation in December of 2023. Defendant #9, #2, and #3 were aware that Defendant #4 the PREA Coordinator Valorie Watts did not respond to the electronic form 9's # 403810041 #403811751, #403842081 nor #404556571 which were all in December 2023 (12/12 - 12/13). When I met with Valorie Watts in person with Ms. Golightly, I did mention the retaliation and asked her why she did not respond to my emails. She said that she printed them. Def. #9 was aware of this because I emailed her and asked her to respond to them since Valorie Watts did not. Valorie Watts was aware of the retaliation and Cruel and unusual punishment and failed to address it. Once again Ms. Chavez is trying to place the blame on me, when I

correctly reported the retaliation
in December and the staff and
prison officials ignored them. I
mentioned them again in Jan. 2024.
Once again, Watts said that she
printed them. After trying for two
months to get help from Ms. Chavez, Ms.
Hook, + Ms. Watts, I decided in Feb.
2024 to include this in my civil action
and had no intentions to let Ms.
Watts continue to violate my rights
on 2/9/24. I left after she demonstrated
once again that she was negligent. She
did make a statement to me that
said "At least you are not in Seg."
I suggest the facility to review the
camera video and audio response
for the room upstairs as Ms. Watts
made it very clear that she was
going to impede on my rights. Finally,
I am not in the Least Restrictive Environment
and prison policy states that Substained
and Unsubstained are monitored and are
treated the same under. Attachment A - IMPP 10-103D.



KANSAS DEPARTMENT OF CORRECTIONS
INTERDEPARTMENTAL MEMORANDUM
*A Safer Kansas Through Effective Correctional Services*

DATE:        February 15, 2024

TO:          Stauch, Letecia #129417--ICH

FROM:        Chavez, Holly—Facility Services Administrator

SUBJECT:     Grievance: # 404578081

I have received and reviewed your grievance. You claim that you have documented forms of retaliation from staff, and you claim it was because you filed a PREA complaint.

PREA Coordinator, Valerie Watts met with you on 1/8/24 for retaliation monitoring and she stated that you discussed this issue but did not contest it heavily and that you signed the retaliation paperwork. Valerie Watts and CCI Matthew Miller met with you on 2/9/24 for a PREA retaliation meeting and during the meeting they were there to discuss several points you wanted to discuss regarding retaliation. It was stated to me that during the first point, to which you claimed a DR was used as retaliation, you got upset and removed yourself from the meeting and did not return to finish the discussion on the remaining points of retaliation.

In conclusion, it appears that staff are addressing your concerns for retaliation and that when provided an opportunity to address it on 1/8/24 you did not. You also had the opportunity to address it this month during the retaliation meeting on 2/9/24 and you did not address it then either. This grievance does not meet the definition of Emergency Grievance stated in KAR 44-15-106.

Holly Chavez
Facility Services Admin.

# Grievance #404578081

**Profile Photo:**
Profile Photo

**Audit Photo:**
Audit Photo

**Resident Info**

Name: Letecia Stauch (1983-08-04)
Booking Number: 129417
Submitted Date: 12/15/23 11:35
Submitted from Location/Room: 03,0I1139/0I1
Current Location/Room: 03,0I1139/0I1
Facility: Topeka Correctional (KSDOC) - KS
MAC ID: 48:7B:5E:01:08:FE
Device ID: 487B5E0108FE

**Form Info**

Category: Emergency Grievance
Form: Emergency Grievance

**Grievance Info**

Grievance ID #:
Status: OPEN
Facility Deadline: 01/17/24 23:59 (-28d)
Grievance Level: 2
Resident can reply: No
Disposition @ 1: Remedy Denied

*[handwritten: Past the deadline]*
*[handwritten: Escalated ignored → Can go to next step]*

**Details:**

Retaliation

**Details:**

**Please provide the date of the incident or discovery of the concern:**
12-2 through current

**Please provide a detailed description of your grievance, including what or who is the subject of the complaint, related dates, and effect the situation, problem, or person is having on you to make the complaint necessary. An informal resolution attempt is required prior to filing a grievance. Explain what steps you have taken to resolve this concern.:**
I have documented forms of retaliation from staff at this facility for reporting a PREA and for reporting Hull-Veria and unit team. I have made an informal resolution through Valorie Watts the PREA supervisor. I cannot continued this through Unit Team beause they are the main retaliators. Huil-Veria discriminated on me for reporting a PREA and told another staff member that I did. Then she denied me a job because of this and passed info to Mr. Wrigt and another inmate. Now she is writing false DR's on me when I was at the Law Library one of the days for e filing (witness Blankenship) and another day when I was locked in my room for a medical evaluation per EAI. The facility has a policy in place stating that inmates will not get retaliated on for reporting. Unit Team continues to deny adding my attorney to my phone list, job's, and any assistance since I filed this PREA. I have already sustained a broken finger from staff in the past. I am a victim in the PREA. My own UTM is retaliating on me and discriminating on me. How is she to go frward with paperwork or assistance. When its clear she is retaliating on me. The electronic numbers are #403637321, #404803901 and several Form 9's on paper. This should classify as an emergency because UTM has access to my personal files and I am at a grave risk of danger when they control erverything of ours. If they are doing this now, what happens when it results to more physical injury because I reported this is harassment to her prior.

**Action Requested for remedy::**

https://snap.telmate.com/admin/grievances/documents/404578081?pr...

Firefox

Due to the retaliation, these individuals should not handle my files+ stop harassment. Add info to Interstate Compact revocation

| DATE/TIME | USER | ACTION | DETAILS |
|---|---|---|---|
| 01/03/24 13:22 | Letecia Stauch | Escalated | Stauch, Letecia has escalated the grievance on 01/03/2024 13:22 -06:00 Response: This is an emergency grievance. I am in substantial risk of hartm from the UTM and staff. This is a seperate incident than those you mentioned as the facility continues to ignore the abuse and retaliation. This is irreversible harm to include mental, emotional and physical. |
| 01/03/24 13:22 | | Changed Status | From Closed to Open due to Appeal |
| 01/03/24 13:22 | | Changed Level | Level changed from 1 to 2 due to Appeal |
| 01/03/24 13:20 | Letecia Stauch | Viewed Staff Response | |
| 01/02/24 13:14 | HChavez3 | Staff Response | There was a mix up with the notification system to the person who was to be replying to the Emergency grievances, so we are have fixed the notification system and we are getting those delinquent grievances caught up. Response to your grievance: Per KAR 44-15-106. Emergency procedure. "Emergency grievances" shall mean those grievances for which disposition according to the regular time limits would subject the inmate to a substantial risk of personal injury or cause other serious and irreparable harm to the inmate. You do not provide any evidence stating that you feel your life is at substantial risk of personal injury, there are only statements with no additional information and since we are responding to these late, we know that you have received answers to several of these complaints already through other grievances that you have entered into the grievance system. You can move this through the grievance process as a regular grievance, but does not meet emergency grievance standards as all the issues mentioned have been addressed through other grievances in which you have already received responses. This is a duplicate since the issues have already been replied to. |
| 01/02/24 13:14 | HChavez3 | Changed Status | From 'Open' to 'Closed' |
| 01/02/24 13:13 | HChavez3 | Changed Disposition | Changed the disposition value for level 1 from to Remedy Denied |
| 01/02/24 13:11 | HChavez3 | Changed Disposition | Changed the disposition value for level 1 from to Remedy Denied |
| 12/25/23 16:44 | Letecia Stauch | Viewed Staff Response | |
| 12/20/23 16:02 | Letecia Stauch | Viewed Staff Response | |
| 12/15/23 15:48 | Letecia Stauch | Viewed Staff Response | |
| 12/15/23 11:35 | Letecia Stauch | Submitted New | Retaliation |

2 of 2

2/15/2024, 12:18 PM

Exhibit 6

# Grievance-Response on Appeal

**FACILITY:**        **Topeka Correctional Facility**

**INMATE:**        **0129417 Stauch, Letecia**

**GRIEVANCE NO.:**  **(GTL 40517231)**

**DATE:**        **March 8, 2024**

## FINDINGS OF FACT

The response provided to the inmate by staff at the facility is incorporated herein by reference and made part of this response.

On appeal, the inmate offers no evidence or argument that suggests that the response rendered by staff at the facility is wrong.

## CONCLUSIONS MADE

The response rendered to the inmate by staff at the facility is appropriate.

## ACTION TAKEN

None further.


_____
**Darcie Holthaus**
**SECRETARY OF CORRECTIONS DESIGNEE**

cc:    Warden Hook
       Grievance File-w/attachments

The original response on appeal and all attached documents were mailed to the inmate by way of United States Mail on _____.

3rd Request Sent to KDOC for this issue

## APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: Leteria Stouch    Facility: TCF

Inmate Number: 129417    Grievance Serial No.: 405|723|

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:   Kansas Department of Corrections    Date Mailed: 2/23/2024
714 SW Jackson
Suite 300                3rd Request (for the same issue)
Topeka, KS 66603

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.) 3rd time — Show negligence

I did follow the proper grievance procedure. Infact, this grievance about the PREA procedures and the cruel and unusual punishment and retaliation was sent 12/17 and the facility deadline was 12/31/23, I emailed the warden (paper Form 9) and no response and _____ was Sent to KDOC in which you returned multiple times. Signature of Inmate (No tracking system for these)

---

### DECISION BY SECRETARY OF CORRECTIONS (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____    Date Sent to Inmate: _____

Finding of Fact:

Conclusions Made:

Action Taken:

Signature of Secretary of Corrections

Type of Response (Item 6b: Code    01, 02, 08 or 09) _____

DC 090, Effective May 1, 1988

KDOC Violated the grievance procedure
Facility deadline was 12/31/2023

Response to Grievance # 4051723/ exhibit V
15 pages

Sent to: KDOC and U.S. District Court

Once again prison officials ignore
our Form 9's. If you read the original
message I never mentioned going to
Medical two times on 12/13/2023. I
said that I went on 12/2 and they
took me back on 12/13/2023. I did
not refuse to sign. I had an injury
as mentioned in other claims and
the nurse did not require me to sign.
On 12/2 I was taken upstairs about
the PREA by SSGT Beckley. I spoke
with Ms. Cottingham. The facility made
a mistake not realizing that I did attend
on 12/2 and called a STAT to take me
to medical for the PREA again on
12/13. I was taken up by Officer Harms,
Officer Mitchell, and SWAT Member
Bigham who all stood in the room
and refused to let me talk to the
nurse in private because Nurse Candy
told them they did not have to leave.

I spoke with Officer Mitchell on
2/23/24 in presence of Inmate Frantz
and Inmate Jernigan (8:00 am) and asked
her to confirm that they took me to
Medical for PREA. She confirmed.
This response demonstrates the negligence
in record keeping and/or the continued
lies that the facility and prison
Officials #1 #2, #3 #4 #8 #9 are
involved in. These Defendants mentioned
were aware of the mishandling of the
entire PREA Process, hiding the original
harassment, and imposing cruel and
unusual punishment and retaliation.
Had they followed the PREA regulations
and standards, the sexual assault
could of possibly been prevented. If
the facility would impose different rules
and regulations for females and showers
especially in POD 4 and RDU, Sexual
assaults in the facility could be
decreased or stopped overall. Especially
the showers without a curtain (a plastic bag
was used).                    John Stan  2/23/24

Received 2/22/2024



KANSAS DEPARTMENT OF CORRECTIONS
INTERDEPARTMENTAL MEMORANDUM
*A Safer Kansas Through Effective Correctional Services*

DATE:        February 15, 2024

TO:          Stauch, Letecia 129417--ICH

FROM:        Holly Chavez, Facility Services Administrator

SUBJECT:     Grievance: # 40517231

I have received and reviewed your grievance. You stated that the PREA procedure was not followed in regard to speaking to medical.

Once the facility was notified of the PREA incident, the PREA regulations and standards were followed. After consultation with PREA Coordinator, Ms. Watts, it was confirmed that you were brough to see medical two times on 12/13/23 and refused both times and refused to sign both times and neither time did you see Nurse Candy as you claimed in your grievance.

You are claiming this incident occurred due to retaliation; however, it was noted by medical and by PREA Coordinator that all PREA regulations and standards were followed during the handling of this incident.

Holly Chavez
Facility Services Administrator

# Grievance #405017231

**Profile Photo:**
Profile Photo

**Audit Photo:**
Audit Photo

**Resident Info**

Name: Letecia Stauch (1983-08-04)
Booking Number: 129417
Submitted Date: 12/17/23 10:40
Submitted from Location/Room: 03,0I1139/0I1
Current Location/Room: 03,0I1139/0I1
Facility: Topeka Correctional (KSDOC) - KS
MAC ID:
Device ID:

**Form Info**

Category: Grievance
Form: Unit Team Grievance

**Grievance Info**

Grievance ID #:
Status: OPEN
Facility Deadline: 12/31/23 23:59 (-45d)
Grievance Level: 1
Resident can reply: No
Disposition @ Level 1: Undecided

*Over 45 days past due*

**Details:**

Would like this escalated

**Details:**

Unit Team

I would like the policy and procedure of today's event sent for a grievance. I was asked to go up to UTM's office and cannot be around EAI so I returned to my room. No one ever asked me to go to medical until they came in to take me there. The issue I have with the procedure is. I was told to talk to a nurse on 12/13 about the PREA info with a swat team member, officer Harms, and officer Mitchell being present with the nurse. Then Candy another medical staff came in a said that they could be present and didn't have to leave. I let Ms. Watts know this is not procedure. Instead these are intimidation tactics to prevent people from getting help and retaliation for people. I was not disruptive nor did I ever cause any safety concerns for the nurse. On 12/2 I was allowed to talk to the nurse privately as I was told that was policy. It is a violation for those officers to stand there to talk about it with nurses. This is suppose to be confidential. I would like the situation escalated to a grievance because this is against the policy for handling talking to medical or mental health staff.

Porter

| DATE/TIME | USER | ACTION | DETAILS |
|---|---|---|---|
| 01/09/24 08:13 | Letecia Stauch | Viewed Staff Response | |
| 12/26/23 21:02 | Letecia Stauch | Viewed Staff Response | |
| 12/20/23 16:00 | Letecia Stauch | Viewed Staff Response | |

| DATE/TIME | USER | ACTION | DETAILS |
|-----------|------|--------|---------|
| 12/20/23 15:52 | Letecia Stauch | Viewed Staff Response | |
| 12/18/23 15:59 | Letecia Stauch | Viewed Staff Response | |
| 12/17/23 10:41 | Letecia Stauch | Viewed Staff Response | |
| 12/17/23 10:41 | Letecia Stauch | Viewed Staff Response | |
| 12/17/23 10:41 | Letecia Stauch | Viewed Staff Response | |
| 12/17/23 10:40 | Letecia Stauch | Request turned into Grievance | Letecia turned request 404168661 into grievance 405017231 |
| 12/17/23 10:40 | Letecia Stauch | Appeal Answer | Appeal Answer: I would like this to be escalated. In addition to the policy being against that in the PREA section of the inmate book. I spoke with the POD officer Griffin today 12/17 during morning pod time. She verified what I saying that she never came over and asked me to go to medical at any point in time. I was never asked through the speaker either. TCF took it upon themselves to send several officers to escort me up to medical when I was never asked at all to go. Griffin verified she never asked me to go. Then add the method in which these individuals (SWAT member, Mitchell, and Harms) took me there and was told to sit there and listen to me talking to the nurse about a PREA. I was not a threat to myself or others nor had I made in comments to that nature or demonstrated any behavior to that nature. The nurse Candy then lied and said this was policy for them to listen to a conversation about PREA. This is not what is written in the procedure. This put me at risk to talk to anyone. It also spread the |
| 12/17/23 10:30 | Letecia Stauch | Viewed Staff Response | |
| 12/16/23 13:14 | Letecia Stauch | Viewed Staff Response | |
| **12/16/23 12:58** | **CCI M. Miller** | **Staff Response** | **We will look into this.** |
| 12/16/23 12:58 | CCI M. Miller | Changed Status | From 'Open' to 'Closed' |
| 12/14/23 16:49 | Letecia Stauch | Viewed Staff Response | |
| 12/13/23 22:32 | Letecia Stauch | Viewed Staff Response | |
| **12/13/23 22:32** | **Letecia Stauch** | **Submitted New** | **Would like this escalated** |

Exhibit 7

# Grievance-Response on Appeal

**FACILITY:**      **Topeka Correctional Facility**

**INMATE:**      **0129417 Stauch, Letecia**

**GRIEVANCE NO.: (GTL 381794331)**

**DATE:**      **March 8, 2024**

## FINDINGS OF FACT

The response provided to the inmate by staff at the facility is incorporated herein by reference and made part of this response.

On appeal, the inmate offers no evidence or argument that suggests that the response rendered by staff at the facility is wrong.

## CONCLUSIONS MADE

The response rendered to the inmate by staff at the facility is appropriate. The issue with the electronic system was remedied as soon as the issue was known. Ms. Chavez answered the grievance appropriately, though you point out you were harassed, not assaulted, on the earliest date referenced, it doesn't change the outcome of the investigation.

## ACTION TAKEN

None further.

_____
**Darcie Holthaus**
**SECRETARY OF CORRECTIONS DESIGNEE**

cc:    Warden Hook
        Grievance File-w/attachments

The original response on appeal and all attached documents were mailed to the inmate by way of United States Mail on _____.

## APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: Stauch, Leteaia                    Facility: TCF

Inmate Number: 109417          Grievance Serial No.: 38179433l

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:    Kansas Department of Corrections          Date Mailed: 2/23/2024
            714 SW Jackson
            Suite 300
            Topeka, KS  66603    2nd Request

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.)

I did follow the steps for a grievance. This is an Emergency grievance and I can reach out to a higher authority. Facility failed to open or respond.

                                        *Leteaia*
                                        Signature of Inmate

---

DECISION BY SECRETARY OF CORRECTIONS (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____    Date Sent to Inmate: _____

Finding of Fact:




Conclusions Made:




Action Taken:







_____
Signature of Secretary of Corrections

Type of Response (Item 6b:  Code    01, 02, 08 or 09) _____

DC 090, Effective May 1, 1988

Exhibit U

Grievance #38179433/    Pages 5

KDOC and US District Court,

I did file an Emergency grievance
on 10/30/23. I also filed one on 10/7/23
that She did not acknowledge. Def. #9
(FSA) acknowledged that they did
not respond to Emergency grievances for
several months. She then turned the
issue around, placing blame on me. I
did not refuse to talk to EAI in November.
I did talk to them and it was recorded.
I explained that EAI and Prison Officials
failed to meet with me in Aug. 2023
when Officer Dietrick first began the
harassment. I originally reported it
to SSGT Johnstone in Aug. 2023. The report
did not say anything about the shower
as Ms. Chavez mentioned. 8/29/23. I
never made it to the Shower on that
day because the harassment happened
at my room door. The Shower incident
was in October of 2023. Prison Officials
are so negligent that they cannot

4

follow timelines and their own
policy. I request the facility to
check their own records to see that
I talked to EAI in November and her
response is wrong. I also spoke
with Valorie Watts in Dec. with Ms.
Golightly (Watts is Defendant #4)
because I did refuse to talk to
EAI's Ryan Shanks after he started
retaliating on me in December (please
review #400878911) for filing a
PREA. I then sent #40396298 (12/13)
to continue with the claim. I have
asked for these to be printed but
have not received them. I asked
for the case to be opened because
he #5 continued to harass me and once
the facility ignored the original in
Aug 2023 he assaulted me in the shower.
This was unsubstantiated because he
was in the shower but camera's are
not in the shower. He should not have
been in the shower. Def. #9 is making an
excuse for not answering the grievances.

Received 2/22/24
Exhibit U



KANSAS DEPARTMENT OF CORRECTIONS
INTERDEPARTMENTAL MEMORANDUM
*A Safer Kansas Through Effective Correctional Services*

DATE:        February 20, 2024

TO:           Stauch, Letecia #129417--ICH

FROM:      Chavez, Holly—Facility Services Administrator

SUBJECT:   Grievance: # 381794331

I have received and reviewed your grievance. You filed an emergency grievance on 10/30/23, regarding Officer Dietrick. You stated that you feel he sexually harassed you in the shower.

I responded to you regarding this emergency grievances and stated that there was a notification issue with GTL and the person responsible for responding to emergency grievances was not receiving them, therefore, they did not realize you submitted this.

You did, however, submit a PREA complaint on 8/29/23 stating that Officer Dietrick was watching you while you were in the shower and it was under investigation when you filed this emergency grievance and then filed again on 11/1/23, in which case you refused to speak to EAI because you stated that you were filing a lawsuit. You then asked for a case to be opened on 12/4/23 against Officer Dietrick. After consulting with PREA Coordinator, Ms. Watts, the PREA case was found to be unsubstantiated.

Due to the case being found to be unsubstantiated, there is no further action that can be taken regarding this matter. Also, the issue with the notification of the emergency grievances was taken care of immediately upon discovery of the issue.

Holly Chavez
Facility Services Administrator

*Exhibit U*

# Grievance #381794331

| Profile Photo:<br>Profile Photo | **Resident Info** |
|---|---|

**Audit Photo:**
Audit Photo

Name: Letecia Stauch (1983-08-04)
Booking Number: 129417     *? ?*
Submitted Date: 10/30/23 08:50
Submitted from Location/Room: 03,AI4207/AI4
Current Location/Room: 03,0I1139/0I1
Facility: Topeka Correctional (KSDOC) - KS
MAC ID: 48:7B:5E:01:08:FE
Device ID: 487B5E0108FE

**Form Info**

Category: Emergency Grievance
Form: Emergency Grievance

**Grievance Info**

Grievance ID #:
Status: OPEN
Facility Deadline: 01/17/24 23:59 (-28d)     *Past the deadline*
Grievance Level: 2
Resident can reply: No
Disposition @ 1: Remedy Denied

Details:

Emotionally and Physically abused in facility

Details:

**Please provide the date of the incident or discovery of the concern:**
Emotional and Physical abuse

**Please provide a detailed description of your grievance, including what or who is the subject of the complaint, related dates, and effect the situation, problem, or person is having on you to make the complaint necessary. An informal resolution attempt is required prior to filing a grievance. Explain what steps you have taken to resolve this concern.:**
I am being denied my liberties and this would not happen elsewhere. This rises to the subjective and objective prong. I am being damages more and more mentally at this facility. It is now physically cause on purpose I am being put around Dietrick and I am being sexually harassed in the shower by him. This is against policy. I am not in fear for my life in this facility.

**Action Requested for remedy::**
Stop violating my liberties per us 1983

| DATE/TIME | USER | ACTION | DETAILS |
|---|---|---|---|
| 01/03/24 13:29 | Letecia Stauch | Viewed Staff Response | |
| **01/03/24 13:12** | **Letecia Stauch** | **Escalated** | **Stauch, Letecia has escalated the grievance on 01/03/2024 13:12 -06:00 Response: First, the grievances system "being late" is in violation of your policy which ia against due process and equal protection. Second, there can't be human** |

| DATE/TIME | USER | ACTION | DETAILS |
|---|---|---|---|
| | | | error with these nor computer error as I have proof that I reached out to several people to respond to these. Third, no I have not received anything through any grievance process about the abuse sustained in this facility. In fact, most responses are a form of avoiding the issue at hand or ignoring the abuse. Last, these were wrote in October and you may be referring to the abuse in Nov and Dec which occurred after the deadline of responding to these. These were prior and I have documentation of them and of alerting staff. I would be happy to provide a copy at your expense and with a counselor present. |
| 01/03/24 13:12 | | Changed Status | From Closed to Open due to Appeal |
| 01/03/24 13:12 | | Changed Level | Level changed from 1 to 2 due to Appeal |
| 01/03/24 13:07 | Letecia Stauch | Viewed Staff Response | |
| 01/02/24 13:04 | HChavez3 | Staff Response | There was a mix up with the notification system to the person who was to be replying to the Emergency grievances, so we are have fixed the notification system and we are getting those delinquent grievances caught up. Due to the issue mentioned above with the notification system, you have entered other grievances that were responded to and We know that you have received answers to several of these complaints already through other grievances that you have entered into the grievance system. |
| 01/02/24 13:04 | HChavez3 | Changed Status | From 'Open' to 'Closed' |
| 01/02/24 13:03 | HChavez3 | Changed Disposition | Changed the disposition value for level 1 from to Remedy Denied |
| 12/25/23 16:44 | Letecia Stauch | Viewed Staff Response | |
| 12/25/23 16:44 | Letecia Stauch | Viewed Staff Response | |
| 12/20/23 15:52 | Letecia Stauch | Viewed Staff Response | |
| 12/20/23 15:50 | Letecia Stauch | Viewed Staff Response | |
| 12/18/23 16:00 | Letecia Stauch | Viewed Staff Response | |
| 12/18/23 16:00 | Letecia Stauch | Viewed Staff Response | |
| 12/15/23 15:47 | Letecia Stauch | Viewed Staff Response | |
| 10/30/23 08:50 | Letecia Stauch | Submitted New | Emotionally and Physically abused in facility |

**Exhibit 8**

# Grievance-Response on Appeal

**FACILITY:**          **Topeka Correctional Facility**

**INMATE:**           **129417 Stauch, Letecia**

**GRIEVANCE NO.:**  **403626461 (electronic grv)**

**DATE:**             **March 15, 2024**

## FINDINGS OF FACT

The response provided to the inmate by staff at the facility is incorporated herein by reference and made part of this response.

On appeal, the inmate offers no evidence or argument that suggests that the response rendered by staff at the facility is wrong.

## CONCLUSIONS MADE

The response rendered to the inmate by staff at the facility is appropriate. General Orders are being reviewed and as you were made aware by UTM Hull-Viera, this one is currently suspended due to review.

## ACTION TAKEN

None further.


Darcie Holthaus
**SECRETARY OF CORRECTIONS DESIGNEE**

cc:    Warden Hook
         Grievance File-w/attachments

The original response on appeal and all attached documents were mailed to the inmate by way of United States Mail on _____.

COPY MADE #4800

## APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: Letecia Stauch    Facility: TCF

Inmate Number: 129417    Grievance Serial No.: # 403626461 (electronic)
(concluded)

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:    Kansas Department of Corrections    Date Mailed: 2/5/2024  Originally
714 SW Jackson
Suite 300     2nd try 2/24/24 as I did so
Topeka, KS 66603     through all steps (3rd try 3/7/2024)

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.) I received remedy granted to grievances # 403626461 for GO-15-108. However, the UTM and Officers said its not a policy. Appealed to Warden and it is well beyond the response time for responding asking _____ Letecia Stauch
how to begin the remedies. This policy is _____
not followed at all. See also electronic # 411234637 and #410786891
I attached the electronic grievances ALREADY IN PROGRESS.    Signature of Inmate

### DECISION BY SECRETARY OF CORRECTIONS (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____    Date Sent to Inmate: _____

Finding of Fact:    RECEIVED

MAR 12 2024

Conclusions Made:    DOC Facility Management Area

Action Taken:

_____
Signature of Secretary of Corrections

For D.O.C. Staff Use Only
Type of Response (Item 6b: Code    01, 02, 08 or 09) _____

DC 090, Effective May 1, 1988

#403626461

The grievance policy is a failure at TCF. Now it is a failure of due process and the grievance procedure at KDOC level. I received remedy granted for grievance #403626467 but the facility refused to follow it for those who it applies to. It was a step 3 and left opened and ignored beyond the deadline of 1/23/2024 at the level of the Warden. This shows how I always send it to the Warden and she refuses to respond or ignores the issue and responds negligently. If TCF cannot follow its own simple Go's about the IEH plan, it demonstrates the deliberate indifference to the rest of its policy. I went through UT, Phelps, Chavez and the Warden. I even showed several SSGT's the remedy granted and I was told "Oh no we don't follow stuff like that."

Remedy Requested: Follow policy and deadlines to include implementing this current GD 15-108 for those whom it applies to. UTM is negligent with this.

# Grievance #403626461

**Profile Photo:**
Profile Photo

**Audit Photo:**
Audit Photo

**Resident Info**

Name: Letecia Stauch (1983-08-04)
Booking Number: 129417
Submitted Date: 12/12/23 11:40
Submitted from Location/Room: 03,0I1139/0I1
Current Location/Room: 03,0I1139/0I1
Facility: Topeka Correctional (KSDOC) - KS
MAC ID:
Device ID:

**Form Info**

Category: Grievance
Form: Unit Team Grievance

**Grievance Info**

Grievance ID #:
Status: OPEN
Facility Deadline: 01/23/24 23:59 (-20d)
Grievance Level: 3
Resident can reply: No
Disposition @ 1: Remedy Denied
Disposition @ 2: Remedy Granted

*[handwritten annotation:]* — Failure to respond past deadline remedy granted but TCF says they will not follow KDOC GO 15-108.

**Details:**

GO 15-108

**Details:**

Unit Team

The current General Orders in the law library referred to as GO section 15-108 talks about the ICH Incentive Management Plan. In section II it says curfew for Level Zero is at 9pm. Curfew for level two and three will be 10:30pm on weekdays and midnight on weekends. Now this is under the GO for ICH not any other building. It also says they Level 3 will have access to the level three day room on weekends and holidays. Finally, it also says that we would have level hedges with stripes. None of this policy is in effective. Policy is policy and its clearly under the GO's in the Library. What is going on with this? Thank You

Porter

| DATE/TIME | USER | ACTION | DETAILS |
|---|---|---|---|
| 01/30/24 09:14 | Letecia Stauch | Viewed Staff Response | |
| 01/29/24 17:20 | Letecia Stauch | Viewed Staff Response | |
| 01/19/24 17:51 | Letecia Stauch | Viewed Staff Response | |
| 01/09/24 08:13 | Letecia Stauch | Viewed Staff Response | |

| DATE/TIME | USER | ACTION | DETAILS |
|---|---|---|---|
| **01/09/24 07:53** | **Letecia Stauch** | **Escalated** | **Stauch, Letecia has escalated the grievance on 01/09/2024 07:53 -06:00 Response: I asked officers if they policy could be followed. Told no. I asked the SSGT and was told that this policy isn't real. I then messaged the UT and said hey the response says remedy granted so how does the policy start taking place? I was told the grievance coordinator was working on this. However, this says that they grievance coordinator has already taken care of it. No one seems to know why policy isn't followed and others continue to think this is not a policy.** |
| 01/09/24 07:53 | | Changed Status | From Closed to Open due to Appeal |
| 01/09/24 07:53 | | Changed Level | Level changed from 2 to 3 due to Appeal |
| 01/09/24 07:48 | Letecia Stauch | Viewed Staff Response | |
| 01/08/24 08:29 | Letecia Stauch | Viewed Staff Response | |
| 01/08/24 08:18 | Letecia Stauch | Viewed Staff Response | |
| 01/08/24 08:16 | Letecia Stauch | Viewed Staff Response | |
| **01/03/24 14:23** | **Jacob Phelps** | **Staff Response** | **The grievance was received and reviewed. G.O. 15-108 is an active policy as you have stated, we will ensure policy is up to date, and followed if applicable. The Warden has an expectation of everyone who works at TCF to treat all residents and staff with dignity, respect, to enforce policy and to be professional. If that is not happening, then that is between UTM Hull-Viera and her supervisor. Those conversations are private and confidential, and you will not be notified if or when that process takes place. As a follow up to this grievance the appropriate TCF staff have been notified.** |
| 01/03/24 14:23 | Jacob Phelps | Changed Status | From 'Open' to 'Closed' |
| 01/03/24 14:03 | Jacob Phelps | Changed Disposition | Changed the disposition value for level 2 from from Remedy Granted to Remedy Granted |
| 01/03/24 14:02 | Jacob Phelps | Changed Disposition | Changed the disposition value for level 2 from to Remedy Granted |
| 12/20/23 16:03 | Letecia Stauch | Viewed Staff Response | |
| 12/20/23 15:49 | Letecia Stauch | Viewed Staff Response | |
| 12/20/23 15:49 | Letecia Stauch | Viewed Staff Response | |
| **12/20/23 15:48** | **Letecia Stauch** | **Escalated** | **Stauch, Letecia has escalated the grievance on 12/20/2023 15:48 -06:00 Response: This is a common practice of the facility to have policy listed and then say that it is not in effect. Is this accurate with all policy? What is the purpose of general orders or policy if the facility does not follow them? This would mean that no policy is in effect because no one is actually aware of what we follow or don't. Putting something in the library as an effective policy is lying about what is allowed and what is not. This sets the policy system up for failure without revoking it. Now the entire GO's are invalid if this is selective but never repealed.** |
| 12/20/23 15:48 | | Changed Status | From Closed to Open due to Appeal |
| 12/20/23 15:47 | | Changed Level | Level changed from 1 to 2 due to Appeal |
| 12/20/23 15:42 | Letecia Stauch | Viewed Staff Response | |

| DATE/TIME | USER | ACTION | DETAILS |
|---|---|---|---|
| **12/19/23 11:17** | **Linda Hull-Vera** | **Staff Response** | **Even though it is listed in the library, this policy is not in effect at this time.** |
| 12/19/23 11:17 | Linda Hull-Vera | Changed Status | From 'Open' to 'Closed' |
| 12/19/23 11:12 | Linda Hull-Vera | Changed Disposition | Changed the disposition value for level 1 from to Remedy Denied |
| 12/16/23 14:49 | Letecia Stauch | Viewed Staff Response | |
| 12/15/23 15:49 | Letecia Stauch | Viewed Staff Response | |
| 12/15/23 15:49 | Letecia Stauch | Viewed Staff Response | |
| 12/13/23 22:45 | Letecia Stauch | Viewed Staff Response | |
| 12/12/23 11:40 | Letecia Stauch | Request turned into Grievance | Letecia turned request 403269311 into grievance 403626461 |
| 12/12/23 11:40 | Letecia Stauch | Appeal Answer | Appeal Answer: The response was the policy is not in effect at this time. I would like to grieve this because the policy is still current in the General Orders. It is still listed as current in the Law Library. I also have not found anything that would revoke this policy. Thank you. |
| 12/12/23 11:38 | Letecia Stauch | Viewed Staff Response | |
| 12/12/23 11:38 | Letecia Stauch | Viewed Staff Response | |
| 12/12/23 11:38 | Letecia Stauch | Viewed Staff Response | |
| **12/11/23 23:12** | **Linda Hull-Vera** | **Staff Response** | **This policy is not in effect at this time.** |
| 12/11/23 23:12 | Linda Hull-Vera | Changed Status | From 'Open' to 'Closed' |
| 12/11/23 11:47 | Letecia Stauch | Viewed Staff Response | |
| 12/11/23 11:47 | Letecia Stauch | Viewed Staff Response | |
| **12/11/23 10:35** | **Letecia Stauch** | **Submitted New** | **GO 15-108** |

https://snap.telmate.com/admin/grievances/documents/410786891?pr...

# Request #410786891

| | |
|---|---|
| **Profile Photo:** Profile Photo | **Resident Info** |
| **Audit Photo:** Audit Photo | **Name:** Letecia Stauch (1983-08-04) **Booking Number:** 129417 **Submitted Date:** 01/08/24 08:33 **Submitted from Location/Room:** 03,0I1139/0I1 **Current Location/Room:** 03,0I1139/0I1 **Facility:** Topeka Correctional (KSDOC) - KS **MAC ID:** 48:7B:5E:01:08:FE **Device ID:** 487B5E0108FE |

**Form Info**

**Category:** Form 9
**Form:** Unit Team Form 9
**Internal Tag:** Jacob Phelps

**Request Info**

**Status:** CLOSED **by** Linda Hull-Vera
**Facility Deadline:** 01/22/24 23:59

**Details of Request:**

Hull-Veria question about remedy granted

**Details of Request:**

**To::**
*(Name and Title of Officer or Department)*
Hull-Veria

**Please provide details about your request:**
*State completely but briefly the problem on which you desire assistance. (Be specific)*
The grievance was received and reviewed.

G.O. 15-108 is an active policy as you have stated, we will ensure policy is up to date, and followed if applicable.

I am writing to find out how this active policy (The ICH incentive plan) is followed per the remedy or do I need to escalate it to the number four.. ..KDOC?

**Work Assignment:**
None

**Comment:**

| DATE/TIME | USER | ACTION | DETAILS |
|---|---|---|---|
| 01/31/24 12:06 | Letecia Stauch | Viewed Staff Response | |
| 01/25/24 21:20 | Letecia Stauch | Viewed Staff Response | |
| 01/25/24 15:33 | Linda Hull-Vera | Changed Status | From 'Open' to 'Closed' |
| 01/19/24 17:49 | Letecia Stauch | Viewed Staff Response | |

2/13/2024, 2:14 PM

| DATE/TIME | USER | ACTION | DETAILS |
|---|---|---|---|
| 01/11/24 13:50 | Letecia Stauch | Viewed Staff Response | |
| 01/11/24 13:04 | Letecia Stauch | Viewed Staff Response | |
| 01/11/24 13:02 | Letecia Stauch | Viewed Staff Response | |
| 01/09/24 08:05 | Letecia Stauch | Viewed Staff Response | |
| 01/09/24 07:58 | Letecia Stauch | Viewed Staff Response | |
| 01/09/24 07:57 | Letecia Stauch | Viewed Staff Response | |
| **01/09/24 07:56** | **Letecia Stauch** | **Resident Response** | **He responded with what I sent that the policy would be followed if applicable to us meaning those in ICH and that level. So why he still be reviewing it if it sent back remedy granted? Isn't that the point of the grievance process? I am just trying to understand because if he already responded and its remedy granted... why do I need to talk to him again? Who enforces a policy that's in effect at TCF? Thanks** |
| 01/09/24 07:53 | Letecia Stauch | Viewed Staff Response | |
| 01/09/24 07:18 | Letecia Stauch | Viewed Staff Response | |
| 01/08/24 21:19 | Linda Hull-Vera | Set Tag | Changed tag to Jacob Phelps |
| **01/08/24 21:19** | **Linda Hull-Vera** | **Staff Response** | **This matter is being reviewed by the grievance coordinator. I will forward this to him.** |
| 01/08/24 10:45 | Letecia Stauch | Viewed Staff Response | |
| **01/08/24 08:33** | **Letecia Stauch** | **Submitted New** | **Hull-Veria question about remedy granted** |