① 

Letecia Stauch
    Plaintiff

v.                              Case No: 24-3027-HLT-BGS

Jeff Zmuda, et al.
    Defendants

## Plaintiff's Response To Motion To Dismiss

Plaintiff has attached documentation that Original Motion to Dismiss was mailed out March 3rd, 2025 and not received by resident until March 17th, 2025 with a response due by March 21st, 2025. In addition, Plaintiff attempted to e-file with TCF Law Library and was denied by TCF Staff. In addition, Plaintiff does not have access to appropiate legal resources and law library as mentioned in original complaint that the court dismissed about Right to Access Courts.

## Exhaustion Issue (2)

In response to exhaustion requirement, Plaintiff did follow the grievance procedure set forth in K.A.R 44-15-101. Step 4 is paper only and plaintiff attached the KDOC Appeal to Sec. of Corrections as exhibits to this complaint. With these forms, plaintiff attached paper documentation explaining the Denial to Access Claim, the PREA incident, and the civil liberty violations. In addition, plaintiff also explained the ICC violations as related to civil liberties. The courts have ruled that the date inmate drops documents into the Inmate U.S. Mailbox is considered the date in which item was mailed. Camera footage at TCF can verify dropping mail to Kansas DOC Secretary of Corrections on dates listed as "date mailed" on the KDOC template. Plaintiff did file all grievances appeals to the Secretary of Corrections as mentioned in the original complaint. KDOC should improve their Step 4 process (by mail only) if they are experiencing issues with documentation, receiving and/or responding. As far as the inmate responsibility, Plaintiff followed the grievance procedure and dropped in U.S. Mail on camera at TCF as required per KDOC policy and can be requested as evidence during discovery.

③

Finally, TCF staff including Holly Chavez and KDOC attorney's have responded that they have experienced technical issues with electronic grievances (See Motion to Dismiss and declaration of Chavez). This could surely suggest that the grievance system electronically and on paper is filled with continuous issues on behalf of KDOC. Plaintiff followed the requirement by the Prison Litigation Reform Act and has provided evidence of that in prior exhibits attached. During discovery Plaintiff can submit the full grievance that KDOC is failing to acknowledge.

## Qualified Immunity

Constitutional rights were violated by defendants which includes anyone who works for the state. The violations are ongoing and Plaintiff is requesting injunctive relief and monetary damages.

## Interference with Legal Mail (4)

The motion to dismiss only addresses one judicial notice but failed to mention the numerous times that mail has been lost, not received, returned to sender without plaintiff's permission/signature, taken and opened not in the presence of inmate (causing plaintiff to receive the wrong mail), and mail (legal) that was not allowed for unknown reasons. Plaintiff attached the judicial notice that defendants are referring to as an example but was not required to as it was not the discovery phase. More evidence can be provided in discovery that will continue to show interference with legal mail and give Plaintiff a chance to obtain facts and evidence to prove case.

Leleca Stout
3/19/2025

I certify that a copy was mailed to KDOC & a copy was dropped off on 3/19/2025.