①

Letecia Stauch
  vs
Zmuda, et. al

Case no: 5:24-CV-03027-JWL

## Motion For Temporary Restraining Order

### Relief Sought

Plaintiff moves the court for a temporary restraining order as plaintiff has faced extreme retaliation for filing original complaint for failure to protect and first amendment rights. The restraining order sought will restrain defendants Dona Hook and Dalton Hartpence from retaliation, abuse, and antisemitic behaviors.

1. As a result of filing legal action for failure to protect defendants have placed plaintiff in a RHU / Restrictive Housing Unit from Aug 2024 - Current without a hearing or any justification for this other than retaliation. Plaintiff is listed as a general population resident and has not had any disciplinary reports from Aug. 2024 - Current. However, the placement in a RHU was retaliation for filing a USC 1983 and failure to protect. Plaintiff was placed in pod 4 where the failure to protect happened with defendant Dietrick the accused as the officer in charge from Aug. 2024 - Dec. 2024 before he was removed. During this time plaintiff was attacked by a mental health patient in front of a Captain and

harassed by a transgender resident with sexual crimes against women. Defendants said that Plaintiff should learn her lesson for filing the failure to protect and that the negative effects would continue if she did not drop legal actions. Plaintiff has remained "DR" free for ten months and has followed all rules of defendants even while they were retaliating. Plaintiff asked when she could be removed from RHU as she was not in there for disciplinary and defendants responded that the retaliation would end when she dropped all civil actions. This message was relayed to her by a Captain. The retaliation continued and on April 7th, 2025 Plaintiff left pod 3 for chow with officer Alinor who walked down the hallway with her and called over the staff radio that she was walking down to meet another officer who was waiting for her at the dining hall. Topeka Correctional has followed this procedure for the Plaintiff for Nine Months since being housed in RHU as a general population resident and has been authorized by 1SGT Johnstone, Kidwell, Cobb, Barnhart and several TCF officers. On April 7th, 2025 Plaintiff did just that and passed defendants Hook and Hartpence along the way as she followed a direct order from officers. Defendants retaliated and said that even though she followed orders of officers that she would face punishment because she continued to

pursue legal claims. Defendant Hook said plaintiff should enjoy wearing yellows as a result because the "color would go good with the Star of David." Hook was mocking plaintiff's first amendment claim filed in this case for her denial of practicing her Jewish religion at TCF. Plaintiff did not receive any disciplinary reports or break any rules at TCF during this incident as she followed an officers order. However, defendants have told staff that plaintiff could not be served any food, use the phone, take a shower, or have her room at this time. Captain Thompson called 1st SGT Cobb and relayed this message. Cobb and UTM Valdivia came to plaintiff's door on 4/9 and relayed this message. All staff involved admit that this is retaliation from Hook and Hartpence but are afraid of retaliation themselves. All officers involved admit that plaintiff followed their orders and that defendants are imposing this punishment because plaintiff filed a failure to protect claim. Plaintiff is asking the court to order Hook and Hartpence to stop the retaliation, to return plaintiff to normal status as no DR's or reports were issued, to stop the antisemitism, and to stop denying plaintiff a shower, food, and other rights of G-P residents.

2. The Plaintiff's losses would be irreparable if Defendants continue to "Fail to Protect" and discriminate on religious rights. Defendants are now handing down punishments that are cruel and unjust and are discriminatory and retaliation is clear. The harm imposed is physical, emotional and mental and is irreversible. The court is aware of physical harm of no food, no shower, or exercise movement and continuing to fail to protect. In addition, the mental harm of continued retaliation without DR's since Aug. 2024 and of mocking the Jewish faith.

3. The potential injury to the defendant by the TRO sought could not possibly counterbalance the irreparable injury to the Plaintiff if defendants conduct is not restrained.

4. Plaintiff contacted all parties involved to rectify the issues without success. Plaintiff also had family contact KDOC Heather Cummings and she said that nothing could be done because none of this was in policy and that KDOC did not retaliate. Plaintiff then filed TRO and a copy was served to Holly Chavez and the Warden's office and KDOC.

Letecia Stauch
*/s/ Letecia Stauch*
April 10th, 2025