IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LETECIA STAUCH,

  Plaintiff,

  v.

  Case No. 5:24-cv-03027-HLT-BGS

JEFF ZMUDA, et al.,

  Defendants.

**ORDER**

  Plaintiff brings this civil rights action pro se under 42 U.S.C. § 1983.[1] Plaintiff is a prisoner incarcerated at the Topeka Correctional Facility. She proceeds in forma pauperis. Judge Lungstrum screened her case pursuant to the Prison Litigation Reform Act. Three claims survived screening: (1) Count I, a court access claim based on legal mail; (2) Count II, an Eighth Amendment claim based on sexual assault and failure to protect her from her abuser; and (3) Count III, a First Amendment Free Exercise Clause claim. Doc. 29 at 19-20.

  Plaintiff moves for a temporary restraining order. Doc. 46. The Court denies relief because Plaintiff's request is not based on her claims in this case. Alternatively, she does not meet the required showing for Rule 65 relief.

  Plaintiff asserts in her motion that Defendants Donna Hook and Dalton Hartpence placed her in a restrictive housing unit (RHU) in August 2024 without a hearing in retaliation for filing this lawsuit. She contends she is supposed to be a general population resident without any disciplinary reports from August 2024 to present. Plaintiff states that between August and

---

[1] The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id*.

December 2024, she was attacked and harassed, and that Defendants said the retaliation would end when she dropped all civil actions. She states that Defendant Hook mocked her First Amendment claim in this case and that Defendants told staff that Plaintiff could not be served food, use the phone, take a shower, or leave her room "at this time" (which seems to be either April 7 or 9 or both). Plaintiff asks the Court to order "Hook and Hartpence to stop the retaliation, to return Plaintiff to normal status as no DR's or reports were issued, to stop the antisemitism, and to stop denying Plaintiff a shower, food, and other rights of GP residents." Doc. 46 at 3.

A temporary restraining order is an extraordinary remedy. It should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Hill's Pet Nutrition, Inc. v. Nutro Prods., Inc.*, 258 F. Supp. 2d 1197, 1204-05 (D. Kan. 2003). To obtain a temporary restraining order, the moving party must establish: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016). The movant must connect the injury claimed with the complaint's allegations. *Little v. Jones,* 607 F.3d 1245, 1251 (10th Cir. 2010) (citation omitted). The intermediate relief must be of the same character as the relief that the Court could finally grant on the complaint. *See Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

The core problem with Plaintiff's motion is that it is not based on Plaintiff's existing claims. The relief Plaintiff seeks in her motion is not of the same character that the Court could finally grant on her amended complaint. Instead, it is based on new activity that has happened <u>since</u> Plaintiff filed this case.

Plaintiff now seeks relief from retaliatory conduct. But none of the claims remaining after screening is for retaliation. One of the claims that Judge Lungstrum dismissed was a retaliation claim, but it was based on different behavior.[2] Doc. 29 at 19. He also denied a request for a preliminary injunction based on retaliatory behavior. Doc. 11 at 24-27. And he advised Plaintiff twice that she does not have a constitutional right to dictate where she is housed. Doc. 13 at 7; Doc. 27 at 28-29. He dismissed Plaintiff's claims regarding her security classification and housing, admonishing that prison officials have great deference on matters of operation and administration. Doc. 13 at 7. But Plaintiff did not bring claims that Defendants retaliated against her beginning in August 2024 by placing her in the RHU.

Simply put, Plaintiff asks for relief based on claims that are not part of this case. The case does <u>not</u> include a claim for retaliatory housing placement based on Plaintiff's legal actions. And it does <u>not</u> include a claim for deprivation of food or showers, or confinement to her room. Injunctive relief based on these alleged constitutional violations is not connected to the claims that remain in this case: (1) Count I's court access claim based on legal mail; (2) Count II's Eighth Amendment claim based on sexual assault and failure to protect her from her abuser; and (3) Count III's First Amendment claim alleging violation of the Free Exercise Clause. Plaintiff seeks relief on "a matter lying wholly outside the issues in [her] suit." *De Beers Consol. Mines*, 325 U.S. at 220.[3]

---

[2] Indeed, it could not be based on the same behavior, as Plaintiff's motion alleges conduct beginning in August 2024. Plaintiff filed her amended complaint in March 2024.

[3] Plaintiff does ask the Court to "stop the antisemitism." Doc. 46 at 3. This arguably is connected to Plaintiff's claim for violation of the Free Exercise Clause. But the only antisemitic action Plaintiff alleges in her motion is that Defendant Hook mocked Plaintiff's First Amendment claim by stating that Plaintiff should enjoy wearing yellows because the "color would go good with the Star of David." *Id.* This comment, regardless of how distasteful, does not state a constitutional claim. And Plaintiff's remaining Free Exercise claim is about her ability to practice her religion—not about discriminatory comments.

Even if Plaintiff's request for relief were properly connected to her claims, she has not demonstrated a likelihood of success on the merits or a risk of irreparable harm. Rule 65 contemplates that a motion for a temporary restraining order will be accompanied by evidence such as facts in an affidavit or a verified complaint. Plaintiff filed only an unsworn motion. And in that motion, she has not offered a valid reason for interfering with the correctional facility's administration and operation. She has not shown that the correctional facility's housing decisions deprive her of a constitutional right. *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013). Plaintiff's complaints about housing reach back eight months, defeating any sense of urgency. And there is no indication that the denial of food or showers, or confinement to her room, continued beyond April 7 or 9. The last two factors for injunctive relief (the balance of equities and public interest) also do not weigh in Plaintiff's favor. Plaintiff bears the burden to demonstrate the need for preliminary relief. She has not done so.

THE COURT THEREFORE ORDERS that Plaintiff's motion for a temporary restraining order (Doc. 46) is DENIED.

IT IS SO ORDERED.

Dated: April 16, 2025                                    /s/ *Holly L. Teeter*
                                                         HOLLY L. TEETER
                                                         UNITED STATES DISTRICT JUDGE