IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LETECIA STAUCH,

    Plaintiff,

    v.

JEFF ZEMUDA, et al.,

    Defendants.

Case No. 5:24-cv-03027-HLT-BGS

## MEMORANDUM & ORDER

Plaintiff Letecia Stauch acts pro se.[1] She is a Colorado Department of Corrections prisoner housed in a Kansas state prison. Doc. 29 at 1. Defendants are state employees who work with the Kansas Department of Corrections (KDOC). *Id.* at 19-20. Plaintiff alleges Defendants violated her constitutional rights and asserts claims under §1983. She raises claims about the denial of court access (count 1), Eighth Amendment violations (count 2), and failure to recognize and/or accommodate her religious affiliation (count 3). *Id.* at 19-20. She seeks compensatory damages and injunctive relief. *Id.*; Doc. 27 at 2.

Defendants move for partial dismissal. Doc. 41. The Court grants Defendants' motion in part and denies it in part. The Court concludes that it lacks subject-matter jurisdiction over counts 1, 2, and 3 to the extent Plaintiff seeks compensatory damages against Defendants in their official capacities. The Court dismisses these claims without prejudice under Rule 12(b)(1). The Court also concludes that the Prison Litigation Reform Act (PLRA) forecloses Plaintiff's claims in counts 1 and 3 for compensatory damages. The Court therefore dismisses these claims with prejudice

---

[1] The Court is mindful of Plaintiff's pro se status and liberally construes his filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

under Rule 12(b)(6). The Court denies without prejudice Defendants' motion to dismiss the remaining portions of counts 1 and 3 for failure to satisfy the PLRA's exhaustion requirement because the defense depends on evidence outside the amended complaint and the Court elects not to convert the motion into one for summary judgment. Portions of claims 1, 2, and 3 remain in the case. Plaintiff has official capacity claims under counts 1, 2, and 3 against Defendants for prospective injunctive relief. Plaintiff also has a claim in count 2 for compensatory damages against Defendants in their individual capacities.

**Official Capacity Compensatory Damages Claims.** The Court lacks subject-matter jurisdiction over Plaintiff's claims in counts 1, 2, and 3 to the extent she seeks damages from Defendants in their official capacities. The Eleventh Amendment gives immunity from money damages claims to nonconsenting states and its agencies. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). This immunity extends to state officials and employees when they are sued in their official capacities because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents[.]" *Id.* (internal quotation marks and citations omitted). Defendants are Kansas state employees and are therefore immune to the extent money damages are sought against them in their official capacities. The Court lacks subject-matter jurisdiction over the official capacity compensatory damages claims Plaintiff asserts and dismisses those claims under Federal Rule 12(b)(1) without prejudice.[2]

---

[2] An exception to the Eleventh Amendment exists for claims against state officials for prospective injunctive relief for violations of federal law. *Chilcoat v. San Juan Cnty*, 41 F.4th 1196, 1214 (10th Cir. 2022). But the Court must treat those claims as having been against these official in their official capacities because "[a]n action for injunctive relief no matter how it is phrased is against a defendant in an official capacity only . . . ." *Id.* (quoting *DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 718 (10th Cir. 1988)) (internal quotation marks omitted). "Under § 1983, a plaintiff cannot sue an official in their individual capacity for injunctive . . . relief." *Id.*; *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) (explaining that "[s]ection 1983 plaintiffs may sue individual-capacity defendants only for money damages"). The Court therefore notes its construction of Plaintiff's claims for injunctive relief in counts 1, 2, and 3 as having been brought against Defendants in their official capacities.

**Individual Capacity Compensatory Damages Claims.** Counts 1 and 3 fail to state plausible claims for compensatory damages against Defendants in their individual capacities. Unlike official capacity damages claims, the Eleventh Amendment doesn't bar claims for money damages against Defendants in their individual capacities. *Alden v. Maine*, 527 U.S. 706, 757 (1999). Indeed, "a suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally." *Id.* But the fact that these sorts of claims are inoffensive to the Eleventh Amendment does not automatically mean that they are legally cognizable. As Defendants point out, the PLRA bars compensatory damages for mental or emotional injuries that are not accompanied by physical injury or commission of a sexual act. *See* 42 U.S.C. § 1997e(e). And, as Defendants also point out, Plaintiff does not allege physical injury or a sexual act in connection with the count 1 or count 3 claims. The compensatory relief Plaintiff seeks seems based on mental and emotional harms from the alleged infringement of her First Amendment rights. Counts 1 and 3 fail to state plausible claims for compensatory damages. And this is the only form of monetary relief Plaintiff seeks. The Court therefore dismisses Plaintiff's damages in counts 1 and 3 under Federal Rule 12(b)(6) with prejudice.

**Failure to Exhaust under the PLRA.** The final issue the Court confronts is Defendants' exhaustion defense. Defendants argue that the Court should dismiss the claims in counts 1 and 3 because Plaintiff hasn't satisfied the PLRA's mandatory administrative exhaustion requirement. Defendants substantiate their argument with evidence that goes beyond Plaintiff's amended complaint. The Court denies this portion of Defendants' motion without prejudice.

Defendants are of course correct that the PLRA requires Plaintiff to exhaust her administrative remedies for her claims before she can pursue them in federal court under § 1983. *Ross v. Blake*, 578 U.S. 632, 638-39 (2016). Defendants are also correct that the PLRA requires compliance with Kansas's prison regulations. *Jones v. Bock*, 549 U.S. 199, 218 (2007). And they are correct that this is not a jurisdictional requirement but a waivable affirmative defense. *Id.* at 212 (holding that PLRA exhaustion is an affirmative defense). The Court's disagreement with Defendants is in their insistence that the Court set aside the usual requirement that the grounds for dismissal based on an affirmative defense be evident from the operative complaint's allegations. Ordinarily motions to dismiss based on affirmative defenses that rely on evidence beyond the operative complaint must be treated as motions for summary judgment unless the Court ignores the evidence. *See* Fed. R. Civ. P. 12(d).

Defendants urge the Court employ a different framework for defenses that argue a failure to follow a mandatory claims processing rule – in this case administrative exhaustion under the PLRA. They ask the Court to treat this aspect of their motion as an unenumerated Rule 12(b) motion for a "matter in abatement." But the Court recently explained in a different case that there is no special provision in the Federal Rules of Civil Procedure for matters in abatement, and the Court is not inclined to rewrite or apply an a-textual gloss to them to provide for one absent further instruction from the Tenth Circuit. *See Bellamy v. State of Kansas, et al.*, No. 5:23-cv-3051-HLT-BGS, Doc. 86 at *2 n.3 (D. Kan. 2025).

To Defendants' credit, they have anticipated this and ask the Court, in the alternative, to convert their motion to dismiss for failure-to-exhaust into a motion for summary judgment. Whether to convert a motion to dismiss into a motion for summary judgment is committed to the Court's discretion, and the Court in its discretion declines to do so in this case. *Pool v. Cnty. of*

*Otero*, 271 F.3d 955, 957 n.2 (10th Cir. 2010) (district courts have discretion to convert a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment), *abrogated on other grounds by Harman v. Moore*, 547 U.S. 250 (2006). The Court therefore does not consider the evidence Defendants attach to their motion. And without the benefit of this evidence, Defendants fail to carry their initial burden to show Plaintiff has failed to exhaust her administrative remedies. *See Jones*, 549 U.S. at 212. The Court therefore denies without prejudice Defendants' motion to the extent it seeks dismissal of counts 1 and 3.[3]

If Defendants choose to pursue their exhaustion defense and intend to rely on evidence beyond Plaintiff's amended complaint, they may do so with a Rule 56 motion for summary judgment along with the notice Local Rule 56.1(d) requires.

THE COURT THEREFORE ORDERS that Defendants' motion (Doc. 41) is GRANTED IN PART and DENIED IN PART. The Court DISMISSES WITHOUT PREJUDICE Plaintiff's official capacity claims for compensatory damages for lack of subject-matter jurisdiction. The Court DISMISSES WITH PREJUDICE Plaintiff's individual capacity claims for compensatory damages in counts 1 and 3. And the Court DENIES WITHOUT PREJUDICE Defendant's motion to the extent it seeks dismissal of counts 1 and 3 for Plaintiff's failure to satisfy the PLRA's mandatory exhaustion requirement. The claims remaining in this case are those for (1) prospective injunctive relief against Defendants in their official capacities in counts 1, 2, and 3; and (2) compensatory damages against Defendants in their personal capacities in count 2.

---

[3] On this score, the Court also notes Defendants' additional alternative argument for dismissing count 1 in its entirety for failure to state a claim based on records of Plaintiff's mail correspondence. Like their exhaustion argument, this argument relies on material beyond Plaintiff's complaint. True, this material exists in the Court's own files and/or as a matter of public record. But consideration of this argument on its merits would still require conversion under Rule 12(d) because Defendants use this information for the truth of the matter it asserts. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (explaining that documents in the court's "own files and records, as well as facts which are a matter of public record" do not necessitate conversion only if "considered to show their contents, not to prove the truth of matters asserted therein" (internal quotation marks omitted)). And as with the PLRA argument, the Court declines to convert this portion of Defendants' motion into one for summary judgment.

IT IS SO ORDERED.

Dated: May 20, 2025                             /s/ *Holly L. Teeter*
                                                    HOLLY L. TEETER
                                                    UNITED STATES DISTRICT JUDGE