IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LETICIA STAUCH,

    Plaintiff,

    v.                                    Case No. 24-3027-HLT-BGS

JEFF ZMUDA, *ET AL.*,

    Defendants.

## SCHEDULING ORDER

Plaintiff, a *pro se* prisoner at Topeka Correctional Facility (TCF), brings this civil rights action under 42 U.S.C. § 1983 alleging violations of Plaintiff's rights under the First, Fifth, Eighth, and 14th Amendments. (*See* Doc. 1.) Defendants filed a Motion to Dismiss, which the District Court granted in part and denied in part, leaving the claims referenced above. (*See* Doc. 48.)

Because Plaintiff is incarcerated and not represented by a lawyer, Federal Rule of Civil Procedure 26(f), which generally requires parties to confer and propose a discovery plan before the Court enters a scheduling order, does not apply. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) and 26(f). Additionally, initial disclosures regarding witnesses and documents upon which the parties intend to rely to support their claims and defenses, plaintiff's damage computations, and any insurance coverage defendants might have are not required in this case. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv). The Court therefore proceeds to enter the following Scheduling Order. The Court orders the parties to comply with the following deadlines and discovery directives:

**IT IS ORDERED** that the parties shall comply with the following deadlines and discovery orders:

    1.    All motions to amend the complaint or to add parties shall be served by **July 25, 2025**.

2. Any motion for a protective order to govern the exchange of documents and information in this lawsuit (whether agreed to by both sides or not) shall be submitted to the magistrate judge's chambers by **October 13, 2023**.

    3.1 The party or parties seeking entry of a protective order must submit the proposed protective order (formatted in Microsoft Word) as an attachment to an email sent to *ksd_severson_chambers@ksd.uscourts.gov*. Plaintiff need not comply with this requirement if he lacks access to email and may inform the court of this fact in his motion requesting the entry of a protective order.

    3.2 The proposed protective order must follow the District of Kansas preapproved form protective order, available on the court's website: *http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*.

4. Last day by which discovery requests may be submitted (discovery request cutoff date) is **October 24, 2025**.

    3.1. No discovery requests may be submitted after this date except by stipulation of the parties or by Court order for good cause shown.

    3.2. Responses to discovery must be filed within the time provided by the rules unless the parties stipulate otherwise.

4. If Defendants desire to take Plaintiff's deposition they may do so by no later than **September 19, 2025**.

    4.1. Leave of Court for the taking of such deposition is granted pursuant to Rule 30(a)(2), Federal Rules of Civil Procedure. The deposition may be taken by telephone at the option of Defendants.

5. Dispositive motion deadline is **December 5, 2025**.

6. Proposed joint pretrial order lodged with the Court by **December 19, 2025,** or **30 days** after the Court's ruling on the last dispositive motion, if any, that does not dispose of the case.

    6.1. Defendants are responsible for initiating the drafting and submission of the proposed pretrial order in the form prescribed by the assigned trial judge.

7. Limits on discovery.

    7.1. Interrogatories: No more than 25 (including subparts) by each party to any other party.

    7.2. Requests for production of documents: No more than 15 from each party to any other party.

    7.3. Requests for admissions: No more than 10 from each party to any other party.

    7.4. Depositions: Because of the logistical problems involved, self-represented incarcerated parties may not take depositions without prior Court permission. Such permission will not be granted except upon a showing of exceptional circumstances.

8. Discovery disputes.

    8.1. The Court will not entertain motions to compel discovery, motions for sanctions, motions for protective orders, or the like unless and until there has been compliance with the following procedure: In the event of a dispute over discovery, the parties must confer in good faith, in person or by telephone if possible, and attempt to resolve the dispute. Rule 37(a), Federal Rules of Civil Procedure; D. Kan. Rule 37.2.

    8.2. All motions regarding discovery shall be filed by **November 21, 2025**.

9. All other pretrial motions, other than motions in limine, shall be filed by **December 5, 2025**.

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated May 22, 2025, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
U.S. Magistrate Judge