## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

LETICIA STAUCH,

       Plaintiff,

       v.                                                  Case No. 24-3027-HLT-BGS

JEFF ZMUDA, *ET AL.*,

       Defendants.

### SCHEDULING ORDER

Plaintiff, a *pro se* prisoner at Topeka Correctional Facility (TCF), brings this civil rights action under 42 U.S.C. § 1983 alleging violations of Plaintiff's rights under the First, Fifth, Eighth, and 14th Amendments. (*See* Doc. 1.) Defendants filed a Motion to Dismiss, which the District Court granted in part and denied in part, leaving the claims referenced above. (*See* Doc. 48.)

Because Plaintiff is incarcerated and not represented by a lawyer, Federal Rule of Civil Procedure 26(f), which generally requires parties to confer and propose a discovery plan before the Court enters a scheduling order, does not apply. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) and 26(f). Additionally, initial disclosures regarding witnesses and documents upon which the parties intend to rely to support their claims and defenses, plaintiff's damage computations, and any insurance coverage defendants might have are not required in this case. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv). The Court therefore proceeds to enter the following Scheduling Order.

**IT IS ORDERED** that the parties shall comply with the following deadlines and discovery orders:

1.      Any motion to amend the pleadings must be filed by **June 23, 2025**. Plaintiff is cautioned against attempting to reassert claims or parties previously dismissed by the Court.

2.      Any motion for a protective order to govern the exchange of documents and information in this lawsuit (whether agreed to by both sides or not) shall be submitted to the magistrate judge's chambers by **June 13, 2025**.  The parties are expected to confer and attempt to come to an agreement prior to submitting a protective order to the magistrate judge.

    2.1    The party or parties seeking entry of a protective order must submit the proposed protective order (formatted in Microsoft Word) as an attachment to an email sent to ksd_severson_chambers@ksd.uscourts.gov.  Plaintiff need not comply with this requirement if he lacks access to email and may inform the Court of this fact in his motion requesting the entry of a protective order.

    2.2    The proposed protective order must follow the District of Kansas preapproved form protective order, available on the Court's website: http://ksd.uscourts.gov/index.php/forms/?open=CivilForms.

    2.3    Before filing a disputed motion for a protective order, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file the motion must contact the Court to arrange a telephone conference with the undersigned Magistrate Judge.

3.      Any discovery requests must be served on or before **July 28, 2025**.  All discovery must be completed and be served in time to be completed by **August 29, 2025**.

    3.1.    No discovery requests may be served after this deadline except by stipulation of the parties or by court order for good cause shown.

    3.2.    Responses to discovery requests must be served within the time provided by the Federal Rules of Civil Procedure unless the parties stipulate otherwise.

4.      Any deposition of plaintiff must be taken on or before **August 22, 2025**.

    4.1.    Leave of court for the taking of such deposition is granted pursuant to Federal Rule of Civil Procedure 30(a)(2)(B).  The deposition may be taken by telephone and/or video conference, if available, at the option of Defendants.

5.      Dispositive motions (e.g., a motion for summary judgment) must be filed by **November 21, 2025**.

6.      Pursuant to Fed. R. Civ. P. 16(a), a status conference is scheduled for **August 14, 2025, at 3:00 p.m.** by telephone conference call.  Parties and counsel are directed to call 316-402-0044 and enter conference ID number 485 069 538 to participate in the conference.  The Court intends to discuss any remaining discovery that needs to be conducted as well as whether a pretrial order is necessary prior to the filing of dispositive motions.

7.      If after the status conference, the Court determines that a pretrial order should be entered prior to the filing of dispositive motions, Defendants shall submit a jointly prepared pretrial order to the Magistrate Judge's chambers via email at ksd_severson_chambers@ksd.uscourts.gov by **October 9, 2025.**  Thereafter, the Court will enter an order setting a final pretrial conference and may adjust remaining deadlines.  If the Court determines at the status conference that a pretrial order is unnecessary in advance of filing dispositive motions, then the Court will set a final pretrial conference after all dispositive motions are decided.

    7.1.    Defense counsel is responsible for initiating the drafting of the proposed pretrial order in the form available on the Court's website: http://ksd.uscourts.gov/index.php/forms/?open=CivilForms.

7.2     Defense counsel must submit the parties' proposed pretrial order (formatted in Microsoft Word) as an attachment to an email sent to ksd_severson_chambers@ksd.uscourts.gov.    The proposed pretrial order must not be filed with the Clerk's Office or filed via CM/ECF.

8.     If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by Plaintiff by **July 3, 2025**, and by Defendants by **August 4, 2025.**

9.     Limits on discovery.

9.1.     Interrogatories:  As allowed by Rule 33, no more than 25 interrogatories (including discrete subparts) by each party to any other party.

9.2.     Requests for production of documents:  No more than 25 from each party to any other party.

9.3.     Requests for admissions:  No more than 25 from each party to any other party.

9.4.     Depositions:  Because of the logistical problems involved, self-represented, incarcerated parties may not take depositions without prior court permission.

10.     Discovery disputes.

10.1.     The Court will not entertain discovery-related motions, including motions to compel discovery, motions for sanctions, or the like, unless and until there has been compliance with the following procedure:  In the event of a dispute over discovery, the parties must confer in good faith or make a reasonable effort to confer in good faith, in person, by telephone or by video conference, if possible, and attempt to resolve the dispute.  *See* Federal Rule of Civil Procedure Rule 37(a) and D. Kan. Rule 37.2.

10.2.    Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the Court or file a motion requesting a discovery conference.

11.    Settlement.

11.1    Plaintiff must mail or email a good-faith settlement proposal to Defendant by **June 25, 2025**.  Defendant must send via mail a good-faith settlement counterproposal to Plaintiff by **July 14, 2025**.  These documents are not to be filed.

11.2    By **July 28, 2025**, each party must submit a confidential settlement report by mail[1] or e-mail to the undersigned United States Magistrate Judge at *ksd_severson_chambers@ksd.uscourts.gov.* These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge.

12.    Trial.

12.1    The Court will subsequently set this case for trial.

This scheduling order will not be modified except by leave of court upon a showing of good cause.

---

[1]Judge Severson's mailing address is: Attn: Judge Severson, 401 N. Market, St., Ste. 403, Wichita, KS 67202.

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated May 22, 2025, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
U.S. Magistrate Judge