IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LETECIA STAUCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-3027-HLT-BGS |
| | ) |
| JEFF ZMUDA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ANSWER TO AMENDED COMPLAINT

Jeff Zmuda, Darcie Holthaus, Dona Hook, Holly Chavez, Dalton Hartpence, and (fnu) Dietrick ("Defendants") state their answers to the Amended Complaint (Doc. 12):

1. It is admitted that at the time of the filing of the Amended Complaint, Plaintiff Letecia Stauch resided at Topeka Correctional Facility ("TCF"). However, she has since been transferred to a prison back in Colorado. (*See* Doc. 51; *see also* Colo. Dep't of Corr., Denver Women's Correctional Facility, https://cdoc.colorado.gov/facilities/denver-complex/denver-womens-correctional-facility (last visited June 3, 2025) (showing the same mailing address as Plaintiff).)

2. With regard to page 1, it is admitted that Defendant Zmuda serves as the Secretary of Corrections and is a citizen of Kansas.

3. With regard to page 2, it is admitted that Defendant Holthaus works in the Kansas Department of Corrections ("KDOC"), is the Interstate Corrections Compact Administrator for KDOC, and is a citizen of Kansas.

4. With regard to page 2, it is admitted that at the time of the Amended Complaint Stauch was housed at TCF under the Interstate Corrections Compact as enacted in Kansas through K.S.A. 76-3002.

5. Claims and defendants that have already been dismissed from this case are no longer before this Court, so no responsive pleading is required for portions of the Amended Complaint that relate only to those dismissed claims and defendants. (*See* Doc. 13 at 11 (defending some claims and defendants); Doc. 29 at 20 (same).) To the extent responsive pleading is required for these matters, they are denied.

6. With regard to page 3, it is admitted that Defendants are state officials.

7. With regard to page 3, it is admitted that Defendant Hook serves as warden of TCF and took that position later than Plaintiff's arrival at TCF in August 2023. (Defendant Hook has been serving as warden since January 7, 2024.)

8. With regard to page 3, it is admitted that Defendant Dietrick serves as a Correctional Officer at TCF.

9. With regard to page 3, it is admitted that Defendant Hartpence works at TCF (serving as the Classifications Administrator).

10. With regard to page 3, it is admitted that Defendant Chavez serves as the Facility Service Administrator for TCF.

11. With regard to pages 5 and 6, it is admitted that Plaintiff filed a lawsuit in Colorado against El Paso County in 2022 (D. Colo. case no. 1:22-cv-02467) and that, at the time of the filing of the Amended Complaint, that lawsuit remained pending. However, that lawsuit has since been dismissed for failure to prosecute, so it is denied that the lawsuit remains pending. *Stauch v. El Paso Cnty.*, No. 1:22-cv-02467, 2024 WL 3722959, at *2 to *3 (D. Colo. Aug. 8, 2024). Further, it is denied that the jail itself was the defendant but rather the county (that ran the jail) was the defendant.

12. With regard to page 5, Defendants lack knowledge or information sufficient to form a

belief about what issues were raised in the *El Paso County* case discussed in the previous paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

13. With regard to pages 5 and 6, it is admitted that Plaintiff filed a state-court habeas-corpus lawsuit in Kansas (Shawnee Cnty. case no. SN-2024-CV-000254). So it is therefore denied that Plaintiff has not filed another lawsuit against a prison or in the state of Kansas, since Plaintiff's habeas case was such a case.

14. With regard to pages 6 and 14, Defendants lack knowledge or information sufficient to form a belief about whether Plaintiff sent any correspondence to Colorado defendants, including to Larry Turner, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

15. All allegations in the Complaint are denied unless expressly admitted above.

## OTHER DEFENSES

16. Plaintiff has failed to state a claim upon which relief can be granted in whole or in part.

17. The Court lacks subject-matter jurisdiction in whole or in part. Reasons include but are not limited to: some of Plaintiff's claims are moot.

18. Plaintiff has failed to exhaust available administrative remedies.

19. Any interference with legal mail by Defendants was justified by legitimate penological interests.

20. Plaintiff's exercise of religion was not substantially burdened; and any burden did not occur from any Defendant's discriminatory purpose and, instead, arose from legitimate penological interests and/or compelling governmental interests.

21. Qualified immunity bars Plaintiff's individual capacity claims against the Defendants.

22. Alternatively, Plaintiff's damages are not of the nature and extent alleged.

Therefore, Defendants request that the Court enter judgment in their favor denying Plaintiff the relief she seeks, and for such other relief as the Court deems just and proper.

        Respectfully submitted,

        KRIS W. KOBACH
        ATTORNEY GENERAL OF KANSAS

        */s/ Matthew L. Shoger*
        Matthew L. Shoger, KS No. 28151
        Assistant Attorney General
        Office of the Attorney General
        120 SW 10th Ave., 2nd Floor
        Topeka, Kansas 66612-1597
        matt.shoger@ag.ks.gov
        785-296-2215
        Fax: (785) 291-3767
        *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 3rd day of June, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

    Natasha Carter
    Kansas Department of Corrections
    714 SW Jackson, Suite 300
    Topeka, KS 66603
    natasha.carter@ks.gov
    *Attorney for Kansas Department of Corrections, Interested Party*

I also certify that a copy of the above will be served on the 4th day of June, 2025, by means of first-class mail, postage prepaid, addressed to:

    Letecia Stauch #197179
    Colorado Department of Corrections
    P.O. Box 392005
    Denver, CO 80239
    *Plaintiff, pro se*

                                        */s/ Matthew L. Shoger*
                                        Matthew L. Shoger
                                        Assistant Attorney General