## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LETICIA STAUCH,

      Plaintiff,

      v.                          Case No. 24-3027-HLT-BGS

JEFF ZMUDA, *ET AL.*,

      Defendants.

### SECOND REVISED SCHEDULING ORDER

Plaintiff, a *pro se* prisoner incarcerated by the Colorado Department of Corrections, brings this civil rights action under 42 U.S.C. § 1983 alleging violations of Plaintiff's rights under the First, Fifth, Eighth, and 14th Amendments.[1] (*See* Doc. 1.) Defendants filed a Motion to Dismiss, which the District Court granted in part and denied in part, leaving the claims referenced above. (*See* Doc. 48.)

The parties recently engaged in a telephone status conference with the Court to address certain discovery issues as well as upcoming deadlines regarding the Pretrial Conference. Given the breadth of discovery issues (involving both written discovery and Plaintiff's deposition), the Court determined that case deadlines should be extended.

**IT IS ORDERED** that the parties shall comply with the following deadlines and discovery orders:

    1.      Discovery:

---

[1] Because Plaintiff is incarcerated and not represented by a lawyer, Federal Rule of Civil Procedure 26(f), which generally requires parties to confer and propose a discovery plan before the Court enters a scheduling order, did not apply to this case. Fed. R. Civ. P. 26(a)(1)(B)(iv) and 26(f). Additionally, initial disclosures were not required in this case. Fed. R. Civ. P. 26(a)(1)(B)(iv).

a. Written Discovery: Any remaining written discovery requests must be served on or before **October 28, 2025**.  All discovery must be completed and be served in time to be completed by **November 28, 2025**.

    i.     No discovery requests may be served after this deadline except by stipulation of the parties or by court order for good cause shown.

    ii.    Responses to discovery requests must be served within the time provided by the Federal Rules of Civil Procedure unless the parties stipulate otherwise.

    iii.   Interrogatories:  As allowed by Rule 33, no more than 25 interrogatories (including discrete subparts) by each party to any other party.

    iv.   Requests for production of documents:  No more than 25 from each party to any other party.

    v.    Requests for admissions:  No more than 25 from each party to any other party.

b. Depositions: The reconvened deposition of Plaintiff must be completed on or before **November 28, 2025**.  Plaintiff has been ordered to participate in the deposition.

    i.     Leave of court for the taking of such deposition is granted pursuant to Federal Rule of Civil Procedure 30(a)(2)(B).  The deposition may be taken by telephone and/or video conference, if available, at the option of Defendants.

ii. If Plaintiff refuses to participate in the completion of her deposition, Defendants may file any related motion without further conferral with Plaintiff or additional telephone conference with the Court.

iii. Because of the logistical problems involved, self-represented, incarcerated parties may not take depositions without prior court permission.

c.  Discovery disputes:

i.  The Court will not entertain discovery-related motions, including motions to compel discovery, motions for sanctions, or the like, unless and until there has been compliance with the following procedure:  In the event of a dispute over discovery, the parties must confer in good faith or make a reasonable effort to confer in good faith, in person, by telephone or by video conference, if possible, and attempt to resolve the dispute. *See* Federal Rule of Civil Procedure Rule 37(a) and D. Kan. Rule 37.2.

ii.  Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the Court or file a motion requesting a discovery conference.

iii.  During the October 14, 2025, telephone conference, the Court determined that Defendants had met their obligations in regard to filing any motion to compel regarding Plaintiff's outstanding responses to Defendants' written discovery requests (Interrogatories, Requests for Admission, and Requests for Production).  Plaintiff's supplemental responses to these discovery requests are due to Defendants on or before **October 28, 2025**.  Any

related motion to compel, if deemed necessary, shall be filed by Defendants no later than **November 18, 2025**. Plaintiff's deadline to respond will be 14 days after receipt of any such motion to compel. D. Kan. Rule 6.1.

2.  Status Conference: Pursuant to Fed. R. Civ. P. 16(a), a status conference is scheduled for **December 3, 2025, at 10:00 a.m. Central Time/9:00 a.m. Mountain Time** by telephone conference call. Parties and counsel are directed to call 316-402-0044 and enter conference ID number 485 069 538 to participate in the conference. The Court will contact the Colorado Department of Corrections to coordinate this call with the facility in which Plaintiff is incarcerated.

3.  Pretrial Order: Defendants shall submit a jointly prepared pretrial order to the Magistrate Judge's chambers via email at ksd_severson_chambers@ksd.uscourts.gov by **January 10, 2026**.

    i.  Defense counsel is responsible for initiating the drafting of the proposed pretrial order in the form available on the Court's website: http://ksd.uscourts.gov/index.php/forms/?open=CivilForms.

    ii. Defense counsel must submit the parties' proposed pretrial order (formatted in Microsoft Word) as an attachment to an email sent to ksd_severson_chambers@ksd.uscourts.gov. The proposed pretrial order must not be filed with the Clerk's Office or filed via CM/ECF.

4.  Pretrial Conference: A final pretrial conference is set to occur on **January 20, 2026, at 2:00 p.m. Central Time/1:00 p.m. Mountain Time**. Parties and counsel are directed to call 316-402-0044 and enter conference ID number 485 069 538 to participate in the conference.

5. Dispositive motions (i.e., summary judgment): deadline to file such motions is **February 20, 2026**.

6.      Trial:  The Court will subsequently set this case for trial.

This scheduling order will not be further modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated October 14, 2025, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
U.S. Magistrate Judge