UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LETECIA STAUCH,

                  Plaintiff,

v.                                                            Case No. 24-3027-HLT-BGS

JEFF ZMUDA, et al.,

                  Defendants.

**PRETRIAL ORDER**

On January 28, 2026, U.S. Magistrate Judge Brooks G. Severson conducted a pretrial conference in this case by phone. Plaintiff Letecia Stauch appeared *pro se*. Defendants Jeff Zmuda, Darcie Holthaus, Dona Hook, Holly Chavez, Dalton Hartpence, and (fnu) Dietrick[1] appeared through counsel Matthew L. Shoger and Lisa D. Montgomery.

This pretrial order supersedes all pleadings and controls the subsequent course of this case. It will not be modified except by consent of the parties and the court's approval, or by order of the court to prevent manifest injustice. *See* Fed. R. Civ. P. 16(d) & (e); D. Kan. Rule 16.2(a).

1. **PRELIMINARY MATTERS.**

    a.    **Subject-Matter Jurisdiction.** Subject-matter jurisdiction is invoked under 28 U.S.C. § 1343(3), and is disputed in part. Defendants submit that Plaintiff's claims for injunctive relief are now moot in light of her transfer to a prison facility in Colorado, and that this deprives the court of subject-matter jurisdiction over those claims. Defendants also submit that Counts I and III are now moot, so the Court lacks subject-matter jurisdiction over Counts I and III because

---

[1] Defense counsel has indicated that this Defendant's first name is Travis.

all that remains of Plaintiff's Counts I and III are claims for injunctive relief (Doc. 48 at 5). Defendants plan to raise these issues via motion for summary judgment.

      **b.**    **Personal Jurisdiction.**  The court's personal jurisdiction over the parties is not disputed.

      **c.**    **Venue.**  Venue in this court is not disputed.

      **d.**    **Governing Law.**  Subject to the court's determination of the law that applies to the case, the parties believe and agree that the substantive issues in this case are governed by the following law:

          **a.**  42 U.S.C. § 1983;

          **b.**  First Amendment to the United States Constitution;

          **c.**  Eighth Amendment to the United States Constitution; and

          **d.**  Fourteenth Amendment to the United States Constitution.

**2.**    **STIPULATIONS.**

      **a.**    The following facts are stipulated:

          **i.**    Plaintiff was formerly incarcerated at Topeka Correctional Facility (TCF) from approximately August 2023 to May 2025.

          **ii.**    In October 2023, Plaintiff was housed in pod 4 at TCF.

          **iii.**    Defendant Officer Dietrick was assigned to work in pod 3 or pod 4 (connecting pods for shower purposes) during August 2023 and October 2023.

          **iv.**    Male officers escorted female inmates to the shower area in pod 4 while in handcuffs in order to shower.

          **v.**    There was no policy in place to ensure that at least one female staff was present during the transport of females to and from the shower area in pod 4.

          **vi.**    A cleaning/supply closet is in the shower area and male staff have access to it while females (inmates) are in the shower.

      **vii.**    The shower that the alleged sexual assault took place in was in the third shower from the entrance to the shower area in pod 4.

      **viii.**    The shower that the alleged sexual assault took place in was directly next to a supply closet.

      **ix.**    Staff is instructed to take down the shower curtain when an inmate that is going on a "crisis" in the shower in pod 4 is changing into safety smocks.

      **x.**    The shower that the alleged sexual assault took place in was missing a shower curtain at the time.

      **xi.**    The shower that the alleged sexual assault took place in had a caged metal door. The door had a hole or opening in the middle of the door for uncuffing inmates and passing shower materials to inmates.

      **xii.**    Officer Dietrick's arms can fit through the opening.

      **xiii.**    The shower that the alleged sexual assault took place in had trash bags stretched across over at least part of the caged metal door.

      **xiv.**    There were no Jewish services at TCF in IMAX from August 2023 to April 2025.

      **xv.**    Stauch is currently incarcerated at the Denver Women's Correctional Facility in Denver, Colorado, which is operated by the Colorado Department of Corrections.

      **xvi.**    Plaintiff is 5 feet, 4 inches tall.

**b.**    The parties have stipulated to the admissibility of the following exhibits for purposes of summary judgment:

      **i.**    Defendants' Answers to Plaintiff's Interrogatories to Defendants

      **ii.**    Plaintiff's Responses to Defendants' First Set of Requests for Admission to Plaintiff

      **iii.**    Plaintiff's Answers to Defendants' First Set of Interrogatories to Plaintiff

## 3.    FACTUAL CONTENTIONS.

**a.**    **Plaintiff's Factual Contentions.**

Plaintiff filed this action against Zmuda and several other Defendants for deprivation of her constitutional rights while incarcerated at Topeka Correctional Facility.

Plaintiff raises an Eighth Amendment claim about a sexual assault that occurred at TCF in October 2023. Officer Dietrick sexually assaulted Plaintiff in the pod 4 shower area. The sexual assault occurred when Officer Dietrick reached his hand through the hole in the middle of the shower door and grabbed Plaintiff's breast. Plaintiff informed Defendants Chavez, Hook, and Zmuda of the abuse through the emergency grievance procedures and they failed to act on the abuse. Plaintiff then faced retaliation after reporting the sexual assault and Defendants failed to protect plaintiff from her abuser.[2]

Next, Defendants tampered with legal mail and confiscated legal mail causing delays, dismissals, items to be missing or never delivered or past the deadline. Prison officials interfered and failed to assist Plaintiff in bringing legal actions and delayed plaintiff the right to access the courts and tampered with legal mail.

Finally, Defendants violated the rights to free exercise and equal protection. Plaintiff was forced to change religion to attend church, denied access to Jewish practices, and did not have equal access compared to male inmates or inmates of other religions.

**b.      Defendants' Factual Contentions.**

*Administrative Remedies*

With regard to each of the remaining claims in this lawsuit, Plaintiff failed to exhaust administrative remedies. Plaintiff did not properly submit any grievance regarding these claims through all levels of the Kansas Department of Corrections' grievance process.

*Legal Mail*

Defendants did not interfere with Plaintiff's legal mail. If they did so, they did so in support of legitimate penological interests. Defendants' actions also did not chill Plaintiff from sending

---

[2] The Court discussed with Plaintiff that her retaliation claim has been dismissed by the District Court. Plaintiff confirmed her understanding of this but indicated that she wanted this language to be retained to provide context.

4

legal mail, as she has continued to send out legal mail, such as in this case. Further, Defendants' actions did not result in any legally cognizable injury to any legal actions pursued by Plaintiff.

In *Stauch v. El Paso Cnty.*, No. 1:22-cv-02467, 2024 WL 3722959, at *2 (D. Colo. Aug. 8, 2024), the District of Colorado ordered its clerk to mail an order to Stauch at TCF. But the court records show plainly that the clerk failed to do so and actually mailed the order to the wrong address. T he order was not mailed to the TCF address until after the incorrectly addressed item had been returned as undeliverable. The docket for that case does not contain any indication that the correctly mailed item was ever returned undeliverable. TCF did not interfere with the delivery of that legal mail item.

Some items that Plaintiff claims were legal mail did not qualify as legal mail. Accordingly, limitations on regular mail like weight limits applied, which resulted in at least one item being rejected.

*Sexual Assault*

Defendants deny that the sexual assault alleged by Plaintiff occurred. Defendants also submit that Plaintiff's accounts of the alleged assault are implausible considering factors such as the physical dimensions of the shower area and restrictions on visibility. Other Defendants were not deliberately indifferent to any sexual abuse because KDOC initiated an investigation into the matter and the investigation determined Plaintiff's claims of sexual abuse were unsubstantiated.

*Retaliation*

The Court already dismissed Plaintiff's claims based on retaliation. (*See* Doc. 29.) Claims based on retaliation are no longer properly before the Court.

*Free Exercise*

The reason Jewish services with other inmates did not occur at TCF in IMAX while Plaintiff was housed there was because Plaintiff was the only inmate in that location who designated her faith as Jewish. Jewish religious gatherings only occur when multiple inmates in the same location designate their faith as Jewish. Defendants did not prohibit Plaintiff from attending church services or otherwise burden Plaintiff's religious practice. To the extent any Defendant burdened Plaintiff's religious practice, it did not occur due to any discriminatory purpose but in support of legitimate penological interests and/or compelling governmental interests.

*Equal Protection*

The Court already dismissed Plaintiff's claims based on equal protection. (*See* Doc. 29.) Claims based on equal protection are no longer properly before the Court.

**4.    LEGAL CLAIMS AND DEFENSES.**

    **a.    Plaintiff's Claims.**

Plaintiff asserts that she is entitled to recover upon the following theories:[3]

      **i.**    Count I: Defendants Chavez, Hook, Zmuda, and Hartpence tampered with Plaintiff's legal mail in violation of Plaintiff's First-Amendment right to receive mail.

      **ii.**    Count II: Defendants Dietrick sexually assaulted Plaintiff in violation of Plaintiff's Eighth Amendment right against cruel and unusual punishment. Defendants Chavez, Hook, and Zmuda also violated the Eighth Amendment through deliberate indifference to Plaintiff's rights when they failed to act on the alleged abuses and forced Plaintiff to stay around her alleged abuser.

      **iii.**    Count III: Defendants Chavez, Holthaus, Hook, and Zmuda violated Plaintiff's First-Amendment right to free exercise of religion because no Jewish church services were available to her, she was forced to change

---

[3] "The claims remaining in this case are those for (1) prospective injunctive relief against Defendants in their official capacities in counts 1, 2, and 3; and (2) compensatory damages against Defendants in their personal capacities in count 2." (Doc. 48, p. 5.)

religion to attend church services, she was denied access to Jewish practices, and she did not have equal access to religious practices compared to male inmates or inmates of other religions.

    **b.    Defendants' Defenses.**

Defendant asserts the following defenses:

    i.    Plaintiff's claims for injunctive relief are moot in light of her transfer to a prison facility in Colorado. Because all that remains of Plaintiff's Counts I and III are claims for injunctive relief (Doc. 48 at 5), Counts I and III are now moot.

    ii.    The Court already dismissed Plaintiff's claims based on retaliation and equal protection. (*See* Doc. 29.)

    iii.    Plaintiff has failed to exhaust administrative remedies.

    iv.    Plaintiff has failed to state a claim upon which relief can be granted in whole or in part.

    v.    Any interference with legal mail by Defendants was justified by legitimate penological interests, did not chill Plaintiff from sending further legal mail, and did not result in a legally cognizable injury to any legal actions pursued by Plaintiff.

    vi.    The alleged sexual assault by Defendant Dietrick did not occur.

    vii.    Defendants Chavez, Hook, and Zmuda were not deliberately indifferent to Plaintiff's rights.

    viii.    Plaintiff's exercise of religion was not substantially burdened by Defendants; and any burden did not occur from any Defendant's discriminatory purpose and, instead, arose from legitimate penological interests and/or compelling governmental interests.

    ix.    Qualified immunity bars Plaintiff's individual capacity claims against the Defendants.

    x.    Alternatively, Plaintiff's damages are not of the nature and extent alleged.

**5.    DAMAGES AND NON-MONETARY RELIEF REQUESTED.**

For Count II, Plaintiff requests $50,000 in compensatory damages and $75,000 in punitive damages.

For Counts I, II, and III, Plaintiff requests that an injunction be granted to prevent continued violations.

Plaintiff requests filing fees for this case.

**6.   AMENDMENTS TO PLEADINGS.**

None.

**7.   DISCOVERY.**

Under the scheduling order and any amendments, all discovery was to have been completed by November 28, 2025.  Discovery is complete.

Unopposed discovery may continue after the deadline to complete discovery so long as it does not delay briefing or ruling on dispositive motions or other pretrial preparations.  Although discovery may be conducted beyond the deadline to complete discovery if all parties agree to do so, under these circumstances the court will not be available to resolve any disputes that arise during the course of such extended discovery.

**8.   MOTIONS.**

   **a.   Pending Motions.**

None.

   **b.   Additional Pretrial Motions.**

After the pretrial conference, the parties intend to file the following motions:

- Defendants' Motion for Summary Judgment;
- Plaintiff's Motion for Summary Judgment; and
- Motions in Limine.

The dispositive-motion deadline, as established in the scheduling order and any amendments, is **February 20, 2026**.  The parties should follow the summary-judgment guidelines on the court's website:

https://ksd.uscourts.gov/sites/ksd/files/Summary-Judgment-Guidelines%202023.pdf

Principal briefs in support of, or in response to, summary judgment motions must not exceed 40 pages and replies must not exceed 15 pages. *See* D. KAN. RULE 7.1(d)(2). Any motion to exceed these page limits or for an extension of briefing deadlines must be filed at least three days before the brief's filing deadline. *See* D. KAN. RULE 6.1(a), 7.1(d)(4).

    **c.**    **Motions Regarding Expert Testimony.**  Not applicable, i.e., the parties have stipulated that no expert testimony will be used in this case.

**9.**    **TRIAL.**

The trial of this case is estimated for 3 days **in Topeka, Kansas**. This case will be tried by the court sitting without a jury. The Court will subsequently set this case for trial following a determination of the motions for summary judgment the parties have indicated they will file.

**10.**    **ALTERNATIVE DISPUTE RESOLUTION (ADR).**

The status of settlement negotiations is as follows: Defendants and Plaintiff exchanged settlement offers, but all settlement offers were declined. The parties currently believe the prospects for settlement of this case are poor and they do not believe that further court-ordered ADR would be helpful.

The parties are reminded that, under D. Kan. Rule 40.3, they must immediately notify the court if they reach an agreement that resolves the litigation as to any or all parties. Jury costs may be assessed under this rule if the parties do not provide notice of settlement to the court's jury coordinator at least one full business day before the scheduled trial date.

IT IS SO ORDERED.

Dated January 28, 2026, at Wichita, Kansas.

                                                  /S/BROOKS G. SEVERSON
                                                  Brooks G. Severson
                                                  U. S. Magistrate Judge