**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LETECIA STAUCH,                                )
                                               )
            **Plaintiff,**                     )
                                               )
v.                                             )            **Case No. 24-3027-HLT-BGS**
                                               )
JEFF ZMUDA, *et al.*,                          )
                                               )
            **Defendants.**                    )
                                               )

**NOTICE TO PRO SE LITIGANT WHO OPPOSES**
**A SUMMARY JUDGMENT MOTION**

The Defendants in this case have moved for summary judgment pursuant to Rule 56 of

the Federal Rules of Civil Procedure. This means that the defendants have asked the court to

decide this case without a trial, based on written materials, including affidavits, submitted in

support of the motion. The claims you assert in your complaint may be dismissed without a trial

if you do not respond to this motion on time by filing sworn affidavits and/or other documents as

required by Rule 56(c) of the Federal Rules of Civil Procedure and by D. Kan. Rule 56.1. The

full text of these two rules is attached to this notice.

In short, Fed. R. Civ. P. 56 provides that you may not oppose summary judgment simply

by relying upon the allegations in your complaint. Rather, you must submit evidence, such as

witness statements or documents, countering the facts asserted by the defendants and raising

specific facts that support your claim. If you have proof of your claim, now is the time to submit

it. Any witness statements must be in the form of affidavits. An affidavit is a sworn statement of

fact based on personal knowledge stating facts that would be admissible in evidence at trial. You

may submit your own affidavit and/or the affidavits of others. You may submit affidavits that

were prepared specifically in response to defendants' motion for summary judgment.

If you do not respond to the motion for summary judgment on time with affidavits and/or documents contradicting the material facts asserted by the defendants, the court may accept defendants' facts as true, in which event your case may be dismissed and judgment entered in defendants' favor without a trial.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Lisa D. Montgomery, KS No. 18243
First Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave.
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of March, 2026, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Natasha Carter
Kansas Department of Corrections
714 SW Jackson, Suite 300
Topeka, KS 66603
Natasha.Carter@ks.gov
*Attorney for Kansas Department of Corrections, Interested Party*

I also certify that a copy of the above will be served on the 23rd day of March, 2026, by means of overnight FedEx, postage prepaid, addressed to:

Letecia Stauch #197179
Colorado Department of Corrections
P.O. Box 392005
Denver, CO 80239
*Plaintiff, pro se*

*/s/ Matthew L. Shoger*
Matthew L. Shoger
Assistant Attorney General

# FEDERAL RULES OF CIVIL PROCEDURE
## RULE 56
## SUMMARY JUDGMENT

(a)      **Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b)      **Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c)      **Procedures.**

(1)    *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
(A)    citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
(B)    showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
(2)    *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
(3)    *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
(4)    *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d)      **When Facts are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1)    defer considering the motion or deny it;
(2)    allow time to obtain affidavits or declarations or to take discovery; or
(3)    issue any other appropriate order.

(e)      **Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

4

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) **Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) **Failing to Grant all the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

(h) **Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

*(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 28, 2010, eff. Dec. 1, 2010.)*

## RULES OF PRACTICE OF THE UNITED STATES
## DISTRICT COURT FOR THE DISTRICT OF KANSAS
## RULE 56.1
## MOTIONS FOR SUMMARY JUDGMENT

**(a)     Supporting Brief.** The brief in support of a motion for summary judgment must begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies. All material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party.

**(b)     Opposing Brief.**

(1)     A brief in opposition to a motion for summary judgment must begin with a section containing a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute must be numbered by paragraph, refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, state the number of movant's fact that is disputed.

(2)     If the party opposing summary judgment relies on any facts not contained in movant's brief, that party must set forth each additional fact in a separately numbered paragraph, supported by references to the record, in the manner required by subsection (a), above. All material facts set forth in this statement of the non-moving party will be deemed admitted for the purpose of summary judgment unless specifically controverted by the reply of the moving party.

**(c) Reply Brief.** In a reply brief, the moving party must respond to the non-moving party's statement of additional material facts in the manner prescribed in subsection (b)(1).

**(d) Notice to Pro Se Litigant Who Opposes a Summary Judgment Motion.** Any represented party moving for summary judgment against a party proceeding pro se must serve and file as a separate document, together with the papers in support of the motion, the following "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" with the full texts of Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 attached. Where the pro se party is not the plaintiff, the movant must amend the form notice as necessary to reflect that fact.

### "Notice to Pro Se Litigant Who Opposes
### a Motion for Summary Judgment"

The defendant in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that the defendant has asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. The claims you assert in your complaint may be dismissed without a trial if you do not respond to this motion on time by filing sworn affidavits and/or other documents as required by Rule

56(c) of the Federal Rules of Civil Procedure and by D. Kan. Rule 56.1. The full text of these two rules is attached to this notice.

In short, Fed. R. Civ. P. 56 provides that you may not oppose summary judgment simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising specific facts that support your claim. If you have proof of your claim, now is the time to submit it. Any witness statements must be in the form of affidavits. An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion for summary judgment.

If you do not respond to the motion for summary judgment on time with affidavits and/or documents contradicting the material facts asserted by the defendant, the court may accept defendant's facts as true, in which event your case may be dismissed and judgment entered in defendant's favor without a trial.

* * *

*As amended 12/1/22, 10/13, 9/00.*