**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**LETECIA STAUCH,**

**Plaintiff,**

**v.**

**JEFF ZMUDA, et al.**

**Defendants.**

**Case No. 5:24-cv-03027-HLT**

**MEMORANDUM AND ORDER**

Plaintiff Letecia Stauch acts pro se.[1] She is a Colorado Department of Corrections (CDOC) prisoner housed at the Topeka Correctional Facility (TCF) in Kansas between 2023 and 2025. Defendants are state employees who work with the Kansas Department of Corrections (KDOC) and TCF. Plaintiff asserts First Amendment (counts 1 and 3) and Eighth Amendment (count 2) claims under 42 U.S.C. § 1983.[2] She seeks prospective injunctive relief for counts 1-3 and retrospective money damages for count 2.

Defendants move to dismiss Plaintiff's claims for injunctive relief for lack of subject-matter jurisdiction and move for summary judgment on her claim for money damages because it is barred by the Prison Litigation Reform Act's (PLRA) exhaustion requirement. Doc. 82. Plaintiff does not respond. The Court agrees with Defendants on both issues and grants the motion. This case is closed.

1 Plaintiff proceeds pro se, so the Court construes her pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted). But the Court does not assume the role of advocate. *Id.*

2 Plaintiff sues Defendants Jeff Zmuda (Kansas's Secretary of Corrections), Darcie Holthaus (Kansas's Secretary of Corrections Designee), Dona Hook (TCF Warden), Holly Chavez (TCF's Facility Service Administrator), Dalton Hartpence (TCF Administration), and Travis Dietrick (TCF Corrections Officer).

## I. BACKGROUND[3]

Plaintiff is a CDOC prisoner who was housed at TCF between August 2023 and May 2025 pursuant to the Interstate Corrections Compact. Plaintiff is presently incarcerated in a Colorado state facility that is run by CDOC.

Plaintiff made numerous complaints relating to the conditions of her incarceration while housed at TCF. She raised her complaints through the formal grievance process, informal requests and letters, and "complaints" under the Prison Rape Elimination Act (PREA). One of the grievances and several of the informal requests concerned Plaintiff's treatment by Dietrick:

- Plaintiff submitted a "PREA complaint" in August 2023 asserting that Dietrick was acting "voyeuristically" toward her. Doc. 82-3 at 1.
- Plaintiff filed Grievance #381794331 on October 30, 2023, alleging that Dietrick was sexually harassing her in the facility's showers. *Id.* at 2; Doc. 82-1 at 79. This is the only formal grievance Plaintiff filed that claims Dietrick engaged in inappropriate, sexually harassing behavior. Grievance #381794331 does not allege Dietrick physically abused her but contains allegations of verbal harassment. Doc. 82-1 at 79-80.
- Plaintiff made complaints through Form 9 informal requests on November 17, 2023, and December 2, 2023, about "threats" and sexually harassing comments made to her by Dietrick. Doc. 82-3 at 2, 16-17. The Form 9 informal requests do not allege Dietrick physically abused her but contain allegations of verbal harassment. Doc. 82-3 at 16-17.

Plaintiff was interviewed in early December 2023 as part of an investigation and disclaimed that Dietrick ever touched her inappropriately. Doc. 82-3 at 27-28.

Plaintiff claimed in a December 12, 2023 electronic message to an outside third party that Dietrick physically sexually abused her in TCF's showers. Plaintiff did not file a grievance with TCF raising this claim. Nor did Plaintiff file an informal request or a PREA complaint. But

---

[3] The following facts are taken from the summary-judgment record and Defendants' statement of uncontroverted facts. Plaintiff did not file a response to Defendants' summary-judgment motion. The Court therefore deems Defendants' facts uncontroverted for summary-judgment purposes.

KDOC's Enforcement, Apprehensions, and Investigations (EAI) unit learned of the message and initiated an investigation. The EAI interviewed Plaintiff on December 13, 2023. During that interview Plaintiff claimed that Dietrick physically abused her in the shower and that she hadn't come forward to complain about it earlier because she didn't want one of the other guards to get in trouble. The investigation concluded that Plaintiff's claims were unsubstantiated.

Plaintiff appealed the denial of her October 30, 2023 grievance (Grievance #381794331) to the Secretary of Corrections. Plaintiff offered a shifting factual justification for her grievance in her appeal. She asserted in the appeal (which was taken in early 2024) that she had been sexually assaulted by Dietrick (not merely verbally harassed). Doc. 82-1 at 74-80. Plaintiff alleged physical sexual abuse by Dietrick in several other appeals of various formal grievances taken in 2024 stemming from the conditions of her confinement at TCF. *Id.* at 26, 34-38, 51-52, 69-70.

## II. ANALYSIS

Plaintiff claims in count 1 that Defendants Chavez, Hook, Zmuda, and Hartpence tampered with her legal mail. Plaintiff claims in count 2 that Dietrick sexually assaulted her in the shower and that Chavez, Hook, and Zmuda demonstrated a conscious disregard for her safety afterward by forcing her to remain around Dietrick. Plaintiff claims in count 3 that she practices Judaism and that Chavez, Holthaus, Hook, and Zmuda denied her the ability to practice her religion and failed to make Jewish religious services available to her. Plaintiff further claims in count 3 that she was forced to change her religious affiliation to attend in-person religious services.

Defendants contend the Court lacks jurisdiction over her request for prospective injunctive relief because Plaintiff is no longer housed at TCF and her claims are moot. Defendants contend they are entitled to summary judgment on her sole remaining count for monetary damages in count 3 because the claim is barred by the PLRA.

**A. Subject-Matter Jurisdiction**

The Court starts with its jurisdiction. Subject-matter jurisdiction can be challenged at any time through a Rule 12(b)(1) motion. This is because federal courts are courts of limited jurisdiction. *Marcus v. Kan. Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). There is a presumption against federal jurisdiction and the party invoking jurisdiction bears the burden to show jurisdiction is proper. *Id.* Where the court lacks subject-matter jurisdiction, it "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)) (quotation and emphasis omitted); *see also* Fed. R. Civ. P. 12(h)(3).

Here, Defendants assert a factual attack on subject-matter jurisdiction. *See Davenport v. Wal-Mart Stores, Inc.*, 2014 WL 3361729, at *1 (D. Kan. 2014) (describing the difference between a facial and a factual attack). They argue jurisdiction is lacking for counts 1-3 to the extent Plaintiff seeks prospective injunctive relief as there is no longer an Article III case or controversy. They explain that Plaintiff is no longer incarcerated at TCF (or even in Kansas), so her claims for prospective relief are moot. The Court agrees.

Specifically, Article III of the Constitution empowers federal courts to hear cases or controversies. U.S. Const. art III, § 2; *Prison Legal News v. Fed'l Bureau of Prisons*, 944 F.3d 868, 879 (10th Cir. 2019). This requirement "subsists through all stages of federal judicial proceedings." *Id.* (internal quotation and citation omitted). Three distinct judicial doctrines exist to keep federal courts within the jurisdictional bounds of the case or controversy requirement. *Id.* These doctrines are standing, mootness, and ripeness. *Id.* Standing requires a plaintiff to have suffered (or imminently face the threat of suffering) some actual injury traceable to the defendant that the court has the ability to remedy. *Id.* The doctrine requires the plaintiff to have a personal stake in the

outcome of a case at the time the case is filed. *Id.* Mootness, which is the doctrine at issue here, requires this personal stake to continue throughout the duration of the case. *Id*. If a claim that presented a live case or controversy at the start of the litigation ceases to present such a case or controversy somewhere down the line, then the claim is "moot" and jurisdiction is lacking. *Id.* at 880; *Ind v. Colo. Dept. of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) ("A case becomes moot when a plaintiff no longer suffers an actual injury that can be redressed by a favorable judicial decision" (internal quotation and citation omitted)).

Plaintiff's claims for prospective injunctive relief in counts 1-3 are moot. Plaintiff is no longer incarcerated at TCF (or even in Kansas). This means that she is no longer subject to ongoing violations of her constitutional rights (assuming they occurred). And any order to Defendants to cease violating Plaintiff's federal rights lacks a real-world effect. *Cf. Colo. Dept. of Corr.*, 801 F.3d at 1213. Her claims for prospective injunctive relief are moot, and the Court lacks subject-matter jurisdiction over them. The Court dismisses these claims without prejudice.

**B. PLRA Exhaustion**

Plaintiff's lone remaining claim is a claim for retrospective money damages against Dietrick, Chavez, Hook, and Zmuda for violations of her Eighth Amendment rights. Defendants contend summary judgment is appropriate because the claim is barred by the PLRA's exhaustion requirement. They explain that Plaintiff didn't exhaust her available administrative remedies before seeking relief in federal court under § 1983. The Court agrees.

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, courts view the facts and any reasonable inferences in a light most favorable to the non-

moving party. *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994). Here, the undisputed record shows Defendants are entitled to judgment.

The PLRA states:

> [n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law[ ] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The statute thus requires the exhaustion of administrative remedies before a prisoner can assert that claim under § 1983. *Ross v. Blake*, 578 U.S. 632, 638-39 (2016). This is a strict requirement, and any attempt a prisoner makes to exhaust these remedies must comply with the regulations governing them. *Jones v. Bock*, 549 U.S. 199, 217-18 (2007).

The regulations for claims of sexual harassment and sexual assault are found in K.A.R. 44-15-204. Unlike other types of grievances, these grievances do not require attempts at informal resolution and are not subject to timeliness requirements. K.A.R. 44-15-204(b), (g). But inmates must still submit the grievance to the prison facility's warden. K..A.R. 44-15-204(c). A denial or the absence of a timely response from the warden (which is treated as a denial) entitles the inmate to appeal to the Secretary of Corrections. K.A.R. 44-15-204(d).

The factual predicate of Plaintiff's Eighth Amendment claim is that Dietrick physically sexually abused Plaintiff while she was in the shower and that Chavez, Hook, and Zmuda failed to act on the abuse and forced Plaintiff to "stay around" her alleged abuser. While it's certainly true that the administrative record indicates Plaintiff at various times made allegations of having been physically sexually abused by Dietrick, the uncontroverted factual record demonstrates that Plaintiff never properly raised and exhausted this claim under the procedures outlined in K. A.R. 44-15-204.

Plaintiff first claimed that Dietrick physically abused her in the shower in an electronic message to a third party on or about December 12, 2023. The KDOC EAI unit then opened an investigation on its own accord. And Plaintiff detailed the alleged assault to the EAI during an interview. The EAI concluded the investigation and found Plaintiff's claim "unsubstantiated."

Plaintiff directly complained of Dietrick's alleged physical abuse to the Secretary of Corrections in appeals of various other grievances she had filed. Other Doc. 82-1 at 74-80 (raising physical sexual abuse in an appeal); *id.* at 34, 51-52 (same); *see also id.* at 69-70 (making vague references to "sexual assault" in an appeal); *id.* at 26 (asserting in an appeal that Plaintiff "was sexually harassed/assaulted by a staff member"). But, in doing so, Plaintiff bypassed the first step of the grievance process and failed to raise the issue with TCF's warden.

Plaintiff also complained on multiple occasions in various ways about Dietrick and refers specifically to threats, harassing comments, and "voyeuristic" behavior. *Id.* at 79; Doc. 82-3 at 1-2, 5, 16-17, 19. But none of these complaints alleges the physical sexual abuse on which Plaintiff's Eighth Amendment claim is predicated.[4]

In all instances, Plaintiff failed to raise the claims of physical sexual abuse by Dietrick in a fashion consistent with the administrative requirements under K.A.R. 44-15-204. Plaintiff's allegations of sexual abuse were either made within the grievance process but out of sequence or outside the K.A.R. 44-15-204 administrative grievance process altogether. Plaintiff failed to exhaust her administrative remedies, which means her Eighth Amendment claim against Dietrick for money damages is barred under the PLRA. Plaintiff's claims against Chavez, Hook, and Zmuda

[4] In fact, on December 2, 2023, after these claims had been filed, but before the December 12, 2023 message, Plaintiff affirmatively disclaimed to EAI investigators that Dietrick had touched her improperly. Doc. 82-3 at 4.

are also barred because Plaintiff did not exhaust her claim for supervisory liability based on Dietrick's alleged physical sexual abuse.[5]

## III. CONCLUSION

For the above reasons, the Court grants Defendants' motion. The Court dismisses Plaintiff's claims without prejudice for lack of subject-matter jurisdiction to the extent they seek prospective injunctive relief because they are moot. The Court grants summary judgment in Defendants' favor with respect to Plaintiff's sole remaining Eighth Amendment claim for retrospective monetary relief. Her claim is barred under the PLRA because she did not properly exhaust the administrative remedies available to her.

THE COURT THEREFORE ORDERS that Defendants' motion (Doc. 82) is GRANTED. The Court dismisses Plaintiff's claims without prejudice to the extent they seek prospective injunctive relief for lack of subject-matter jurisdiction. The Court grants summary judgment in Defendants' favor with respect to the lone remaining claim for retrospective money damages in count 2.

The case is closed.

IT IS SO ORDERED.

Dated: August 21, 2026

/s/ *Holly L. Teeter*

HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE

---

[5] A supervisor's liability under § 1983 is direct, not derivative of the actions of his employees. *Keith v. Koerner*, 843 F.3d 833, 838 (10th Cir. 2016) ("[V]icarious liability is inapplicable to § 1983 suits . . . ." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (internal quotation and alteration omitted))). Supervisory liability claims still require proof that the supervisor, himself, "personally committed a constitutional violation." *Id.* at 837-38. And, as claims brought under § 1983, they too must be exhausted. *See* 42 U.S.C. § 1997e(a). The undisputed factual record indicates that no allegation of physical sexual abuse was contained in a properly exhausted grievance. To the extent Plaintiff's Eighth Amendment claim is premised on Chavez, Hook, and Zmuda's alleged supervisory failures, that portion of the claim is also unexhausted.